DONALD VERNAY (Texas State Bar No. 24035581)
1604 Golf Course Road SE
Rio Rancho, New Mexico  87124
(Email: Minimal1243@yahoo.com)
Telephone: (505) 892-2766
Facsimile:  (505) 892-8119

SEAN K. KENNEDY (California Bar No. 145632)
Federal Public Defender
MARGO A. ROCCONI (California Bar No. 156805)
(E-mail:  Margo_Rocconi@fd.org)
BRAD D. LEVENSON (California Bar No. 166073)
(E-mail:  Brad_Levenson@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California  90012-4202
Telephone: (213) 894-7521/2026
Facsimile:  (213) 894-0081

Attorneys for Petitioner
CLINTON LEE YOUNG



FILED

OCT 2 0 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

MIDLAND DIVISION

| | |
|---|---|
| CLINTON LEE YOUNG,<br><br>        Petitioner,<br><br>    v.<br><br>NATHANIEL QUARTERMAN,<br>Director, Texas Department of Criminal<br>Justice, Correctional Institutions<br>Division,<br><br>        Respondent.<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> ) | NO. 7:07-CV-00002-RAJ<br><br>**DEATH PENALTY CASE**<br><br>**FIRST AMENDED PETITION<br>FOR WRIT OF HABEAS<br>CORPUS BY A PERSON IN<br>STATE CUSTODY;<br>MEMORANDUM OF POINTS<br>AND AUTHORITIES; EXHIBITS**<br><br>[28 U.S.C. § 2254] |

# TABLE OF CONTENTS

**Page**

I.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.  Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B.  The Life History of Clinton Lee Young . . . . . . . . . . . . . . . . . . . . . . 6

    1.  Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    2.  The Family Mr. Young Was Born Into . . . . . . . . . . . . . . . . . 7

    3.  Mr. Young's Pre-disposition for Addiction and
        Mental Illness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    4.  Mr. Young's Early Years . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    5.  Family Life and School . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    6.  Early Treatment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    7.  Mr. Young Enters a World of Institutions . . . . . . . . . . . . 14

    8.  Years at TYC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    9.  Mr. Young's Return to the Outside World . . . . . . . . . . . . 18

C.  Mr. Young's Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    1.  Guilt/Innocence  Phase -- Prosecution Case . . . . . . . . . . . 21

    2.  Guilt/Innocence Phase  -- Defense Case . . . . . . . . . . . . . . 22

    3.  Punishment Phase -- Prosecution Case . . . . . . . . . . . . . . . 23

    4.  Punishment Phase -- Defense Case . . . . . . . . . . . . . . . . . . 23

# TABLE OF CONTENTS (CONT'D)

Page

II.    PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

    A.    Trial Court Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

        1.    Appointment of Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

        2.    Indictment and Re-Indictment . . . . . . . . . . . . . . . . . . . . . . 24

        3.    Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

        4.    Motion for New Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

    B.    State Appellate Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

    C.    State Habeas Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

    D.    Federal Court Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

III.   AEDPA STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

IV.    NEWLY DISCOVERED EVIDENCE CLAIMS

CLAIM ONE
    THE PROSECUTION'S FAILURE TO PRODUCE EXCULPATORY
    EVIDENCE, AND THE PRESENTATION OF FALSE TESTIMONY,
    VIOLATED MR. YOUNG'S CONSTITUTIONAL RIGHTS . . . . . . . . . 32

    A.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

    B.    Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

        1.    Ray's Plea Deal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

        2.    Page's Plea Deal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

# TABLE OF CONTENTS (CONT'D)

Page

C.  Relevant Legal Authority  ............................... 39

    1.  *Brady v. Maryland*  ................................. 39

    2.  *Napue v. Illinois*  .................................. 40

D.  Because The Prosecutor Failed to Disclose Material Exculpatory Evidence and Presented False Testimony Regarding Page's and Ray's Plea Deal with the State, Mr. Young's Petition Should be Granted  ............................................... 42

E.  The State Deprived Mr. Young of His Right to Confront the Witnesses Against Him When it Instructed Mark Ray Not to Reveal the Plea Agreement When He Testified at Young's Trial  .. 48

F.  Conclusion  ........................................... 49

CLAIM TWO
THE PROSECUTION'S SUPPRESSION OF EVIDENCE CONCERNING STATE WITNESS A. P. MERILLAT VIOLATED MR. YOUNG'S CONSTITUTIONAL RIGHTS  .................... 50

A.  Merillat's Testimony at Mr. Young's Trial  ................. 50

B.  Suppressed Evidence  .................................. 56

C.  Relevant Law  ........................................ 57

D.  The Prosecution Suppressed Evidence Concerning A. P. Merillat  ............................................. 57

E.  Evidence That Could Be Used to Impeach Merillat Was Favorable to Mr. Young  ................................ 60

# TABLE OF CONTENTS (CONT'D)

Page

F.  The Suppressed and Favorable Evidence Was Material for Mr. Young's Sentence to the Death Penalty . . . . . . . . . . . . . . . . . . . . . . 61

G.  The State Deprived Mr. Young of His Right to Confront Merillat.  65

H.  Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

CLAIM THREE
THE JUDGE WHO PRESIDED OVER MR. YOUNG'S TRIAL WAS NOT IMPARTIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

A.  Underlying Facts Related to this Claim . . . . . . . . . . . . . . . . . . . . . 67

B.  Relevant Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

C.  Judge Hyde Was Actually Biased Against Mr. Young and Mr. Young's Conviction must Be Reversed . . . . . . . . . . . . . . . . . . . . . . 69

D.  Because of Judge Hyde's Bias Against Mr. Young, Any Claim Ruled upon by Judge Hyde During the State Post-Conviction Proceeding Should Be Reviewed De Novo by this Court . . . . . . . . 71

CLAIM FOUR
MR. YOUNG'S CAPITAL SENTENCING JURY WAS DENIED A VEHICLE FOR EXPRESSING ITS REASONED MORAL RESPONSE TO YOUNG'S MITIGATING EVIDENCE, IN VIOLATION OF THE SUPREME COURT *PENRY* LINE OF CASES . . . . . . . . . . . . . . . . . . . . 72

A.  Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

B.  State's Evidence in Aggravation . . . . . . . . . . . . . . . . . . . . . . . . . . 73

1.  The State's Evidence of "Pattern of Criminal Conduct" Through State Agencies . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

# TABLE OF CONTENTS (CONT'D)

**Page**

2. State's Evidence of "Pattern of Criminal Conduct" Through School Records ........................... 76

3. State's Evidence of "Pattern of Criminal Conduct" Through Testimony of Doctors ....................... 77

C. Mr. Young's Evidence in Mitigation ........................ 80

D. State's Rebuttal ....................................... 103

E. Jury Instructions ..................................... 104

ISSUE NO 1. ............................................ 105

ISSUE NO. 2 ............................................ 105

ISSUE NO. 3 ............................................ 106

F. Relevant Legal Authority ............................... 106

G. The CCA Adjudication of Mr. Young's Claim on the Merits Resulted in a Decision That Was Contrary To, or Involved an Unreasonable Application Of, Clearly Established Federal Law, as Determined by the Supreme Court of the United States .. 110

H. Mr. Young's Capital Sentencing Jury Was Denied a Vehicle to Express its Reasoned Moral Response to Mr. Young's Mitigating Evidence ................................... 112

I. The Trial Court Improperly Limited the Type of Evidence the Jury Could Consider as Mitigating ........................ 113

J. Improper Nexus Required ................................ 122

## TABLE OF CONTENTS (CONT'D)

**Page**

K.  Confining Mr. Young's Mitigation to its Harmful Effect . . . . . . . 124

L.  Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 127

CLAIM FIVE
MR. YOUNG WAS DENIED THE RIGHT TO EFFECTIVE
ASSISTANCE OF COUNSEL AT THE GUILT AND
PUNISHMENT PHASES OF HIS CAPITAL TRIAL . . . . . . . . . . . . . . 128

