SEAN K. KENNEDY (California Bar No. 145632)
Federal Public Defender
MARGO A. ROCCONI (California Bar No. 156805)
(E-mail:  Margo_Rocconi@fd.org)
BRAD D. LEVENSON (California Bar No. 166073)
(E-mail:  Brad_Levenson@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California  90012-4202
Telephone (213) 894-7521/2026
Facsimile (213) 894-0081

Attorneys for Petitioner
CLINTON LEE YOUNG

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## MIDLAND DIVISION

| | | |
|---|---|---|
| CLINTON LEE YOUNG, | ) | NO. 7:07-CV-00002-RAJ |
| | ) | |
| Petitioner, | ) | **DEATH PENALTY CASE** |
| | ) | |
| v. | ) | |
| | ) | **PETITIONER'S OPPOSED** |
| NATHANIEL QUARTERMAN, | ) | **MOTION TO STAY THE** |
| Director, Texas Department of Criminal | ) | **FEDERAL HABEAS ACTION**; |
| Justice, Correctional Institutions | ) | **MEMORANDUM OF POINTS** |
| Division, | ) | **AND AUTHORITIES;** |
| | ) | **DECLARATION OF COUNSEL** |
| Respondent. | ) | |
| | ) | |

TABLE OF CONTENTS

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . 2

I.      PROCEDURAL HISTORY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     THIS COURT SHOULD STAY PETITIONER'S FEDERAL HABEAS
        ACTION UNTIL THE FILING AND RESOLUTION OF A
        FORTHCOMING STATE HABEAS APPLICATION  . . . . . . . . . . . . . . . 3

        A.      Mr. Young's Reasonable Uncertainty about the
                Applicable  Federal Statute of Limitations is Good
                Cause for his Failure to Exhaust . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.      Mr. Young's Unexhausted Claims are
                Potentially Meritorious . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        C.      Mr. Young Has Not Engaged In Dilatory
                Litigation Practices . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        D.      The Stay Mr. Young Seeks Has Reasonable Time Limits . . . . . . . . 9

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                      **PAGE (S)**

*Brady v. Maryland*,
　　373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) . . . . . . . . . . . 5, 6, 7, 8

*Clinton v. Jones*,
　　520 U.S. 681, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) . . . . . . . . . . . . . 4

*Haynes v. Quarterman*,
　　526 F.3d 189 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hollman v. Horn*,
　　2007 WL 437841 (E.D. Pa. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Leonardos v. Buddress*,
　　WL 1174825 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Neville v. Dretke*,
　　423 F.3d 474 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

*Ortiz v. Barkley*,
　　489 F. Supp. 2d 369 (S.D.N.Y 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Pace v. DiGuglielmo*
　　544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) . . . . . . . . . . . . . 4

*Rhines v. Weber*,
　　544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) . . . . . . . . . *passim*

*Rose v. Lundy*,
　　455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) . . . . . . . . . . . . . . 3

*United States. ex rel. Strong v. Hulick*,
　　530 F. Supp. 2d 1034 (N.D. Ill. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Bagley*,
　　473 U.S. 667, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) . . . . . . . . . . . . . 8

*United States v. Sipe*,
　　388 F.3d 471 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Young v. Texas*,
　　547 U.S. 1056, 126 S. Ct. 1652, 164 L. Ed. 2d 398 (2006) . . . . . . . . . . . . 2

*Young v. State*,
　　2005 WL 2374669 (Tex. Crim. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 2

## TABLE OF AUTHORITIES

**DOCKETED CASES**                                                        **PAGE (S)**

*Anibal Canales Jr. v. Quarterman*,
    CV No. 03-69-TJW (E. Dist. Tex)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATE STATUTES**

Tex. Crim. Proc. Code Ann. art. 11.071  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

TO RESPONDENT AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Petitioner Clinton Lee Young will, and hereby does, move to stay the federal habeas corpus action pending the filing and resolution of his state habeas application.

Under *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), Mr. Young is entitled to a stay because he can demonstrate good cause for his failure to previously exhaust certain claims in his Amended Federal Petition (the "Petition" or "Pet."), his unexhausted claims are potentially meritorious. and he has not engaged in intentionally dilatory litigation tactics.  Furthermore, he has placed reasonable time limits upon his request for a stay.

This Motion is based upon this notice of motion, the accompanying memorandum of points and authorities, the declaration of counsel, the proposed order, the Petition, the Court's files and records, and any other matters that properly may be presented at or before a  hearing.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: October 20, 2008              By   */s/ Brad D. Levenson*
                                                BRAD D. LEVENSON
                                                MARGO A ROCCONI
                                                Deputy Federal Public Defenders

                                                Attorneys for Petitioner
                                                CLINTON LEE YOUNG

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner Clinton Lee Young ("Petitioner" or "Mr. Young") submits this memorandum in support of his Motion to stay the federal habeas action pending the resolution of his state exhaustion application.