A.  Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 130

B.  Counsel's Failure to Object to the TYC Records . . . . . . . . . . . . . 132

1.  Pre-trial Investigation and Indictment . . . . . . . . . . . . . . . . . 133

2.  State Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 138

3.  Relevant Legal Authority . . . . . . . . . . . . . . . . . . . . . . . . . . 138

     a.  Fourth Amendment Right to Privacy . . . . . . . . . . . . . 138

4.  Mr. Young had a Legitimate Subjective Expectation
    of Privacy in his TYC Records . . . . . . . . . . . . . . . . . . . . . . 140

5.  Society Has an Objective Expectation of Privacy in
    Relation to Medical Records in General, Including
    Those Concerning a Juvenile . . . . . . . . . . . . . . . . . . . . . . . 141

6.  Mr. Young's Expectation of Privacy Before He Was
    Charged with the Underlying Convictions . . . . . . . . . . . . . . 145

7.  Exclusion of Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . 148

8.  The Decision Was Not Strategic . . . . . . . . . . . . . . . . . . . . . 149

## TABLE OF CONTENTS (CONT'D)

Page

9.   Prejudice from Failing to Investigate and Challenge the State's Seizure of Mr. Young's TYC Records . . . . . . . . . . . 149

10.  Trial Counsel Also Failed to Object to the TYC Records on Hearsay Grounds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 150

C.   Counsel's Failure to Present the Testimony of Mr. Young's Former Teachers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 154

1.   Fant and Hall . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 155

2.   State Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 155

3.   Counsel Had No Informed, Legitimate Reason Not Calling Fant or Hall as Witnesses at the Punishment Phase . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 157

D.   Counsel's Failure to Utilize Available Ballistics Evidence That Would Have Shown that Someone Other than Mr. Young Shot Doyle Douglas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 159

1.   Relevant Trial Testimony . . . . . . . . . . . . . . . . . . . . . . . . 160

2.   Relevant State Writ Testimony . . . . . . . . . . . . . . . . . . . . 162

3.   Trial Counsel Should Have Argued and Presented Ballistics Evidence at Trial . . . . . . . . . . . . . . . . . . . . . . . . 163

4.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 165

E.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 166

# TABLE OF CONTENTS (CONT'D)

**Page**

CLAIM SIX
    MR. YOUNG'S CONSTITUTIONAL RIGHTS WERE VIOLATED
    BECAUSE THE EVIDENCE WAS INSUFFICIENT TO FIND THAT
    THE KILLINGS OCCURRED IN THE SAME CRIMINAL
    TRANSACTION OR IN DIFFERENT CRIMINAL TRANSACTIONS
    COMMITTED PURSUANT TO THE SAME SCHEME OR COURSE
    OF CONDUCT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 167

    A.    Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 168

    B.    Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 168

    C.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 170

CLAIM SEVEN
    MR. YOUNG'S CONSTITUTIONAL RIGHTS WERE VIOLATED
    BECAUSE THE EVIDENCE WAS INSUFFICIENT TO FIND
    THAT THE PETREY MURDER OCCURRED IN COMMISSION
    OF ROBBERY OR KIDNAPPING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 175

    A.    Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 176

    B.    28 U.S.C. Section 2254(d) Does Not Apply . . . . . . . . . . . . . . . . 176

    C.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 177

CLAIM EIGHT
    THE COURT VIOLATED MR. YOUNG'S CONSTITUTIONAL
    RIGHTS BY DISALLOWING IMPEACHMENT EVIDENCE OF
    DAVID PAGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 180

CLAIM NINE
    MR. YOUNG WAS DENIED A TRIAL BY AN IMPARTIAL JURY
    WHEN VENIRE PERSON DANIE LYNN ROBERTS WAS
    EXCLUDED SIMPLY BECAUSE SHE EXPRESSED
    RESERVATIONS ABOUT THE DEATH PENALTY . . . . . . . . . . . . . . 183

# TABLE OF CONTENTS (CONT'D)

Page

A.    Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 184

B.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 185

CLAIM TEN
    THE CAPITAL OFFENSE OF MURDER IN THE COURSE OF
    KIDNAPPING, AS SET FORTH IN THE TEXAS PENAL CODE,
    IS UNCONSTITUTIONAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 188

CLAIM ELEVEN
    MR. YOUNG'S DUE PROCESS RIGHTS WERE VIOLATED
    BECAUSE OF THE PROSECUTOR'S UNFETTERED
    DISCRETION IN CHARGING HIS CASE CAPITALLY . . . . . . . . . . 192

A.    Factual Basis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 193

B.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 194

C.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 196

CLAIM TWELVE
    MR. YOUNG'S RIGHT TO BE FREE FROM CRUEL AND
    UNUSUAL PUNISHMENT WAS VIOLATED BECAUSE OF
    THE PROSECUTOR'S UNFETTERED DISCRETION IN
    CHARGING HIS CASE CAPITALLY . . . . . . . . . . . . . . . . . . . . . . 197

A.    Factual Basis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 197

B.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 197

C.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 198

## TABLE OF CONTENTS (CONT'D)

**Page**

CLAIM THIRTEEN
THE EVIDENCE WAS INSUFFICIENT AT THE PUNISHMENT
PHASE TO WARRANT AN AFFIRMATIVE FINDING BY THE
JURY AS TO SPECIAL ISSUE NO. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . 199

CLAIM FOURTEEN
THE COURT'S SUPPLEMENTAL INSTRUCTION ON SPECIAL
ISSUE NO. 2 VIOLATED MR. YOUNG'S CONSTITUTIONAL
RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 202

A.     Facts Supporting the Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . 203

B.     Legal Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 204

   1.    The Supplemental Instruction Relieved the State of its
         Burden to Prove Intent to Kill . . . . . . . . . . . . . . . . . . . . . . 204

   2.    The Supplemental Instruction Violated Mr. Young's
         Rights Under *Apprendi* to Have All Sentencing Facts
         Found By a Jury Beyond a Reasonable Doubt . . . . . . . . . . 206

   3.    The Supplemental Instruction, Because it Directed a
         Finding of Intent to Kill, Did Not Allow the Jury to
         Give Effect to Mitigating Evidence . . . . . . . . . . . . . . . . . . 207

CLAIM FIFTEEN
SHERIFF PAINTER'S LUNCH WITH THE JURY DENIED MR.
YOUNG A FAIR AND IMPARTIAL PUNISHMENT PHASE
JURY TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 209

A.     Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 210

B.     Legal Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 212

C.     Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 216

# TABLE OF CONTENTS (CONT'D)

**Page**

CLAIM SIXTEEN

TO EXECUTE MR. YOUNG, BASED ON HIS MENTAL ILLNESS
OF ADHD, WOULD VIOLATE THE EIGHTH AND FOURTEENTH
AMENDMENTS OF THE FEDERAL CONSTITUTION . . . . . . . . . . 217

A.    Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 218

B.    Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 218

C.    Mr. Young's Mental Age and Immaturity, Brought about by
His ADHD, Make Him Ineligible for the Death Penalty . . . . . . . . 219

CLAIM SEVENTEEN

MR. YOUNG'S CONSTITUTIONAL RIGHTS WERE VIOLATED
WHEN THE TRIAL COURT FAILED TO INSTRUCT THE JURY
REGARDING THE BURDEN OF PROOF ON THE MITIGATION
ISSUE; THE PUNISHMENT CHARGE ALSO FAILED TO GIVE
PROPER GUIDANCE TO THE JURY REGARDING THE
HEIGHTENED STANDARD REQUIRED FOR A DEATH
PENALTY CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 223