## I.    PROCEDURAL HISTORY

Mr. Young was sentenced to death on April 14, 2003 in the District Court of Midland County, Texas, for the murders of Samuel Petrey and Doyle Douglas.  On September 28, 2005, the Texas Court of Criminal Appeals affirmed the judgment on appeal.  *Young v. State*, 2005 WL 2374669 (Tex. Crim. App. 2005).

The Supreme Court denied Mr. Young's petition for writ of certiorari in the direct appeal on April 3, 2006.  *Young v. Texas*, 547 U.S. 1056, 126 S. Ct. 1652, 164 L. Ed. 2d 398 (2006).

On April 16, 2003, Gary Taylor was appointed as Mr. Young's state habeas counsel.

On April 22, 2005, a state habeas application was filed on Mr. Young's behalf.

On August 28, 2005, Mr. Taylor was relieved and Ori White was appointed as Mr. Young's new state habeas counsel.

A state evidentiary hearing was held on March 1, 2, 3, 9, and 10, 2006.

On December 20, 2006, the state petition was denied by the Texas Criminal Court of Appeals.

On January 17, 2007, this Court appointed Mr. White and Mr. Wall to represent Mr. Young in his federal post-conviction litigation.

On December 20, 2007, Mr. Young filed a federal habeas petition.

On March 3, 2008, this Court relieved Mr. White and Mr. Wall (pursuant to Mr. Young's request) and appointed private attorney Don Vernay and the Office

of the Federal Public Defender for the Central District of California as Mr. Young's new federal habeas counsel.

On March 25, 2008, this Court granted Mr. Young's counsel until October 20, 2008 to file an amended federal petition.

On October 20, 2008, Mr. Young filed the Petition with this Court, containing both exhausted and unexhausted claims.

## II.   THIS COURT SHOULD STAY PETITIONER'S FEDERAL HABEAS ACTION UNTIL THE FILING AND RESOLUTION OF A FORTHCOMING STATE HABEAS APPLICATION

In *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Supreme Court affirmed the authority of district courts to stay, rather than dismiss, habeas petitions containing both exhausted and unexhausted claims after the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA" or "the Act").  Prior to the Act, district courts typically dismissed such "mixed" petitions and allowed petitioners to refile once they could comply with the total exhaustion requirement imposed by *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  However, the AEDPA imposed a strict one-year statute of limitations on federal habeas petitions where previously there had been none, leaving little time for petitioners to complete the state court exhaustion process before filing their federal petition.  *See Rhines*, 544 U.S. at 274.  "As a result of the interplay between AEDPA's one-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."  *Id.* at 275.

In an attempt to solve this problem, the *Rhines* Court endorsed a "stay and abey" procedure which allows the district court to hold the habeas action in abeyance while the petitioner presents his previously unexhausted claims to state

court. *Id.*  Once the petitioner's state remedies have been exhausted, the district court lifts the stay and federal habeas action resumes. *Id.* at 276.  This preserves the inherent and long-standing authority of district courts to issue stays while at the same time complying with the purposes of the AEDPA. *Id.* at 276 *citing Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997).

In deciding whether a stay is warranted under *Rhines*, district courts should consider whether a petitioner has shown good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether he has engaged in any intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278. Where the petitioner has shown good cause, potentially meritorious claims, and has not intentionally delayed pursuing relief, the Supreme Court indicated it likely would be an abuse of discretion for a district court to deny a stay. *Id.*

A.    **Mr. Young's Reasonable Uncertainty about the Applicable Federal Statute of Limitations is Good Cause for his Failure to Exhaust**

The Court in *Rhines* did not define "good cause" for failure to exhaust. *See id.*  The Court's only subsequent mention of what might constitute "good cause" came in *Pace v. DiGuglielmo* where the Court noted that a petitioner's reasonable confusion about whether a state filing would be timely (so as to toll the federal statute of limitations) would merit the granting of a stay.  544 U.S. 408, 416, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).  The Fifth Circuit has only addressed *Rhines* in a small number of published opinions, none of which provide the Circuit's definition of "good cause." *See e.g. Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (noting that petitioner failed to state his cause for failing to exhaust); *Haynes v. Quarterman*, 526 F.3d 189, 196 (5th Cir. 2008) (assuming

good cause without discussing definition).  Mr. Young is aware of no other circuit authority which sets forth a test for determining what constitutes "good cause" within the meaning of *Rhines*.