CLAIM EIGHTEEN

THE REFUSAL BY THE CCA TO REVIEW THE SUFFICIENCY
OF THE MITIGATING EVIDENCE VIOLATES MR. YOUNG'S
CONSTITUTIONAL RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 232

A.    Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 233

B.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 234

# TABLE OF CONTENTS (CONT'D)

**Page**

CLAIM NINETEEN
THE EVIDENCE WAS INSUFFICIENT TO FIND, BEYOND A
REASONABLE DOUBT, THAT THERE WAS A PROBABILITY
THAT MR. YOUNG WOULD COMMIT CRIMINAL ACTS OF
VIOLENCE THAT WOULD CONSTITUTE A CONTINUED
THREAT TO SOCIETY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 240

A.    Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 241

B.    Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 241

C.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 243

CLAIM TWENTY
A SENTENCE OF DEATH CANNOT BE IMPOSED IF ALL OF
THE FACTORS THAT WOULD PREVENT SUCH A SENTENCE
ARE NOT ALLEGED IN THE INDICTMENT . . . . . . . . . . . . . . . . . . 245

A.    Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 246

B.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 247

CLAIM TWENTY-ONE
MR. YOUNG'S CONSTITUTIONAL RIGHTS WERE VIOLATED
BY THE "12/10" PUNISHMENT CHARGE . . . . . . . . . . . . . . . . . . . . . 252

CLAIM TWENTY-TWO
MR. YOUNG'S CONSTITUTIONAL RIGHTS WERE VIOLATED
WHEN THE COURT REFUSED TO ALLOW THE SENTENCING
JURY TO FULLY CONSIDER AND GIVE EFFECT TO MR.
YOUNG'S MITIGATING EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . 259

## TABLE OF CONTENTS (CONT'D)

**Page**

VI.    CLAIMS FOUND PROCEDURALLY BARRED BY THE CCA  . . . . . 261

CLAIM TWENTY-THREE
        MR. YOUNG'S STATE HABEAS CLAIMS 15 THROUGH 22,
        AND NUMEROUS PRO SE CLAIMS, WHICH WERE DEEMED
        PROCEDURALLY BARRED BY THE STATE COURT, ARE
        PROPERLY BEFORE THIS COURT BECAUSE THE STATE
        BAR WAS NOT INDEPENDENT OF FEDERAL LAW  . . . . . . . . . . . 262

        A.    Relevant Law  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 262

        B.    Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 265

        C.    The CCA's Dismissal of Mr. Young's Claims Is Not
              Independent and Does Not Preclude this Court from
              Reaching His Claims  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 266

        ORI WHITE'S SUPPLEMENTAL APPLICATION CLAIMS . . . . . . . . 269

        MR. YOUNG'S PRO-SE CLAIMS  . . . . . . . . . . . . . . . . . . . . . . . . . . . 276

        D.    Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 298

CLAIM TWENTY-FOUR
        BECAUSE MR. YOUNG CAN SHOW CAUSE AND PREJUDICE,
        THE CLAIMS WHICH WERE DEEMED PROCEDURALLY
        BARRED BY THE CCA SHOULD BE HEARD BY THIS COURT . . . 299

        A.    Relevant Legal Authority: Cause and Prejudice  . . . . . . . . . . . . . 299

        B.    Incompetence of State Habeas Counsel . . . . . . . . . . . . . . . . . . . . 301

## TABLE OF CONTENTS (CONT'D)

**Page**

1.   The CCA's Failure to Appoint Competent Counsel and to
     Monitor Counsel Once Appointed Constitute an External,
     Objective Factor, Which Cannot Fairly Be Attributed to
     Mr. Young, Thus Excusing Mr. Young's Inability from
     Previously Presenting His Numerous Valid Claims . . . . . . 301

2.   Statutory Right to Representation by Competent Counsel . 303

3.   Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 309

     a.   Life Before Milstein Became a P.I. . . . . . . . . . . . . . 310

     b.   The Practice Group . . . . . . . . . . . . . . . . . . . . . . . . . 310

     c.   Milstein's Early Career (1995-1997) . . . . . . . . . . . . 311

     d.   Michael Rodriguez Case (2001) . . . . . . . . . . . . . . . 312

     e.   David Lynn Carpenter Case (2001-2006) . . . . . . . . 313

     f.   Milstein's Polunksy Incident (2003) . . . . . . . . . . . . 315

     g.   Taylor Appointed as Mr. Young's State Habeas
          Counsel (April 2003) . . . . . . . . . . . . . . . . . . . . . . . . 316

     h.   Walter Sorto Case (2003) . . . . . . . . . . . . . . . . . . . . . 316

     i.   Vaughn Ross Case (2003-2004) . . . . . . . . . . . . . . . . 318

     j.   Alfred Bourgeois Case (Fall 2004 - Winter 2005) . . 324

     k.   The Practice Group Talks About Milstein's
          Problems . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 325

     l.   Taylor Puts the Court on Further Notice Regarding
          Milstein's Problems . . . . . . . . . . . . . . . . . . . . . . . . . 326

## TABLE OF CONTENTS (CONT'D)

**Page**

    m.    Milstein Loses Her Office Space (2005) . . . . . . . . . . 326

    n.    Rafael Holiday Case (April 2005) . . . . . . . . . . . . . . 327

    o.    Mr. Young's Case  . . . . . . . . . . . . . . . . . . . . . . . . . . 328

    p.    The Practice Group Breaks Apart  . . . . . . . . . . . . . . 329

    q.    Milstein Enters Drug Rehab . . . . . . . . . . . . . . . . . . 329

    r.    Mr. Young's Hearing . . . . . . . . . . . . . . . . . . . . . . . . 330

  4.    By Appointing Incompetent Counsel and Not Adopting Proper Standards to Evaluate Counsel's Competency, the CCA Denied Mr. Young of His Opportunity to Properly Challenge His Conviction and Sentence of Death at the State Level, in Violation of Mr. Young's Procedural Due Process Rights under the Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 336

C.    Judicial Bias . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 341

  1.    Introduction  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 341

  2.    Relevant Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 342

  3.    Judge Hyde's Bias Excuses Mr. Young's Procedural Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 342

D.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 343

VII.  PREVIOUSLY UNEXHAUSTED CLAIMS . . . . . . . . . . . . . . . . . . . . . 344

## TABLE OF CONTENTS (CONT'D)

**Page**

CLAIM TWENTY-FIVE
DUE TO THE INCOMPETENCE OF STATE HABEAS COUNSEL,
THE FOLLOWING CLAIMS SHOULD HAVE BEEN RAISED IN
MR. YOUNG'S INITIAL STATE WRIT PROCEEDING . . . . . . . . . . . 344

A.    The State Interfered with the Defense's Investigation and
      Presentation of its Mitigation Case . . . . . . . . . . . . . . . . . . . . . . . . 344

      1.    Relevant Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 344

      2.    The Prosecutor Interfered with the Investigation and
            Presentation of Mitigating Evidence . . . . . . . . . . . . . . . . . . 345

            a.    Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . 346

            b.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 350

B.    Counsel's Failure to Present Key Evidence in Mitigation . . . . . . . 360

      1.    Relevant Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 361

      2.    Facts and Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 361

C.    The State Lost or Destroyed Key Evidence . . . . . . . . . . . . . . . . . . 365

      1.    Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 366

      2.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 366

D.    Mr. Young Received Ineffective Assistance of Appellate
      Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 369

E.    The Cumulative Effect Renders All Phases of Mr. Young's
      Trial Fundamentally Unfair . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 370

# TABLE OF CONTENTS (CONT'D)

**Page**

F.      Mr. Young is Innocent of Capital Murder . . . . . . . . . . . . . . . . . . . 372

G.      Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 373

VIII. PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 375

IX.    VERIFICATION OF PETITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 377

X.     VERIFICATION REGARDING AUTHENTICITY OF EXHIBITS  . . . 378

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                    **PAGE(S)**