However, numerous district courts around the country have found that where the petitioner's unexhausted claims are based on newly discovered evidence -- particularly where that evidence should have been disclosed by the state under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) -- good cause exists for not exhausting earlier.  *See e.g. United States. ex rel. Strong v. Hulick,* 530 F. Supp. 2d 1034, 1043 (N.D. Ill. 2008) (finding good cause for failure to exhaust because claim was based on newly discovered evidence); *Ortiz v. Barkley*, 489 F. Supp. 2d 369, 371 (S.D.N.Y 2007) (finding good cause for failure to exhaust because claim was based on information that was recently obtained by petitioner); *Hollman v. Horn*, 2007 WL 437841 (E.D. Pa. 2007) (finding good cause for failure to exhaust *Brady* claim based on new information); *Leonardos v. Buddress*, WL 1174825 (N.D. Cal. 2007) (finding good cause where *Brady* claim was based on facts suppressed by prosecution).

Mr. Young's Petition contains three unexhausted claims based on newly discovered evidence.  Claim One is based on recently uncovered *Brady* material, namely that the prosecution violated its duty to disclose exculpatory evidence (that David Page and Mark Ray were offered plea deals by the State), and knowingly presented perjured testimony (that Page and Ray had not engaged in plea negotiations with the district attorney).  This information had been actively suppressed by the prosecution throughout Mr. Young's trial and was only discovered during federal habeas counsel's investigation.  Declarations supporting this claim were gathered in July and September 2008.  For this reason, Mr. Young was not able to raise the claim in his earlier state application.

Claim Two is also based on newly discovered *Brady* evidence regarding the state's suppression of evidence undermining the credibility of prosecution witness A. P. Merillat. Mr. Merillat was a Senior Criminal Investigator for the Special Prosecution Unit ("SPU"), an agency responsible for investigating felonies occurring inside Texas state prisons. (Ex. 129 to Pet. [Merillat CV].) Mr. Merillat testified about prison regulations and conditions, including the ineligibility of gang members to leave Administrative Segregation. (35 RR at 120.) He also informed the jury that no one could tell the prison system to classify an inmate as "high security," thereby suggesting that there was no way the jury could ensure that Mr. Young would not pose a danger in prison. (35 RR at 96-97.) In reality, Mr. Merillat was personally involved in transferring certain high security prisoners, including known gang members, out of Administrative Segregation in exchange for their assistance in Merillat's investigations. (*See* Exs. 132-39 to Pet.) Mr. Merillat was also part of the SPU team found to have suppressed evidence in another case, a fact that would have undermined his credibility before the jury. (*See Anibal Canales Jr. v. Quarterman*, CV No. 03-69-TJW (E. Dist. Tex).) This information was discovered by federal habeas counsel in August 2008 and thus, it could not have been presented to state court at an earlier time.

Claim Three is based on a claim of judicial bias. Judge John C. Hyde, who presided over Mr. Young's trial and state writ hearing, sent a letter to the jurors after they had rendered the death verdict. In this letter, Judge Hyde stated that he had observed Mr. Young for several weeks before the trial began, had concluded that he was a dangerous man and informed the jury they had made the correct decision to sentence him to death. (Ex. 93 to Pet. [Hyde Letters].) Judge Hyde's clear bias, had it been discovered, would have disqualified him from presiding over further proceedings in Mr. Young's case, including his motion for a new trial and state habeas proceedings, both of which Judge Hyde denied. The existence of Judge Hyde's letter to the jury was not known to Mr. Young until May 2008 (Ex.

140 to Pet. [Decl. of John Beaver]), which is why the claim could not have been exhausted earlier.

Given that all of Mr. Young's unexhausted claims are based on newly discovered evidence, including illegally suppressed *Brady* material, he has demonstrated good cause for not exhausting these claims at an earlier time.[1]

### B.     Mr. Young's Unexhausted Claims are Potentially Meritorious

The broad guidance provided by the Supreme Court in *Rhines* did not include a standard for determining whether a petitioner's claims are "potentially meritorious."  *See Rhines*, 544 U.S. at 416.  The Fifth Circuit has found that unexhausted claims are not potentially meritorious when they are procedurally defaulted under state laws regarding successive petitions and do not fall into one of the statutory exceptions.  *Neville*, 423 F.3d at 480 (5th Cir. 2005).

Texas law provides three distinct exceptions to the general rule against successive petitions: 1) when the factual or legal basis for the new claims or issues was not available at the time of the original petition; 2) when the applicant can show by a preponderance of the evidence that no rational juror would have found the applicant guilty but for the violation of the constitution; or 3) when the applicant can show by clear and convincing evidence that no rational juror would have answered affirmatively any of the special issues submitted in capital cases. Tex. Crim. Proc. Code Ann. art. 11.071 § 5(a)(1)-(3).