*Abdul-Kabir v. Quarterman,*
    550 U.S. 233, 127 S. Ct. 1654, 167 L. Ed. 2d 585 (2007) ................... *passim*

*Addington v. Texas,*
    441 U.S. 418, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979) ................... 227, 228

*Aetna Life Insurance Co. v. Lavoie,*
    475 U.S. 813, 106 S. Ct. 1580, 89 L. Ed. 2d 823 (1986) ........................... 68

*Ake v. Oklahoma,*
    470 U.S. 68, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985) .............................. 263

*Alcorta v. Texas,*
    355 U.S. 28, 78 S. Ct. 103, 2 L. Ed. 2d 9 (1957) ................................. 40, 41

*Alexander v. Primerica Holdings,*
    10 F.3d 155 (3d Cir. 1993) ...................................................................... 72

*Allen v. United States,*
    536 U.S. 953, 122 S. Ct. 2653, 153 L. Ed. 2d 830 (2002) ............... 249, 250

*Amadeo v. Zant,*
    486 U.S. 214, 108 S. Ct. 1771, 100 L. Ed. 2d 249 (1988) ...................... 300

*Amdor v. Quarterman,*
    458 F.3d 397 (5th Cir. 2006) ................................................................. 369

*Apprendi v. New Jersey,*
    530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) . 27, 206, 207, 248

*Arave v. Creech,*
    507 U.S. 463, 113 S. Ct. 1534, 123 L. Ed. 2d 188 (1993) ................... passim

*Arizona v. Youngblood,*
    488 U.S. 51, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988) ........................... 369

*Atkins v. Virginia,*
    536 U.S. 304, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002) ...................... 218

*Ball v. United States,*
    140 U.S. 118, 11 S. Ct. 761, 35 L. Ed. 377 (1891) .................................. 250

*Banks v. Dretke,*
    540 U.S. 668, 124 S. Ct. 1256, 157 L. Ed. 2d 1166 (2004) ...................... 39

*Barrientes v. Johnson,*
    221 F.3d 741 (5th Cir. 2000) .................................................................. 345

# TABLE OF AUTHORITIES

**FEDERAL CASES (CONT'D)**                                             **PAGE(S)**

*Bell v. Cone,*
535 U.S. 685, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) .......................... 30

*Bell v. Ohio,*
438 U.S. 637, 98 S. Ct. 2977, 57 L. Ed. 2d 1010 (1978) .......................... 124

*Berger v. United States,*
295 U.S. 78, 55 S. Ct. 629, 79 L. Ed. 2d 1314 (1935) ................. 41, 64, 345

*Bigby v. Dretke,*
402 F.3d 551 (5th Cir. 2005) .............................................. 68, 342

*Blackledge v. Allison,*
431 U.S. 63, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) .............................. 195

*Blanton v. Quarterman,*
489 F. Supp. 2d 621 (W. D. Tex. 2007) ............................................ 301, 302

*Bollenbach v. United States,*
326 U.S. 607, 66 S. Ct. 402, 90 L. Ed. 350 (1946) .................................. 206

*Boyde v. California,*
494 U.S. 370, 110 S. Ct. 1190, 108 L. Ed. 2d 316 (1990) ........................ 109

*Bracy v. Gramley,*
520 U.S. 899, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) ............. 68, 70, 342

*Brady v. Maryland,*
373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) ......................... passim

*Brown v. Allen,*
344 U.S. 443, 73 S. Ct. 397, 97 L. Ed. 469 (1953) .................................. 300

*Brown v. Payton,*
544 U.S. 133, 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005) ........................ 240

*Buckner v. Polk,*
453 F.3d 195 (4th Cir. 2006) ..................................................... 359

*Buntion v. Quarterman,*
524 F.3d 664 (5th Cir. 2008) ..................................... 31, 68, 69, 342

*Burbank v. Cain,*
535 F.3d 350 (5th Cir. 2008) ................................. 46, 65, 273, 274

*Bush v. Gore,*
531 U.S. 98, 121 S. Ct. 525, 148 L. Ed. 2d 388 (2000) .......................... 195

# TABLE OF AUTHORITIES

**FEDERAL CASES (CONT'D)**                                    **PAGE(S)**

*Cafeteria and Restaurant Workers Union, Local 473, AFL-CIO v. McElroy,*
367 U.S. 886, 81 S. Ct. 1743, 6 L. Ed. 2d 1230 (1961) ........................... 227

*Caldwell v. Mississippi,*
472 U.S. 320, 105 S. Ct. 2633, 86 L. Ed. 2d 231 (1985) ......................... 264

*California v. Brown,*
479 U.S. 538, 107 S. Ct. 837, 93 L. Ed. 2d 934 (1987) ............................ 113

*California v. Trombetta,*
467 U.S. 479, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984) .......... 366, 367, 368

*Carey v. Musladin,*
549 U.S. 70, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006) .............................. 31

*Chambers v. Mississippi,*
410 U.S. 284, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973) ............ 273, 370, 371

*Clemons v. Mississippi,*
494 U.S. 738, 110 S. Ct. 1441, 108 L. Ed. 2d 725 (1990) ........ 235, 236, 237

*Clinton Lee Young v. Texas,*
547 U.S. 1056, 126 S. Ct. 1652, 164 L. Ed. 2d 398 (2006) ........................ 28

*Coble v. Quarterman,*
496 F.3d 430 (5th Cir. 2007) ..................................................................... 371

*Coker v Georgia,*
433 U.S. 584, 97 S. Ct. 2861, 53 L. Ed. 2d 982 (1977) ............................ 234

*Cole v. Arkansas,*
333 U.S. 196, 68 S. Ct. 514, 92 L. Ed. 2d 644 (1948) .............................. 250

*Coleman v. Thompson,*
501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) .................. passim

*Cone v. Bell,*
128 S. Ct. 2961 (Cert. granted June 23, 2008) .................................. 203, 298

*Crawford v. Washington,*
541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004) .......................... 273

*Crivens v. Roth,*
172 F.3d 991 (9th Cir. 1999) ................................................................. 58, 59

*Darden v. Wainwright,*
477 U.S. 168, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) .................. 345, 358

# TABLE OF AUTHORITIES

**FEDERAL CASES (CONT'D)**                                    **PAGE(S)**

*Davis v. Alaska,*
415 U.S. 308, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974) ........................ 44, 66

*Davis v. Georgia,*
429 U.S. 122, 97 S. Ct. 399, 50 L. Ed. 2d 339  (1976) ............................ 186

*Delaware v. Prouse,*
440 U.S. 648, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979) ................... 263, 264

*Derden v. McNeel,*
978 F.2d 1453 (5th Cir. 1992) ................................................................ 372

*Dickson v. Quarterman,*
462 F.3d 470 (5th Cir. 2005) ............................................................. 39, 40

*Donnelly v. DeChristoforo,*
416 U.S. 637, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974) ........................... 345

*Draughon v. Dretke,*
427 F.3d 286 (5th Cir. 2005) ................................................. 164, 294, 295

*Eddings v. Oklahoma,*
455 U.S. 104, 102 S. Ct. 869, 71 L. Ed. 2d 1 (1982) ........................... passim

*Edwards v. Balisok,*
520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) .............. 4, 69, 342

*Edwards v. Carpenter,*
529 U.S. 446, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000) ........................ 300

*Enmund v. Florida,*
458 U.S. 782, 102 S. Ct. 3368, 73 L. Ed. 2d 1140 (1982) ............... 119, 205

*Estes v. Texas,*
381 U.S. 532, 85 S. Ct. 1628, 14 L. Ed. 2d 543 (1965) ........................... 283

*Evitts v. Lucey,*
469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985) ........................... 370

*Faulder v. Johnson,*
81 F.3d 515 (5th Cir. 1996) .......................................................... 41, 286