Mr. Young's unexhausted claims fall under the first exception to the rule against successive petitions.  As discussed above, the factual bases for all of these claims were not discovered until 2008, during federal habeas counsel's investigation.  The discovery of all such evidence was intentionally withheld by the prosecution (in the case of Claims One and Two) or by the trial judge (in the

---

[1] Mr. Young will also be returning to State court in an attempt to exhaust Claims which should have been raised in the first state Application but were not due to the incompetence of state habeas counsel.  (*See* Claim Twenty-Five of the Petition.)

case of Claim Three).  None of the evidence was available at the time of the
original petition.  Claims One through Three are therefore not procedurally
defaulted under Texas law and may be considered on their merits by state courts.
Texas Crim. Pro. Ann. art. 11.071 §5(a)(1).  Furthermore, Mr. Young's claims are
potentially meritorious because there is a reasonable probability that the outcome
of Mr. Young's trial would have been different had the evidence in Claims One
through Three been disclosed.  *See United States v. Bagley*, 473 U.S. 667, 682,
105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) (holding that evidence is material under
*Brady* if there is a reasonable probability that, had it been disclosed, the result of
the proceeding would have been different); *United States v. Sipe*, 388 F.3d 471,
478 (5th Cir. 2004) (holding that when there are multiple *Brady* violations, the
court must analyze the cumulative effect of the suppressed evidence).

### C.    Mr. Young Has Not Engaged In Dilatory Litigation Practices

The third *Rhines* factor is whether the petitioner has engaged in
intentionally dilatory litigation practices.  *Rhines*, 544 U.S. at 279.  This, in the
view of at least three justices in *Rhines*, is perhaps the most important
consideration.  In his concurring opinion, Justice Souter states that instead of
conditioning the availability of a stay upon good cause, he would "wait for the
alarm to sound when there is some indication that the a petitioner is gaming the
system." *Rhines*, 544 U.S. at 279 (Souter, J., Ginsburg, J., Breyer, J., concurring
in part and concurring in the judgment).

Mr. Young has not engaged in intentionally dilatory litigation.  Current
federal habeas counsel was appointed approximately seven months ago, on March
3, 2008, and was granted until October 20, 2008 to file the First Amended
Petition.  (Fed. Court docket nos. 29, 37.)  Federal habeas counsel began
investigating immediately and uncovered the factual bases for Claims One through
Three in the following months after appointment.  Under these circumstances, it is
clear that Mr. Young has not intentionally delayed pursuing the relief on his

unexhausted claims.  Indeed, he seeks the opportunity to have the State court decide the claims in the first instance through this Court's issuance of a stay.

### D.      The Stay Mr. Young Seeks Has Reasonable Time Limits

Even when a stay is appropriate under *Rhines*, district courts are advised to "place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278 *citing with approval Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001) (requiring petitioner to return to federal court 30 days after exhaustion is complete).

Mr. Young does not seek to stay his case indefinitely.  Mr. Young plans on filing a state application within sixty (60) days of this Court's grant of a stay. Within thirty (30) days of the state court's decision on that application, Mr. Young will file a Notice of Decision with this Court indicating whether he has been granted relief or whether he will be returning to federal court.[2]

---

[2] Pursuant to Local Rule CV 7-1(h), on October 15, 2008, counsel for Mr. Young contacted Assistant Attorney General Stephen Hoffman regarding this Motion.  Mr. Hoffman informed counsel that he opposed this Motion in that he had not seen the argument or documents supporting the Claims which are the subject of this Motion.  (Decl. of Brad D. Levenson.)

## III.   CONCLUSION

For the foregoing reasons, the Court should stay the federal action pending the conclusion of state exhaustion proceedings.

Respectfully submitted,
SEAN K. KENNEDY
Federal Public Defender

DATED: October 20, 2008            By  */s/ Brad D. Levenson*
                                   BRAD D. LEVENSON
                                   MARGO A ROCCONI
                                   Deputy Federal Public Defenders

                                   Counsel for Petitioner
                                   CLINTON LEE YOUNG

<u>DECLARATION OF BRAD D. LEVENSON</u>

I, Brad D. Levenson, hereby state and declare as follows:

1.      I am a Deputy Federal Public Defender in the Central District of California appointed to represent Clinton Lee Young in the above-entitled action. I am a member of the office's capital habeas unit, and I am one of the co-counsel on the *Young* matter.

2.      On October 15, 2008, pursuant to Local Rule CV-7(h), I contacted Mr. Stephen Hoffman.  I asked Mr. Hoffman whether he would oppose this Motion.  Mr. Hoffman informed me that he opposed this Motion because he had not seen the argument or documents supporting the Claims which are the subject of this Motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


DATED:  October 17, 2008            _____*/s/ Brad D. Levenson*_____
                                                            BRAD D. LEVENSON


11

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephen M. Hoffman
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, TX 78711

I further certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

Clinton Young #999447
Polunsky Unit
3872 Fm. 350 South
Livingston, TX 77351

/s/ Dolores Coultas
Dolores Coultas