*Florida v. Nixon,*
543 U.S. 175, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004) ......................... 130

*Foster v. Johnson,*
293 F.3d 766 (5th Cir. 2002) ................................................................ 359

# TABLE OF AUTHORITIES

## FEDERAL CASES (CONT'D)                                   PAGE(S)

*Francis v. Franklin,*
    471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985) .......... 125, 205, 206

*Frank v. Mangum,*
    237 U.S. 309, 35 S. Ct. 582, 59 L. Ed. 2d 969 (1915) ............... 215

*Franklin v. Lynaugh,*
    487 U.S. 164, 108 S. Ct. 2320, 101 L. Ed. 2d 155 (1988) ............... 125, 256

*Franklin v. McCaughtry,*
    398 F.3d 955 (7th Cir. 2005) ...................................................... 70

*Fratta v. Quarterman,*
    536 F.3d 485 (5th Cir. 2008) ...................................... 30, 31, 273

*Furman,Furman v. Georgia,*
    408 U.S. 238, 92 S. Ct. 2726, 33 L. Ed. 2d 346 (1974) ....................... passim

*Gardner v. Johnson,*
    247 F.3d 551 (5th Cir. 2001) ...................................................... 31

*Giglio v. United States,*
    405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972) .......................... 41, 46

*Glasser v. United States,*
    315 U.S. 60, 62 S. Ct. 457, 86 L. Ed. 680 (1942) ..................................... 371

*Godfrey v. Georgia,*
    446 U.S. 420, 100 S. Ct. 1759, 64 L. Ed. 2d 398 (1980) .................. 190, 230

*Gomez v. United States,*
    490 U.S. 858, 109 S. Ct. 2237, 104 L. Ed. 2d 923 (1989) .................. 68, 342

*Goodwin v. Johnson,*
    132 F.3d 162 (5th Cir. 1997) ...................................................... 41

*Gray v. Mississippi,*
    481 U.S. 648, 107 S. Ct. 2045, 95 L. Ed. 2d 622 (1987) ...... 68, 71, 186, 342

*Greer v. Miller,*
    483 U.S. 756, 107 S. Ct. 3102, 97 L. Ed. 2d 618 (1987) .......................... 345

*Gregg v. Georgia,*
    428 U.S. 153, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976) .... 229, 230, 235, 244

*Harris v. Reed,*
    489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) ............... 264, 299

xxii

# TABLE OF AUTHORITIES

## FEDERAL CASES (CONT'D)                                PAGE(S)

*Henderson v. Quarterman,*
   460 F.3d 654 (5th Cir. 2005) ..................................................... 31

*Herrera v. Collins,*
   506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993) ......................... 373

*Hitchcock v. Dugger,*
   481 U.S. 393, 107 S. Ct. 1821, 95 L. Ed. 2d 347 (1987) ......................... 124

*Holbrook v. Flynn ,*
   475 U.S. 560, 106 S. Ct. 1340, 89 L. Ed. 2d 525 (1986) ......................... 215

*Holloway v. Arkansas,*
   435 U.S. 475, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978) ............ 174, 180, 202

*Hudson v. Palmer,*
   468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) .................. 142, 143

*Irvin v. Dodd,*
   366 U.S. 717, 81 S. Ct. 1639, 6 L. Ed. 2d 751 (1961) .............................. 215

*Jackson v. Virginia,*
   443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) ....................... passim

*Jells v. Mitchell,*
   538 F.3d 478 (6th Cir. 2008) ..................................................... 360

*Johnson v, Bagley,*
   __ F.3d __, 2008 WL 4527345 (6th Cir. Oct. 10, 2008) .................... 61, 360

*Johnson v. Dretke,*
   394 F.3d 332 (5th Cir. 2004) ..................................................... 130

*Johnson v. Mississippi,*
   486 U.S. 578, 108 S. Ct. 1981, 100 L. Ed. 2d 575 (1988) ....................... 372

*Johnson v. Texas,*
   509 U.S. 350, 113 S. Ct. 2658, 125 L. Ed. 2d 290 (1993) ............... 107, 109

*Jones v. United States,*
   526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999) ............... 247, 248

*Jurek v. Texas,*
   428 U.S. 262, 96 S. Ct. 2950, 49 L. Ed. 2d 929 (1976) ...................... passim

*Katz v. United States,*
   389 U.S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967) .............................. 139

# TABLE OF AUTHORITIES

**FEDERAL CASES (CONT'D)**                                        **PAGE(S)**

*Kennedy v. Louisana,*
  128 S. Ct. 2641, 171 L. Ed. 2d 525 (2008) ................................................. 218

*Kimmelman v. Morrison,*
  477 U.S. 365, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986) .. 132, 133, 134, 135

*Kirkpatrick v. Whitley,*
  992 F.2d 491 (5th Cir. 1993) .......................................................... 65

*Kittelson v. Dretke,*
  426 F.3d 306 (5th Cir. 2005) ...................................................... 49, 273

*Knighton v. Maggio,*
  740 F.2d 1344 (5th Cir. 1984) ......................................................... 149

*Kopycinski v. Scott,*
  64 F.3d 223 (5th Cir. 1995) ........................................................ 57, 60, 61

*Kyles v. Whitley,*
  514 U.S. 419, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995) ................... passim

*Lawrence v. Lensing,*
  42 F.3d 255 (5th Cir. 1994) ............................................................... 57

*Lawson v. Borg,*
  60 F.3d 608 (9th Cir. 1995) ............................................................. 215

*Lewis v. Dretke,*
  355 F.3d 364 (5th Cir. 2003) ..................................................... 132, 361

*Lewis v. Jeffers,*
  497 U.S. 764, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990) ....................... 189

*Lindh v. Murphy,*
  521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997) ......................... 30

*Liteky v. United States,*
  510 U.S. 540, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) ................... passim

*Lockett v. Ohio,*
  438 U.S. 586, 98 S. Ct. 2954, 57 L. Ed. 2d 973 (1978) ...................... passim

*Magill v. Dugger,*
  824 F.2d 879 (11th Cir. 1987) ....................................................... 372

*Mahler v. Kaylo,*
  537 F.3d 494 (5th Cir. 2008) ....................................................... passim

xxiv

# TABLE OF AUTHORITIES

## FEDERAL CASES (CONT'D)                                    PAGE(S)

*Marshall v. Jerrico, Inc.,*
446 U.S. 238, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980) ............................ 69

*Martinez v. Wainwright,*
621 F.2d 184 (5th Cir. 1980) ................................................................ 58, 59

*Massiah v. United States,*
377 U.S. 201, 84 S. Ct. 1199, 12 L. Ed. 2d 246 (1964) .............................. 57

*Mata v. Johnson,*
99 F.3d 1261 (5th Cir. 1996) ................................................................. 305

*Mattox v. United States,*
146 U.S. 140, 13 S. Ct. 50, 37 L. Ed. 917 (1892) ..................................... 215

*McDonald v. Pless,*
238 U.S. 264, 35 S. Ct. 783, 59 L. Ed. 1300 (1915) ................................. 282

*McKoy v. North Carolina,*
494 U.S. 433, 110 S. Ct. 1227, 108 L. Ed. 2d 369 (1990) ............... 255, 258

*Mercadel v. Cain,*
179 F.3d 271 (5th Cir. 1999) .................................................................. 32

*Michigan v. Long,*
463 U.S. 1032, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983) .............. 263, 264

*Miller-El v. Cockrell (Miller-El I),*
537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) .......................... 31

*Miller-El v. Dretke (Miller-El II),*
545 U.S. 231, 125 S. Ct. 2317, 162 L. Ed. 2d 196 (2005) .......................... 31

*Mills v. Maryland,*
486 U.S. 367, 108 S. Ct. 1860, 100 L. Ed. 2d 384 (1988) ............... 255, 258

*Missouri ex rel. Southern R. Co. v. Mayfield,*
340 U.S.1, 71 S. Ct. 1, 95 L. Ed. 3 (1950) ............................................. 264

*Montana v. Egelhoff,*
518 U.S. 37, 116 S. Ct. 2013, 135 L. Ed. 2d 361 (1996) ......................... 371

*Mooney v. Holohan,*
294 U.S. 103, 55 S. Ct. 340, 79 L. Ed. 791 (1935) .............................. 40, 41

*Moore v. Johnson,*
194 F.3d 586 (5th Cir. 1999) ................................................................. 132

# TABLE OF AUTHORITIES

## FEDERAL CASES (CONT'D)                                        PAGE(S)

*Moreno v. Dretke,*
    450 F.3d 158 (5th Cir. 2006) ................................................................... 132

*Morgan v. Illinois,*
    504 U.S. 719, 12 S. Ct. 2222, 119 L. Ed. 2d 492 (1992) ........................... 186

*Morrissey v. Brewer,*
    408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) ............................ 227

*In re Murchison,*
    349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955) ......................... 68, 69, 72

*Murray v. Carrier,*
    477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) .......................... 300

*Napue v. Illinois,*
    360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959) ....................... passim

*Neal v. Puckett,*
    286 F.3d 230 (5th Cir. 2002) ..................................................... 165, 297, 360

*North Carolina v. Pearce,*
    395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969) ............................ 195

*In Re Oliver,*
    333 U.S. 257, 68 S. Ct. 499, 92 L. Ed. 2d 682 (1948) ....................... 213, 216

*Oliver v. Scott,*
    276 F.3d 736 (5th Cir. 2002) ................................................................... 143

*Panetti v. Quarterman,*
    127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) ......................... 31, 109, 110, 177

*Parker v. Dugger,*
    498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991) .......... 125, 235, 237

*Pennsylvania v. Ashe,*
    302 U.S. 51, 58 S. Ct. 59, 82 L. Ed. 43 (1937) ....................................... 244

*Penry v. Johnson,*
    532 U.S. 782, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001) ...................... passim

*Penry v. Lynaugh,*
    492 U.S. 302, 109 S. Ct. 2934, 106 L. Ed. 2d 256 (1989) .................. passim

*Pointer v. Texas,*
    380 U.S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965) ............................ 273

# TABLE OF AUTHORITIES

**FEDERAL CASES (CONT'D)**                                     **PAGE(S)**

*Proffitt v. Florida,*
   428 U.S. 242, 96 S. Ct. 2960, 49 L. Ed. 2d 913 (1976)  ............................ 107

*Pyles v. Johnson,*
   136 F.3d 986 (5th Cir. 1998)  ...................................................................... 41

*Reed v. Quarterman,*
   504 F.3d 465 (5th Cir. 2007)  ...................................................................... 41

*Reis v. Quarterman,*
   522 F.3d 522 (5th Cir. 2008)  ............................................. 130, 302, 303, 369

*Remmer v. United States,*
   347 U.S. 227, 74 S. Ct. 450, 98 L. Ed. 654 (1954)  ........................... 213, 215

*Rhines v. Weber,*
   544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005)  ........................... 32

*Richardson v. Quarterman,*
   537 F.3d 466 (5th Cir. 2008)  ..................................................... 4, 68, 69, 342

*Riddle v. Cockrell,*
   288 F.3d 713 (5th Cir. 2002)  .................................................................... 345

*Ries v. Quarterman,*
   522 F.3d 517 (5th Cir. 2008)  ..................................................... 5, 30, 302, 303

*Ring v. Arizona,*
   536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002)  ........ 207, 248, 249

*Rompilla v. Beard,*
   545 U.S. 374, 125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005)  ........ 130, 131, 132

*Roper v. Simmons,*
   543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005)  .... 217, 218, 219, 222

*Rosales v. Cockrell,*
   220 F. Supp. 2d 593 (N. D. Tex. 2001)  ..................................................... 351

*Ruiz v. Quarterman,*
   504 F.3d 523 (5th Cir. 2007)  ............................................................... passim

*Salazar v. Dretke,*
   419 F.3d 384 (5th Cir. 2003)  ...................................................................... 32

*Sandstrom v. Montana,*
   442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)  .............................. 205

# TABLE OF AUTHORITIES

**FEDERAL CASES (CONT'D)**                                    **PAGE(S)**

*Santosky v. Kramer,*
  455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982) ......................... 229

*Sawyer v. Whitley,*
  505 U.S. 333, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992) ....................... 373

*Scheanette v. Quarterman,*
  482 F.3d 815 (5th Cir. 2007) .................................................. 351

*Schlup v. Delo,*
  513 U.S. 289, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) ....................... 373

*Sheppard v. Maxwell,*
  384 U.S. 333, 86 S. Ct. 1507, 16 L. Ed. 2d 600 (1966) ........................ 283

*Shillinger v. Haworth,*
  70 F.3d 1132 (10th Cir. 1995) ................................................. 350

*Skipper v. South Carolina,*
  476 U.S. 1, 106 S. Ct. 1669, 90 L. Ed. 2d 1 (1986) ...................... 124, 256

*Smith v. Dretke,*
  422 F.3d 269 (5th Cir. 2005) ............................................ 130, 132

*Smith v. Maryland,*
  442 U.S. 735, 99 S. Ct. 2577, 61 L. Ed. 2d 220 (1979) ........................ 139

*Smith v. Phillips,*
  455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ............. 215, 260, 345

*Smith v. Texas,*
  543 U.S. 37, 125 S. Ct. 400, 160 L. Ed. 2d 303 (2004) ................... 112, 260

*Smith v. Texas,*
  550 U.S. 297, 127 S. Ct. 1686, 167 L. Ed. 2d 632 (2007) ..................... 263

*Smith v. Zant,*
  855 F.2d 712 (11th Cir. 1998) ................................................. 371

*Soffar v. Dretke,*
  368 F.3d 441 (5th Cir. 2004) .................................................. 130

*Sonnier v. Quarterman,*
  476 F.3d 349 (5th Cir. 2007) ............................... 131, 132, 360, 361

*Spaziano v. Florida,*
  468 U.S. 447, 104 S. Ct. 3154, 82 L. Ed. 2d 340 (1984) ........................ 71

**TABLE OF AUTHORITIES**

**FEDERAL CASES (CONT'D)**                                    **PAGE(S)**

*Stanford v. Kentucky,*
  492 U.S. 361, 109 S. Ct. 2969, 106 L. Ed. 2d 306 (1989) ........................ 219

*Strickland v. Washington,*
  466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 2674 (1984) ................... passim

*Strickler v. Greene,*
  527 U.S. 263, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999) ................... passim

*Sullivan v. Louisiana,*
  508 U.S. 275, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993) ........................ 248

*Sumner v. Shuman,*
  483 U.S. 66, 107 S. Ct. 2716, 97 L. Ed. 2d 56 (1987) ............................. 228

*Tanner v. United States,*
  483 U.S. 107, 107 S. Ct. 2739, 97 L. Ed. 2d 90 (1987) ........................... 281

*Tassin v. Cain,*
  517 F.3d 770 (5th Cir. 2008) .............................................................. 40, 46

*Taylor v. Hayes,*
  418 U.S. 488, 94 S. Ct. 2697, 41 L. Ed. 2d 897 (1974) .......... 68, 69, 70, 342

*Taylor v. Kentucky,*
  436 U.S. 478, 98 S. Ct. 1930, 56 L. Ed. 2d 468 (1978) ................... 371, 372

*Tennard v. Dretke,*
  542 U.S. 274, 124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004)   111, 112, 123, 260

*Thomas v. Calderon,*
  151 F.3d 918 (9th Cir. 1998) .................................................................. 373

*Thompson v. Oklahoma,*
  487 U.S. 815, 108 S. Ct. 2687, 101 L. Ed. 2d 702 (1988) ........................ 230

*Thornhill v. Alabama,*
  310 U.S. 88, 60 S. Ct. 736, 84 L. Ed. 2d 1093 (1940) ............................. 251

*Tison v. Arizona,*
  481 U.S. 137, 107 S. Ct. 1676, 95 L. Ed. 2d 127 (1987) ........................ 256

*Titsworth v. Dretke,*
  401 F.3d 301 (5th Cir. 2005) ................................................................... 59

*Towns v. Smith,*
  395 F.3d 251 (6th Cir. 2005) ................................................................... 40

xxix

# TABLE OF AUTHORITIES

**FEDERAL CASES (CONT'D)**                                    **PAGE(S)**

*Tuilaepa v California,*
    512 U.S. 967, 114 S. Ct. 2630, 129 L. Ed. 2d 750 (1994) ............... 234, 235

*Tumev v. Ohio,*
    273 U.S. 510, 47 S. Ct. 437, 71 L. Ed. 749 (1927) ................ 68, 69, 70, 342

*Turner v. Louisiana,*
    379 U.S. 466, 85 S. Ct. 546, 13 L. Ed. 2d 424 (1965) ..................... 214, 215

*In re United States,*
    345 F.3d 450 (7th Cir. 2003) ..................................................... 72

*United States v. Allen,*
    247 F.3d 741 (8th Cir. 2001) ............................................... 249, 250

*United States v. Antone,*
    603 F.2d 566 (5th Cir. 1979) ..................................................... 59

*United States v. Armstrong,*
    517 U.S. 456, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996) ........................ 344

*United States v. Auten,*
    632 F.2d 478 (5th Cir. 1980) ............................................... 58, 59

*United States v. Bagley,*
    473 U.S. 667, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) .......... 40, 46, 60, 61

*United States v. Barnham,*
    595 F.2d 231 (5th Cir. 1979) ............................................... 41, 48

*United States v. Batchelder,*
    442 U.S. 114, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979) .......................... 344

*United States v. Bencs,*
    28 F.3d 555 (6th Cir. 1994) ..................................................... 40

*United States v. Betner,*
    489 F.2d 116 (5th Cir. 1974) ................................................... 213

*United States v. Burke,*
    496 F.2d 373 (5th Cir. 1974) ................................................... 345

*United States v. Chiantese,*
    560 F.2d 1244 (5th Cir. 1977) ................................................. 205

*United States v. Denman,*
    100 F.3d 399 (5th Cir. 1996) ................................................... 213

xxx

# TABLE OF AUTHORITIES

**FEDERAL CASES (CONT'D)**                                              **PAGE(S)**

*United States v. Deutsch,*
    475 F.2d 55 (5th Cir. 1973) ........................................................ 58

*United States v. Dioguardi,*
    492 F.2d 70 (2nd Cir. 1974) ..................................................... 281

*United States v. Dionisio,*
    410 U.S. 19, 93 S. Ct. 777, 35 L. Ed. 2d 67 (1973) ................................. 250

*United States v. DuBo,*
    186 F.3d 1177 (9th Cir. 1999) ................................................... 250

*United States v. Forrest,*
    620 F.2d 446 (5th Cir. 1980) ..................................................... 280

*United States v. Frady,*
    456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) ......................... 301

*United States v. Gaytan,*
    74 F.3d 545 (5th Cir. 1996) ...................................................... 250

*United States v. Hall,*
    455 F.3d 508 (5th Cir. 2006) ..................................................... 351

*United States v. Hernandez,*
    109 F.3d 1450 (9th Cir. 1997) .................................................... 69

*United States v. Jacobsen,*
    466 U.S. 109, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984) ................... 130, 144

*United States v. Kelly,*
    790 F.2d 130 (D.C. Cir. 1980) ................................................... 350

*United States v. Levy,*
    577 F.2d 200 (3rd Cir. 1978) .................................................... 350

*United States v. Miller,*
    425 U.S. 435, 96 S. Ct. 1619, 48 L. Ed. 2d 71 (1976) ........................... 142

*United States v. Miller,*
    520 F.3d 504 (5th Cir. 2008) ..................................................... 42

*United States v. Perdomo,*
    929 F.2d 967 (3d Cir. 1991) ...................................................... 58

*United States v. Posado,*
    57 F.3d 428 (5th Cir. 1995) ...................................................... 181

# TABLE OF AUTHORITIES

**FEDERAL CASES (CONT'D)**                                              **PAGE(S)**

*United States v. Webster,*
    392 F.3d 787 (5th Cir. 2004) .............................................................. 58, 351

*Uttecht v. Brown,*
    127 S. Ct. 2218, 167 L. Ed. 2d 1014 (2007) ............................. 113, 114, 185

*Valdez v. Johnson,*
    93 F. Supp. 2d 769 (S.D. Tex. 1999) ........................................................ 132

*Vasquez-Ramirez v. United States District Court (In re Vasquez-Ramirez),*
    443 F.3d 692 (9th Cir. 2006) .................................................................... 72

*Wainwright v. Sykes,*
    433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977) ...................... 300, 301

*Wainwright v. Witt,*
    469 U.S. 412, 105 S. Ct. 844, 83 L. Ed. 2d 841 (1985) .................... 185, 186

*Watts v. Quarterman,*
    448 F. Supp. 2d 786 (W.D. Tex. 2006) .................................................... 351

*Webb v. Texas,*
    409 U.S. 95, 93 S. Ct. 351, 34 L. Ed. 2d 330 (1972) ............................... 273

*Wiggins v. Smith,*
    539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed. 2d 471(2003) ................... passim

*Wilkerson v. Cain,*
    233 F.3d 886 (5th Cir. 2000) ............................................................... 44, 46

*Williams v. Taylor,*
    529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) .. 31, 165, 296, 350

*Williams v. Whitley,*
    940 F.2d 132 (5th Cir. 1991) .................................................................... 58

*In re Winship,*
    397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970) .... 168, 204, 228, 229

*Witherspoon v. Illinois,*
    391 U.S. 510, 88 S. Ct. 1770, 20 L. Ed. 2d 776 (1968) .................... 185, 186

*Withrow v. Larkin,*
    421 U.S. 35, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975) ........................ 68, 342

*Wood v. Quarterman,*
    503 F.3d 408 (5th Cir. 2007) .................................................................. 171

# TABLE OF AUTHORITIES

**FEDERAL CASES (CONT'D)**                                               **PAGE(S)**

*Woodson v. North Carolina,*
428 U.S. 280, 96 S. Ct. 2978, 49 L. Ed. 2d 944 (1976) ....................... passim

*Younger v. Harris,*
401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) ................................ 194

*Zant v. Stephens,*
462 U.S. 862, 103 S. Ct. 2733, 77 L. Ed. 2d 235 (1983) .......... 188, 230, 372

## STATE CASES

*Ex Parte Adams,*
768 S.W.2d 281 (Tex. Crim. App. 1989) .................................................... 47

*Burkhalter v. State,*
493 S.W.2d 214 (Tex. Crim. App. 1973) .................................................... 46

*Burns v. State,*
761 S.W.2d 353 (Tex. Crim. App. 1988) .................................................. 113

*Callins v. State,*
780 S.W.2d 176 (Tex. Crim. App. 1989) .................................................. 249

*Ex parte Campbell,*
226 S.W.3d 418 (Tex. Crim. App. 2007) .................................................. 269

*Canales v. State,*
98 S.W.3d 690 (Tex. Crim. App. 2003) ................................................ 60, 63

*Cantu v. State,*
939 S.W.2d 627 (Tex. Crim. App.1996) ......................................... 110, 111

*Ex Parte Carpenter,*
2007 WL 678622 (Tex. Crim. App. 2007) ............................................... 313

*Clark v. State,*
881 S.W.2d 682 (Tex. Crim. App. 1994) ................................................. 254

*Clinton Lee Young v. State,*
2005 WL 2374669 (Tex. Crim. App. 2005) ........................................ passim

*Coble v. State,*
871 S.W.2d 192 (Tex. Crim. App. 1993) ......................................... 171, 172

*Commonwealth v. Mosby,*
11 Mass. App. 1 (App. Suffolk 1980) ....................................... 284, 287, 288

# TABLE OF AUTHORITIES

**STATE CASES (CONT'D)**                                   **PAGE(S)**

*Corwin v. State,*
 870  S.W.2d 23 (Tex. Crim. App. 1993) .................................. 171, 173, 174

*In re Dolezal,*
 970 S.W.2d 650 (Tex. Crim. App. 1998) ................................... 146

*Draughon v. State,*
 831 S.W.2d 331 (Tex. Crim. App. 1991) ................................... 254

*Duggan v. State,*
 778 S.W.2d 465 (Tex. Crim. App. 1989) ................................... 46

*Eldridge v. State,*
 940 S.W.2d 646 (Tex. Crim. App. 1996) ................................... 229

*Feldman v. State,*
 71 S.W.3d 738 (Tex. Crim. App. 2002) ................................... 172

*Fisher v. State,*
 736 P.2d 1003 (Okla. Crim. App. 1987) ................................... 237

*Franklin v. State,*
 138 S.W.3d 351 (Tex. Crim. App. 2004) ................................... 280

*Gardner v. State,*
 730 S.W.2d 675 (Tex. Crim. App. 1987) ................................... 179

*Glover v. State,*
 110 S.W.3d 549 (App. 10 Dist. 2003) ....................................... 226

*Ex parte Graves,*
 70 S.W.3d 103 (Tex. Crim. App. 2002) .............................. passim

Green v. State,
 566 S.W.2d 578 (Tex. Crim. App. 1978) ................................... 139

*Green v. State,*
 840 S.W.2d 394 (Tex. Crim. App. 1992) ................................... 213

*Hooper v. State,*
 214 S.W.2d 9 (Tex. Crim. App. 2007) ............................. 168, 176, 241, 242

*Ex parte Mines,*
 26 S.W.3d 910 (Tex. Crim. App. 2000) ............................. 304, 306

## TABLE OF AUTHORITIES

**STATE CASES (CONT'D)**                                    **PAGE(S)**

*Jackson v. State,*
  17 S.W.3d 664 (Tex. Crim. App. 2000) ............................................. 168, 173

*Ex parte Kerr,*
  64 S.W.3d 414 (Tex. Crim. App. 2002) ...................................... 340

*Livingston v. State,*
  739 S.W.2d 311 (Tex. Crim. App. 1987) .................................. 185

*Lowery v. State,*
  547 N.E.2d 1046 (Ind. 1989) ...................................................... 237

*McFarland v. State,*
  928 S.W.2d 482 (Tex. Crim. App. 1996) .................................. 235

*McGinn v. State,*
  961 S.W.2d 161 (Tex. Crim. App. 1998) .................................. 234

*Moore v. State,*
  969 S.W.2d 4 (Tex. Crim. App. 1998) ...................................... 249

*Nethery v. State,*
  692 S.W.2d 686 (Tex. Crim. App. 1985) .................................. 181

*Richardson v. State,*
  865 S.W.2d 944 (Tex. Crim. App. 1993) .......................... 139, 141

*Rios v. State,*
  846 S.W.2d 310 (Tex. Crim. App. 1992) .......................... 171, 173

*Roberts v. State,*
  220 S.W.3d 521 (Tex. Crim. App. 2007) .................................. 351

*Rodriguez v. State,*
  2006 WL 827833 (Tex. Crim. App. 2006) ................................ 313

*Ross v. State,*
  133 S.W.3d 618 (Tex. Crim. App. 2004) .................................. 318

*Sanders v. State,*
  1 S.W.3d 885 (App. 3 Dist. 1999) ............................................ 226

*Sattiewhite v. State,*
  786 S.W.2d 271 (Tex. Crim. App. 1989) .................................. 254

*Sells v. State,*
  121 S.W.2d 748 (Tex. Crim. App. 2003) .................................. 168

# TABLE OF AUTHORITIES

## STATE CASES (CONT'D)                                    PAGE(S)

*Sheridan v. State,*
852 S.W.2d 772 (Ark. 1993) ................................................................. 237

*Sorto v. State,*
173 S.W.3d 469 (Tex. Crim. App. 2005) ................................................. 316

*State v. Breton,*
663 A.2d 1026 (Conn. 1995) ................................................................. 237

*State v. Comeaux,*
818 S.W.2d 46 (Tex. Crim. App. 1991) ....................................... 139, 140, 141

*State v. Hardy,*
963 S.W.2d 516 (Tex. Crim. App. 1997) ............................................. passim

*State v. Hernandez,*
562 N.E.2d 219 (Ill. App. 2 Dist. 1990) .................................................. 237

*State v. Moore,*
927 P.2d 1073 (Ore. Sup. Ct. 1996) ....................................................... 237

*State v. Richardson,*
463 S.E.2d 492 (N.C. 1995) ................................................................. 237

*State v Schieneman,*
77 S.W.3d 810 (Tex. Crim. App. 2002) .................................................... 142

*Studer v. State,*
799 S.W.2d 263 (Tex. Crim. App. 1990) ................................................. 249

*Thomas v. State,*
519 S.W.2d 430 (Tex. Crim. App. 1975) .......................................... 284, 289

*Thomas v. State,*
699 S.W.2d 845 (Tex. Crim. App. 1985) ................................................. 213

*Vuoung v. State,*
830 S.W.2d 929 (Tex. Crim. App. 1992) .......................................... 171, 172

*Walker v. State,*
615 S.W.2d 728 (Tex. Crim. App. 1981) ................................................. 201

## FEDERAL STATUTES, RULES AND CONSTITUTION

U.S. Const. amend. VI ......................................................................... 273

18 U.S.C. § 3591 ............................................................................... 249

# TABLE OF AUTHORITIES

**FEDERAL STATUTES, RULES AND CONSTITUTION**          **PAGE(S)**

28 U.S.C. § 2254 ................................................................................ passim

## STATE STATUTES, RULES AND CONSTITUTION

Mont. Code Ann. § 45-5-303 .......................................................... 191

Tex. Code Crim. Pro. § 37.071 ....................................................... *passim*

Tex. Code Crim. Pro. Art. 11.071 ................................................... *passim*

Tex. Code Crim. Proc. § 38.1 ......................................................... passim

Tex. Code Crim. Proc. §35.22 ........................................................ 226

Texas Code of Judicial Conduct, Canon 3.B ................................. 70

Tex. Const. Art. I § 20 .................................................................... 250

Tex. Const. Art. V § 12 (b) ............................................................ 249, 250

Tex. Fam. Code, § 58.007 ............................................................... 147

Tex. Hum. Res. § 61.095 ................................................................ 148

Tex. Occ. Code, § 159.002 ............................................................. 145, 146

Tex. Pen. Code § 7.01, 7.02, 6.03, 19.02 ...................................... *passim*

Tex. R. of Civ. Proc. 18(b) ............................................................ 70

Tex. Rule of Evid. 801 ................................................................... 150

Tex. Rule of Evid. Rule 802 .......................................................... 150

Tex. Rule of Evid. Rule 803(6) ..................................................... 150, 151

Tex. Rule of Evid. Rules 401 ........................................................ 151

## MISCELLANEOUS

A.P. Merillat, *The Question of Future Dangerousness of Capital Defendants,* Tex.
        B.J. 738, 738 (2006) ......................................................... 62