Exhibit 53



# IN THE COURT OF CRIMINAL APPEALS

## STATE OF TEXAS

### AND

### IN THE DISTRICT COURT OF MIDLAND COUNTY, TEXAS

### 385ᵀᴴ JUDICIAL DISTRICT

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| Ex parte CLINTON LEE YOUNG, | * | NO. 27181 A |
| Applicant | * | |
| | * | |

## CLINTON LEE YOUNG'S ADDITIONAL GROUND AND MEMORANDUM SHOWING ENTITLEMENT TO RELIEF DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL

NOW COMES, Applicant, by and through his attorney, ORI T. WHITE, to present additional grounds showing that he is entitled to relief and memorandum in support thereof. The Applicant's initial Writ was filed on or about April 21, 2005. Applicant, CLINTON LEE YOUNG is illegally restrained in his liberty by the Director of the Texas Department of Criminal Justice, Institutional Division, by virtue of a judgment and

---

CLINTON LEE YOUNG'S ADDITIONAL GROUNDS AND MEMORANDUM SHOWING ENTITLEMENT TO RELIEF DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL                                        *Page 1*

sentence imposing a penalty of death rendered in cause no. CR-27181 in the 385th District

Court of Midland County, Texas. (See attached Appendix A). The Texas Court of

Criminal Appeals denied the Applicant relief in his direct appeal, *infra*.

I.   **APPLICANT'S GROUND 15. APPLICANT'S RIGHT TO EFFECTIVE
     ASSISTANCE OF COUNSEL WAS VIOLATED BY HIS TRIAL
     ATTORNEYS FAILING TO OBJECT TO THE COURT'S
     SUPPLEMENTAL JURY CHARGE: (A) BEING A COMMENT ON THE
     WEIGHT OF THE EVIDENCE; (B) ALLOWING THE JURY TO ANSWER
     THE SECOND SPECIAL ISSUE IN THE AFFIRMATIVE WITHOUT
     REQUIRING ALL TWELVE JURORS TO ANSWER "YES," AND
     (C) THAT THE INSTRUCTION PREVENTED THE JURY FROM
     "CONSIDERING CIRCUMSTANCES OF THE OFFENSE FAVORABLE
     TO APPELLANT THAT MIGHT HAVE BEEN CONSIDERED
     MITIGATING EVIDENCE."**

A.   **FACTUAL BACKGROUND:**

The Applicant was charged by amended indictment with causing the death of two

individuals, to wit: Samuel Petrey and Doyle Douglas. The jury found the Applicant

guilty of the capital murder alleged in paragraph one of the amended indictment and

guilty of capital murder alleged in paragraph two of the amended indictment. The

amended indictment states the following:

> *THE GRAND JURY for the County of Midland, State of Texas, duly selected,
> impaneled, sworn, charged, and organized as such by the 385th Judicial District
> Court for said County at the January Term of 2002 of the said Court, upon their
> oaths present in and to said Court that CLINTON LEE YOUNG, hereinafter styled
> Defendant, on or about the 26th day of November A. D., 2001, and before the
> presentment of this Indictment, in the County and State aforesaid did then and
> there intentionally and knowingly cause the death of an individual, Samuel Petrey,
> by shooting him with a firearm, and on or about the 25th day of November A.D.,
> 2001 in the County of Harrison and State of Texas during a different criminal*

000675

Ex. 53 - Page 629

Jan 16 06 05:22p    ORI WHITE                    432-336-2881              P.4

*transaction, the said CLINTON LEE YOUNG, did then and there intentionally and knowingly cause the death of an individual, Doyle Douglas, by shooting him with a firearm, and the said CLINTON LEE YOUNG murdered the said Samuel Petrey and the said Doyle Douglas pursuant to the same scheme and course of conduct;*

### PARAGRAPH II

*AND THE GRAND JURORS AFORESAID upon their oaths aforesaid, do further present in and to said court that CLINTON LEE YOUNG, hereinafter styled Defendant, on or about the 26th day of November A.D., 2001, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally cause the death of an individual, Samuel Petrey, by shooting him with a firearm, and the said CLINTON LEE YOUNG, did then and there intentionally cause the death of the said individual in the course of committing and attempting to commit the offense of kidnapping and robbery directed against Samuel Petray,*
*against the peace and dignity of the State.*

### 1. THE JURY'S QUESTION REGARDING THE PUNISHMENT CHARGE:

*Regarding Issue Number 2 cause the death of deceased individuals, intended to kill the deceased individuals.  Question: Do you have to believe both or at least one?*[1]

It is apparent from this question that the members of the jury were having a

difficult time deciding this issue and sought the Court's assistance.

### 2. COURT'S SUPPLEMENTAL INSTRUCTION:

The Court's supplemental instruction to the jury was as follows:

*Members of the jury.  Paragraph 1 of the indictment charged capital murder by the death of two individuals pursuant to the same scheme or course of conduct. Paragraph 2 of the indictment charged capital murder by the death of an individual during the course of kidnapping and robbery.  If your consideration of*

---

[1] 36 RR 135.

000676

*Issue No. 2 on punishment is as to Paragraph 1 of the indictment, the death of two individuals is required to be found by the jury. If your consideration is as to the second paragraph of the indictment, the death of an individual, Samuel Petrey, is required.[2]*

### 3. COURT OF CRIMINAL APPEALS CONCLUSION:

Appellate Counsel presented four points of error concerning the above instruction which were overruled by the Court of Criminal Appeals:

> On appeal, appellant claims that the instruction improperly coerced the jury to answer the second special issue in the affirmative, that the instruction allowed the jury to answer the second special issue in the affirmative without requiring all twelve jurors to answer "yes," that the instruction was an improper comment on the weight of the evidence, and that the instruction prevented the jury from "considering circumstances of the offense favorable to appellant that might have been considered mitigating evidence." Because appellant's objections at trial do not comport with the claims he now raises, he has failed to preserve those claims for appeal. Tex.R.App. P. 33.1. Appellant's first, second, third, and fourth points of error are overruled.[3]

Looking at the record in this cause at the time of the filing of Applicant's writ, it was impossible to predict that the Court of Criminal Appeals, sitting En Banc, would find that the 1st through 4th points of error would be overruled due to trial counsel failing to properly preserve Applicant's claims.  The decision rendered on September 28, 2005 makes the above issue relevant.

The objections stated by the Applicant's trial attorneys is summarized as follows:

- The court lessened the State's burden of proof under Special Issue Number

[2] 36 RR 135.

[3] *Young vs. State*, No. AP-74643, Sept. 28, 2005,  2005 WL 2374669 (Tex.Crim.App.).

---

*CLINTON LEE YOUNG'S ADDITIONAL GROUNDS AND MEMORANDUM SHOWING ENTITLEMENT TO RELIEF DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL*                    Page 4

2.[4]

- The court's supplemental instruction lessened the State's burden of proof which should have been beyond a reasonable doubt on Issue Number 2.[5]

- Sixth Amendment objection to being deprived of right to trial by jury.[6]

- Fourteenth Amendment objection based on violation of due process.[7]

- Objection under the Texas Constitution Article 10, Section 9, 10 and 19.[8]

- Objection under the 8th Amendment to the U.S. Constitution based on *Inman [sic] Enmund vs. Florida*, 458 U.S. 782.[9]

The Court of Criminal Appeals has decided that Applicant's trial attorneys did not preserve the appellate points 1 though 4. In Applicant's appeal, he alleged that the supplemental instruction: (A) was a comment on the weight of the evidence; (B) allowed the jury to answer the second special issue in the affirmative without requiring all twelve jurors to answer "yes,"and (C)prevented the jury from "considering circumstances of the offense favorable to appellant that might have been considered mitigating evidence." Therefore, it appears to be the law of this case that trial counsel failed to preserve the

---

[4]36 RR 136, Lines 2 -7.

[5]36 RR 136, Lines 8-20.

[6]36 RR 136, Lines 21-23.

[7]36 RR 136, Lines 21-23.

[8]36 RR 136, Lines 1-4.

[9]36 RR 137, Lines 5-10.

000678

Ex. 53 - Page 632

error.

## 4. THE PROBLEMATIC PUNISHMENT CHARGE

In fact the jury's question goes to the heart of the issue: *Regarding Issue Number 2 cause the death of deceased individuals, intended to kill the deceased individuals. Question: Do you have to believe both or at least one?*[10] The punishment charge failed to delineate that ISSUE NO. 2 requires independent consideration of paragraph one and paragraph two of the amended indictment. Tex.Code Crim. Proc. art. 37.071, § 2(e)(1). (See Charge on Punishment attached as Appendix B.)

The jury recognized the complexity of the issue, and the Court in attempting to resolve the problem gave the supplemental instruction, *supra.*   The Court employment of the following imperative language deprived Applicant of a trial by jury on ISSUE NO. 2. *If your consideration of Issue No. 2 on punishment is as to Paragraph 1 of the indictment, the death of two individuals is required to be found by the jury. If your consideration is as to the second paragraph of the indictment, the death of an individual, Samuel Petrey, is required.*[11] *(Emphasis Added).*

The jury could have understood this language to be mandatory.  The context certainly reads as compelling the jury to make that finding. The Court may have actually meant for it to be mandatory by stating: "The jury found him guilty of the death of

---

[10] 36 RR 135.

[11] 36 RR 135.

Jan 16 06 05:23p     ORI WHITE              432-336-2881           p.8

Samuel Petrey during the course of committing kidnapping and robbery. It would be erroneous for the Court now to say that they can disregard that finding of capital murder and only   and still now have to go back to the East Texas murder as well."[12]

**B.     LEGAL ARGUMENT.**

    **1.     Ineffective Assistance of Counsel.**

    *Strickland v  Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), sets the standard for ineffective assistance of counsel claims. First, the Applicant must demonstrate that his counsel's performance was deficient. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the Applicant must demonstrate that the deficient performance prejudiced him. *See id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

    **a.  Applicant's trial attorneys were deficient in failing to properly object and preserve appellate points at trial.**

    This has already been found by the Court of Criminal Appeals, to wit: "Because appellant's objections at trial do not comport with the claims he now raises, he has failed to preserve those claims for appeal  Tex R App. P. 33.1. Appellant's first,

---

[12]36 RR 137, Lines 15-20.

Jan 16 06 05:23p    ORI WHITE              432-336-2881         p.9

second, third, and fourth points of error are overruled."[13]

   b. Applicant's counsels' errors were so serious that they deprived him of a

fair trial and meaningful appellate review.

   It is well settled law that the Court may issue additional instructions, so long as the

instructions could have been properly issued in the original charge to the jury. The

Appellate Court in *Guajardo v. State* 176 S.W.3d 402 (Tex.App.-Houston [1 Dist.],2004)

stated:

> When the trial judge responds substantively to a jury question during deliberations,
> that communication essentially amounts to an additional or supplemental jury
> instruction. *Daniell v. State*, 848 S.W.2d 145, 147 (Tex.Crim.App.1993). A trial
> court has broad discretion in submitting proper definitions to the jury. *Raise v.
> State*, 7 S.W.3d 225, 242 (Tex.App.-Austin 1999, pet. ref'd). A trial court is
> allowed to give a supplemental instruction if requested by the jury. *See Garza v.
> State*, 55 S.W.3d 74, 77 (Tex.App.-Corpus Christi 2001, pet. ref'd) (stating that, if
> prerequisites of article 36.16 are met, court may give supplemental charge);
> Tex.Code Crim. Proc. Ann. art. 36.16 (Vernon Supp.2004).

   The Court's instruction in the case, *sub judice*, was used mandatory language and

conflicted with the instructions in the punishment charge relevant to ISSUE NO. 2. The

*State still had the burden of proving the issue beyond a reasonable doubt* which the

supplemental instruction failed to mention. Moreover, there is no mention of that intent

or anticipation of death was required. There is a very real danger that the jury took the

instruction as commanding them to find affirmatively on that vital issue.

   In *Brown v. State*, 122 S.W.3d 794, 799 (Tex.Crim.App.,2003), the Court of

---

[13]*Young vs. State*, No. AP-74643. Sept. 28, 2005,  2005 WL 2374669 (Tex.Crim.App.).

000681

Criminal Appeals lucidly discussed a similar issue:

> On the far end of the "improper-judicial-comment" scale is a comment or instruction that states a mandatory presumption and thereby violates due process. Mandatory presumptions violate due process by shifting the burden of production or proof to a criminal defendant on a critical fact or element of the offense. Thus, in *Francis v. Franklin*, a case factually similar to this one-in which the defendant fired a shot through a door, killing someone-the Supreme Court held that the first two sentences of the following instruction violated due process:
>
>> The acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted.[14]

*Brown*, 122 S.W.3d 794 at 799 (Tex.Crim.App.,2003)[15]

The above language constituted reversible error because "[t]he challenged sentences are cast in the language of command." *Id.*

In the Applicant's case, command language is contained in the supplemental instruction given to the jurors. . There was no mention of the State's burden of proof. Standing alone, the supplemental instruction in this case shifted

---

[14]*Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

[15]Citing. *Sandstrom v. Montana*, 442 U.S. 510, 514-19, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Ulster Cty. Ct. v. Allen*, 442 U.S. 140, 157-63, 99 S.Ct. 2213, 60 L.Fd.2d 777 (1979); *Mullaney v. Wilbur*, 421 U.S. 684, 696-704, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975)

000682

Ex. 53 - Page 636

the burden of proof and was not authorized by statute.[16] The Court, in *Brown*, proclaimed that "to meet due process, any such instruction must be permissive rather than mandatory. . ." The mandatory language created and conveyed the thought that they were "required" to find in the affirmative. The omission of the State's burden of proof and the mental state in the supplemental instruction caused the Applicant to suffer egregious constitutional harm. Therefore, the error was fundamental error and deprived the Applicant of the right to trial by jury and Due Process on that issue.

When a jury asks a question during the process of deliberation, a balanced and clear response is required. "Under those circumstances a trial judge must be acutely sensitive to the probability that the jurors will listen to his additional instructions with particular interest and will rely more heavily on such instructions than on any single portion of the original charge." *U.S. v. Carter* 491 F.2d 625, 633 (C.A.Miss. 1974).

The timing of the supplemental charge occurred at the punishment phase and was the last instruction given to the jury which makes the impact even more dangerous to the Applicant. 'The influence of the trial judge on the jury is necessarily and properly of great weight,' *Starr v. United States*, 153 U.S. 614, 626,

---

[16] The Court described instructions which state a mandatory presumptions as being "on the far end of the 'improper-judicial comment' scale. *Brown* at 799.

000683

14 S.Ct. 919, 923, 38 L.Ed. 841, and jurors are ever watchful of the words that fall from him. Particularly in a criminal trial, **the judge's last word is apt to be the decisive word.** *Bollenbach v. U.S.* 326 U.S. 607 at 612, 66 S.Ct. 402 at 405 (U.S. 1946). (Emphasis added.)

When the maximum sentence authorized by law depends upon the existence of a fact, the Fifth and Sixth Amendments require the fact to be proven to a jury beyond a reasonable doubt. In order for the Applicant to be sentenced to death, a finding on issue number 2 was required by Tex.Code Crim. Proc. art. 37.071, § 2(e)(1).

In *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999), the Court stated the rule of constitutional law that addresses the presented: "[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Jones construed a federal carjacking statute to avoid the grave constitutional questions that would have arisen if the statute had allowed judges to find facts that authorize a longer sentence. *Jones*, 526 U.S. at 239. Jones asked whether "an unlimited legislative power to authorize determinations setting ultimate sentencing limits without a jury would invite erosion of the jury's function to a point against which a line must necessarily be

drawn." Id. at 244. The Court drew that line in *Apprendi*, 530 U.S. at 491-92,
when it held that the Due Process Clause prohibited a state court judge from
deciding a fact that increased a maximum sentence. The legislature's designation
of the fact as a "sentence aggravator" rather than an "offense element" provided no
principled basis for diluting constitutional safeguards. *Id.* at 476. The
constitutional focus must be on "effect," not "form." *Id.* at 494.

The supplemental instruction appears on its face to substitute the Court's
judgment for the jury's. The trial court's submission of the supplemental charge
constitutes reversible charge error under *Almanza v. State*, 686 S.W.2d 157
(Tex.Crim.App.1984). It is well-settled that an appellant who complains on appeal
of an unobjected-to, non-constitutional jury charge error will obtain a reversal only
if the error is so egregious and created such harm that he has not had a fair and
impartial trial on punishment.

**The Supplemental Instruction's Impact:** As stated previously, the use of
mandatory language could have caused the jury to feel that they were "required" to
find ISSUE NO. 2 affirmatively. The fact that they were apparently having some
challenges deciding the issue; otherwise, they would not have asked the question.
They could have considered the use of the imperative term as foreclosing further
deliberation on the issue.

Besides the testimony of David Page who was a party to both murders, the

000685

jury may have been struggling with his progressively casting the blame on the Applicant in each of his confessions.[17] The jury may have recalled that Page's hands glowed in response to the presumptive trace metal test but did not match any pictures in the officer's book.[18] It is reasonable to conclude that the jury struggled with Page's confession that he killed Petrey with gloves on which was corroborated by Page's DNA being present in the inside of the palm area of the gloves.[19]

The supplemental instruction did not mention the State's burden and does not mention "intent" or "anticipation of death." This is how it constituted a comment on the weight of the evidence. The instruction prevented the jury from "considering circumstances of the offense favorable to appellant that might have been considered mitigating evidence because once the Court employed mandatory language, the jury could have taken it that it was settled that the Applicant either actually caused the death of the individuals or anticipated that human life would be taken.

The impact on the Applicant is substantial. For example, the jury may have had doubts about Applicant's intent or his anticipation of human life being taken.

---

[17] 26 RR 260-262; 27 RR 6-29.

[18] 25 RR 101-102.

[19] 27 RR 271-275; 25 RR 97.

*APPLICATION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM SHOWING ENTITLEMENT TO RELIEF DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL*                                                 *Page 13*

000686

Jan 16 06 05:24p     ORI WHITE              432-336-2881          P.15

What is of Constitutional concern, is that the instruction allows 6 jurors to believe that the Applicant intended or anticipated that the life of Doyle Douglas would be taken and 6 jurors to believe that the Applicant intended or anticipated that the life of Samuel Petrey would be taken to answer ISSUE NO. 2 affirmatively. It would not have to be 6 and 6, it could be any combination thereof.

Therefore, the instruction did allow the jury to answer the second special issue in the affirmative without requiring all twelve jurors to answer "yes,". This is a serious non-unanimous verdict potential on special issue number two. The Punishment Charge states that "The members of the jury need not agree on what particular evidence supports a negative answer." However, it does not state that they have to agree on what evidence supports a positive one.

In *Ring v. Arizona*, 122 S. Ct. 2428 (June 24, 2002), the Supreme Court applied *Apprendi* to the capital sentencing context. The court drew a simple rule from *Apprendi*. "If a State makes an increase in a defendant's authorized punishment contingent on a finding of fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt." *Id.* at 9 (citing *Apprendi v. New Jersey*, 530 U.S. 466 at 482-83 (2000)). This Court accordingly struck down the Arizona statute, which permitted a judge alone to make fact findings essential to the imposition of the death penalty. Under *Ring* and *Apprendi*, the factual findings set out in TEX. CODE CRIM. PROC. art. 37.071 are not mere

000687

Ex. 53 - Page 641

sentencing factors. When a defendant is convicted of capital murder in Texas, the maximum punishment authorized by law is life imprisonment. The State may announce, before trial, whether it intends to pursue the death penalty. If it does not, the defendant, upon conviction, simply receives a life sentence identical to what he would have received had the State sought the death penalty unsuccessfully. TEX. CODE CRIM. PROC. art. 37.071.[20]

The Court of Criminal Appeals has decided that the Applicant's trial attorneys waived the error. Even they did not object to the charge specifically on the grounds set out in Appellant Points 1 through 4, the submission of the supplemental charge was error, and its submission to the jury constitutes egregious error.[21] Egregious error must "go to the very basis of the case," deprive the accused of a "valuable right," or "vitally affect his defensive theory." *Almanza*, 686 S.W.2d at 172. Egregious error deprives the defendant of a fair and impartial trial.[22]

## II.   INEFFECTIVE ASSISTANCE ISSUES AND SUBSEQUENT APPLICATION ISSUES.

The law on raising subsequent matters after a 11.071 Writ has been filed is

---

[20]*Jimenez v. State*, 32 S.W.3d 233, 235 (Tex.Crim.App.2000); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

[21]*Almanza*, 686 S.W.2d at 172.

[22]*Jimenez*, 32 S.W.3d at 235; Accord. *Garza v. State* 55 S.W.3d 74, 77 (Tex.App.-Corpus Christi,2001).

000688

Ex. 53 - Page 642

as follows:

*CRIM PRO Art. 11.071  Subsequent Application*

> *Sec. 5. (a) If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:*
>
> *(1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or > Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;*
>
> *(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt; or*
>
> *(3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under > Article 37.071 or > 37.0711.*

Applicant's trial attorneys made what certainly would be regarded as a long and comprehensive objection to the supplemental charge.[33]  Certainly, there was no

---

[33]   36 RR 136-37.  The objections stated by the Applicant's trial attorneys is summarized as follows:

- The court lessened the State's burden of proof under Special Issue Number 2.
- The court's supplemental instruction lessened the State's burden of proof which should have been beyond a reasonable doubt on Issue Number 2.

000689

~intent on the part of those zealous advocates to intentionally waive any error. The most notable statutory omission was failing to object under Tex.Code Crim. Proc. Ann. art. 36.16.

There was no strategic reason for failing to preserve the errors which Appellate Counsel attempted to address in Points 1 through 4.   In fact, their objections apparently fell short in light of the Court of Criminal Appeal's decision rendered on September 28, 2005.[24]

It would have been very difficult for any counsel, including appellate counsel and prior 11.071 counsel, to foresee that the objections raised at trial did not properly preserve appellate errors 1 though 4 because the objections were very broad in scope.  Therefore, this issue could not have been raised prior to September 28, 2005 because counsel reasonably thought that he had properly preserved those points.  Therefore, it appears that on this issue, the Applicant has met the burden described in 11.071 Sec. 5(a).  Nevertheless, the Applicant did not obtain appellate review of 4 vital points due to trial counsels' mistake and was

- Sixth Amendment objection to being deprived of right to trial by jury.
- Fourteenth Amendment objection based on violation of due process.
- Objection under the Texas Constitution Article 10, Section 9, 10 and 19.
- Objection under the 8th Amendment to the U.S. Constitution based on *Innats* [sic] *Enmund vs. Florida*, 458 U.S. 782.

[24]*Young vs. State*, No. AP-74643, Sept. 28, 2005. 2005 WL 2374669 (Tex.Crim.App.).

000690

Ex. 53 - Page 644

materially prejudiced by being deprived of a jury rendering a decision on ISSUE

NO. 2 in violation of the Due Process Clause of the Fifth Amendment and the

notice and jury trial guarantees of the Sixth Amendment of the U.S. Constitution.

Applicant is entitled to relief.

### PRAYER

For the foregoing reasons, applicant respectfully prays that the Court:

1.  Grant this writ of habeas corpus, returnable to the Court of Criminal
    Appeals;

2.  Hold an evidentiary hearing;

3.  Reform his sentence to life imprisonment or remand him to the

    custody of the local Sheriff to answer the indictment as the law and

    facts may require.

Respectfully Submitted,

**ORI T. WHITE**
**Attorney at Law**
**P. O. Box 160**
**Fort Stockton, TX 79735**
**432-336-2880 / 432-336-2881 (facsimile)**

LORI T. WHITE, Texas Bar No. 21321600
**COURT-APPOINTED COUNSEL FOR**
**CLINTON LEE YOUNG, APPLICANT**

CLINTON LEE YOUNG'S ADDITIONAL GROUNDS AND MEMORANDUM
SHOWING ENTITLEMENT TO RELIEF DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL          Page 18

000691

Ex. 53 - Page 645

## AFFIDAVIT

STATE OF TEXAS      §
COUNTY OF PECOS     §

On January 16, 2006, appeared Ori T. White, a person known to me, who, after being by me first duly sworn, deposed and stated:

"My name is Ori T. White and I am an attorney licensed by the State Bar of Texas. I am the attorney of record for Clinton Lee Young, the applicant in the above-entitled and numbered cause. I have read the allegations in the above and foregoing request and the allegations therein are true and correct according to my belief.

"FURTHER AFFIANT SAYETH NOT."



           Ori T. White

SUBSCRIBED AND SWORN TO before me the undersigned official on this January 16, 2006

> DEBORAH L. HANSON
> NOTARY PUBLIC STATE OF TEXAS
> COMMISSION EXPIRES:
> OCTOBER 19, 2009

          Notary Public in and for
          THE STATE OF TEXAS

## CERTIFICATE OF DELIVERY

I herein certify that on January 16, 2006, a true and correct copy of the above and foregoing application for writ of habeas corpus was delivered to the Midland County District Attorney's Office.

000692

Ex. 53 - Page 646

# Appendix A

Jan 16 06 05:25p    ORI WHITE            432-336-2881         P.22

EXHIBIT NO. _A-6_          FILED

'2014 PM 4:43

NO. CR 27181

THE STATE OF TEXAS          *       IN THE DISTRICT COURT

V.                          *       385TH JUDICIAL DISTRICT

CLINTON LEE YOUNG           *       MIDLAND COUNTY, TEXAS

## JUDGMENT OF CAPITAL MURDER AND
## SENTENCE OF DEATH

| | |
|---|---|
| Judge Presiding: | JOHN HYDE |
| Date of Judgment: | 11TH DAY OF APRIL, 2003 |
| Date of Sentence: | 11TH DAY OF APRIL, 2003 |
| STD No. : | 5916214 |
| DOB: | 7/19/1983 |

Attorney for State:    AL SCHORRE & TERESA CLINGMAN
Attorney for Defendant: PAUL WILLIAMS, RADION CANTACUZENE &
J. K. (RUSTY) WALL

Offense Convicted:     CAPITAL MURDER
Degree:                SPECIAL DEGREE FELONY OFFENSE

Date Offense Committed: 26TH DAY OF NOVEMBER, 2001

Charging Instrument: Indictment/Information
Plea to primary offense: NOT GUILTY

Jury Verdict: GUILTY OF THE OFFENSE OF CAPITAL MURDER IN
PARAGRAPH I & II OF THE INDICTMENT

Foreperson: JAMES BOBO

Punishment Assessed by: THE JURY

Punishment: DEATH

Restitution/Reparation: NONE ASSESSED

000694

NO. CR27181

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| V. | * | 385TH JUDICIAL DISTRICT |
| CLINTON LEE YOUNG | * | MIDLAND COUNTY, TEXAS |

## JUDGMENT OF CAPITAL MURDER AND
## SENTENCE OF DEATH

On the 22nd day of January, 2003, the above numbered and entitled cause was regularly reached and called for trial, when came the State of Texas by her District Attorney, and the Defendant in person and by his Attorney and both parties announced ready for trial, and the Defendant in open Court pleaded not guilty to the charges contained in the indictment herein; thereupon a jury was duly selected, impaneled, and sworn, who, having heard the indictment read, and the Defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the Court, retired in charge of the proper officer to consider their verdict, and afterward were brought into open Court by the proper officer, the Defendant and his counsel being present, and in due form of law returned into open Court the following verdicts, which were received by the Court, and is here now entered upon the minutes of the Court, to-wit:

We, the jury, find beyond a reasonable doubt that the defendant, CLINTON LEE YOUNG, is guilty of the offense of CAPITAL MURDER of Samuel Petrey and Doyle Douglas as charged in paragraph I of the indictment.

March 26, 2003
DATE

/S/ JAMES BOBO
PRESIDING JUROR

000695

Ex. 53 - Page 649

life would be taken?  Answer by stating "yes" or
"no."

Answer: YES


ISSUE NO. 3

Do you find from the evidence, taking into
consideration all of the evidence, including the
circumstances of the offense, the circumstances of
the defendant, his character and background, and
the personal moral culpability of the defendant,
that there is a sufficient mitigating circumstance
or circumstances to warrant that a sentence of
life imprisonment rather than a death sentence be
imposed?  Answer by stating "yes" or "no."

Answer:  NO


        We, the jury, having answered the foregoing
issues, return the same into Court as our verdict.


11TH DAY OF APRIL, 2003           /S/ JAMES BOBO
DATE                              PRESIDING JUROR


        IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED, AND
DECREED that the said Defendant, CLINTON LEE YOUNG, is
guilty of the felony offense of CAPITAL MURDER as charged in
paragraph I and II of the indictment, and that the Defendant
committed the said offense on the 26TH DAY OF NOVEMBER, 2001,
and that the punishment of the said Defendant is fixed at
DEATH, and that the State of Texas do have and recover of
and from the said Defendant all costs in this proceeding
incurred for which let execution issue.

        And the Defendant being asked by the Court if
sufficient reason existed why the sentence of this Court
should not be pronounced, failed to give such reason;
whereupon the Court proceeded, in the presence of the said
Defendant and his attorney to pronounce sentence as follows:

        WHEREAS, the Defendant, CLINTON LEE YOUNG, has been
adjudged guilty of the offense of CAPITAL MURDER by the jury
and the jury having further answered that there IS a
probability that the said Defendant would commit criminal
acts of violence that would constitute a continuing threat

We, the jury, find beyond a reasonable doubt that
the defendant, CLINTON LEE YOUNG, is guilty of the
offense of CAPITAL MURDER of Samuel Petrey as
charged in paragraph II of the indictment.

March 26, 2003                      /S/ JAMES ROBO
DATE                                PRESIDING JUROR

And on the 27th day of March, 2003, this cause being
again called, the State appeared by her District Attorney
and the defendant, CLINTON LEE YOUNG, appeared in person,
his counsel also being present, and the same jury being
called to assess the punishment, evidence was presented to
the same jury in the matter of assessing punishment.  The
same jury after hearing all the evidence presented by the
State and the defendant for the purpose of assessing
punishment, and having heard argument of counsel, again
retired in charge of the proper officer to consider their
verdict, and afterward were again brought into court by the
proper officer, the defendant and his counsel being present,
and in due form of law returned into open court the
following verdict, which was received by the Court and is
here now entered upon the minutes of the Court, to-wit.

ISSUE NO. 1

Do you find from the evidence beyond a reasonable
doubt that there is a probability that the
defendant would commit criminal acts of violence
that would constitute a continuing threat to
society?  Answer by stating, "yes," (there is a
probability)  or  "no," (there is not a
probability).  Answer by stating "yes" or "no."

Answer: YES

ISSUE NO. 2

Do you find from the evidence beyond a reasonable
doubt that the defendant, himself, actually caused
the death of the deceased individuals or he did
not himself actually cause the death of the
deceased individuals, but he intended to kill the
deceased individuals or anticipated that human

## CERTIFICATE OF FINGERPRINTS

I, the undersigned witness, hereby certify that on this day, I affixed the thumbprints of the defendant as appearing below on the Judgment in cause number CR 27181   rendered in the 385TH District Court of Midland County, Texas and witnessed the said Defendant affix his or her signature thereto.

SIGNED the _14_ DAY OF _April_ , 20 03.

_Ronald T. Beasley_
SIGNATURE OF WITNESS

_MCSD_
OFFICE OF WITNESS

I, the defendant in this cause, hereby certify that the thumbprints appearing below are my thumbprints affixed by me to the Judgment in cause number CR 27181   in the 385TH District Court of Midland County, Texas on the _14_ DAY OF _April_ , 20 03.

CLINTON LEE YOUNG
CAUSE NUMBER CR 27181
STATE ID. NUMBER: 5916214
BIRTH DATE: 7/19/1983

DEFENDANT'S LEFT
THUMBPRINT BELOW

DEFENDANT'S RIGHT
THUMBPRINT BELOW





000698

Ex. 53 - Page 652

to society, that the defendant, himself, actually caused the death of the deceased individuals or he did not himself actually cause the death of the deceased individuals, but he intended to kill the deceased individuals or anticipated that human life would be taken, and the jury having further answered after taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, that there is NOT sufficient mitigating circumstance or circumstances that a sentence of life imprisonment rather than a death sentence be imposed, IT IS THE ORDER OF THIS COURT that the said Defendant, CLINTON LEE YOUNG, is hereby sentenced to DEATH, but the law further providing for an automatic appeal to the Court of Criminal Appeals of the State of Texas, the sentence of DEATH is suspended until the decision of the Court of Criminal Appeals has been received by this Court affirming the conviction and sentence of the Defendant.

The Defendant is remanded to the custody of the Sheriff of Midland County, Texas, to be transported to the Institutional Division of the Texas Department of Criminal Justice, there to await the action of the Court of Criminal Appeals and the further order of this Court.

Signed the 14th day of April, 2003.

APPEAL AUTOMATIC

JUDGE PRESIDING
385TH DISTRICT COURT
MIDLAND COUNTY, TEXAS

000699

FILED

~ 2006 201 0:07

NO. CR 27181

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| V. | * | 385TH JUDICIAL DISTRICT |
| CLINTON LEE YOUNG | * | MIDLAND COUNTY, TEXAS |

### ABSTRACT OF DISPOSITION

The defendant in the above entitled and numbered cause was convicted of the offense of CAPITAL MURDER in paragraph I and II of the indictment and sentenced to DEATH.

SIGNED the 14 day of April , 20 07

JUDGE PRESIDING
385TH DISTRICT COURT
MIDLAND COUNTY, TEXAS

000700

Ex. 53 - Page 654

# Appendix B

Jan 16 06 05:27p   ORI WHITE                432-336-2881            p.30

FILED

APR 10, 2003

JUDGE JOHN G. HYDE
238th DISTRICT COURT
BY

NO. CR 27,181

| THE STATE OF TEXAS | | IN THE DISTRICT COURT |
|---|---|---|
| V. | | 385TH JUDICIAL DISTRICT |
| CLINTON LEE YOUNG | | MIDLAND COUNTY, TEXAS |

### CHARGE ON PUNISHMENT

**Ladies and Gentlemen of the Jury:**

You have found the defendant guilty of the offense of capital murder. You are instructed that a sentence of either life or death is mandatory on conviction for capital murder. In order for the court to assess the proper punishment, certain questions or issues are submitted to you. Before answering these issues you will consider the following instructions:

**1.**

In arriving at the answers to the issues submitted, it will not be proper for you to arrive at your answers by lot, chance or any method other than by a full, fair and free exchange of the opinion of each individual juror. In answering the issues submitted to you, the jury must not be swayed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feelings.

After you have answered the issue or issues in this charge, the presiding juror shall write the jury's answer or answers in

- 1 -

000702

the spaces provided and sign the verdict form.

**2.**

In deliberating on issues in this case except as provided in the following paragraph, the jury shall consider all evidence admitted at the guilt or innocence stage and the punishment stage, including evidence of the defendant's background or character or circumstances of the offense that militate for or mitigate against the imposition of the death penalty.

The Jury's answer or answers to the issues must be directly related to the defendant's personal culpability. You are instructed in answering Issue No. 1 and Issue No. 2 that only the conduct of the defendant can be considered and that the instructions pertaining to the conduct of other persons under the law of parties heretofore given you on guilt/innocence cannot be considered in answering Issue No. 1 or in answering Issue No. 2.

The jury shall answer "yes" or "no" to any issue answered by the jury.

**3.**

Under the law applicable in this case, if the jury answers Issue No. 1 and Issue No. 2 "yes", and the jury answers Issue No. 3 "no," the law requires the Court to assess the punishment of the defendant at death. If the jury answers Issue No. 1 or Issue No. 2 "no," the law requires the Court to assess the punishment of the defendant at life imprisonment. If the jury answers Issue No. 1 and Issue No. 2 "yes" and the jury answers Issue No. 3

- 2 -

000703

Ex. 53 - Page 657

"yes," the law requires the Court to assess the punishment of the defendant at life imprisonment.

### 4.

You are instructed that in answering Issue No. 1 the State has the burden to prove beyond a reasonable doubt that the answer should be "yes." The jury may not answer Issue No. 1 "yes" unless the jury agrees unanimously on the answer, AND the jury may not answer Issue No. 1 "no" unless ten or more jurors agree. The members of the jury need not agree on what particular evidence supports a negative answer. If any juror has a reasonable doubt as to his or her answer to Issue No. 1, the juror shall vote "no" to that issue.

### 5.

**ISSUE NO.1**

Do you find from the evidence beyond a reasonable doubt that there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society? Answer by stating, "yes," (there is a probability) or "no," (there is not a probability). Answer by stating "yes" or "no."

Answer _Yes_ _James E Ellis_ 4/10/03

### 6.

If you have answered "no" to Issue No. 1, do not answer

- 3 -

000704

Ex. 53 - Page 658

Issue No. 2.   Answer Issue No. 2 only if you have answered "yes" to issue No. 1.

You are instructed that in answering Issue No. 2 the State has the burden to prove beyond a reasonable doubt that the answer should be "yes."   The jury may not answer Issue No. 2 "yes" unless the jury agrees unanimously on the answer, AND the jury may not answer Issue No. 2 "no" unless ten or more jurors agree. The members of the jury need not agree on what particular evidence supports a negative answer.   If any juror has a reasonable doubt as to his or answer to Issue No. 2, the juror shall vote "no" to that issue.

7.

ISSUE NO. 2

Do you find from the evidence beyond a reasonable doubt that the defendant, himself, actually caused the death of the deceased individuals or he did not himself actually cause the death of the deceased individuals, but he intended to kill the deceased individuals or anticipated that human life would be taken? Answer by stating "yes" or "no."

Answer __YES__ _James E Bolo 4/10/03_

8.

Answer Issue No. 3 only if you have answered "yes" to Issue No. 1 and Issue No. 2.   In considering Issue No. 3, there is no burden of proof on either side.

You are instructed that in answering Issue No. 3, the jury

- 4 -

000705

shall answer the issue by stating "yes" (there is a sufficient mitigating circumstance or circumstances) or "no" (there is not a sufficient mitigating circumstance or circumstances).  The jury may not answer Issue No. 3 "no" unless the jury agrees unanimously, AND the jury may not answer Issue No. 3 "yes" unless ten or more jurors agree.

The members of the jury need not agree on what particular evidence supports an affirmative finding on this issue.  The jury shall consider mitigating evidence to be evidence that a juror might regard as reducing the defendant's moral blameworthiness or which would make a death sentence inappropriate in this case.  In answering Issue No. 3, you are further instructed that there is no presumption that a sentence of death or life imprisonment is more appropriate.  If the jury answers that a circumstance or circumstances warrant that a sentence of life imprisonment rather than a death sentence be imposed, the court will sentence the defendant to imprisonment in the institutional division of the Texas Department of Criminal Justice for life.  If the jury finds that there is no sufficient mitigating circumstance or circumstances to warrant a life sentence rather than a death sentence, the Court will sentence the Defendant to death.

9.

ISSUE NO. 3

Do you find from the evidence, taking into consideration all of the evidence, including the circumstances of the offense, the

- 5 -

000706

circumstances of the defendant, his character and background, and the personal moral culpability of the defendant, that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?  Answer by stating "yes" or "no."

Answer ___NO___  *James E Bibb* 4/11/03

### 10.

You are instructed that if there is testimony or evidence before you in this case introduced by the State regarding the Defendant having committed acts or participated in transactions other than the offense of capital murder of which you have found the defendant guilty, you are instructed that you cannot consider such other acts or transactions, if any, against the defendant in answering the special issues submitted to you unless you find beyond a reasonable doubt that the defendant committed such other acts or participated in such other transactions, if any, and if you do not so believe or if you have a reasonable doubt thereof, you shall not consider such testimony or evidence introduced by the State, if any, for any purpose against the defendant.

### 11.

Under the law applicable in this case, if the defendant is sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for life, the defendant will become eligible for release on parole, but not until the actual time served by the defendant equals 40 years, without

- 6 -

000707

Ex. 53 - Page 661

consideration of any good conduct time.  It cannot accurately be
predicted how the parole laws might be applied to this defendant
if the defendant is sentenced to a term of imprisonment for life
because the application of those laws will depend on decisions
made by prison and parole authorities, but eligibility for parole
does not guarantee that parole will be granted.

### 12.

In a criminal case the law permits a defendant to testify in
his own behalf but he is not compelled to do so, and the same law
provides that the fact that a defendant does not testify shall
not be considered as a circumstance against the defendant.  You
will, therefore, not consider the fact that the defendant did not
testify as a circumstance against the defendant; and you will not
in your retirement to consider your verdict allude to, comment
on, or in any manner refer to the fact that the defendant has not
testified.

### 13.

As in the first phase of the trial, you have been provided
with notebooks and permitted to take notes during the testimony.
You are instructed that these notes are to assist you in
recalling the testimony.  However, these notes are not evidence
and should not be used as such.  If your memory or recollection
of the evidence differs from the notes of a juror, you should
rely on your memory.  If the jury disagrees as to the testimony
of any witness, they may, upon application to the Court, have

- 7 -

000708

Ex. 53 - Page 662

read to them from the Court Reporter's notes that part of a
witness' testimony on the particular part in dispute and no
other.

### 14.

After the reading of this charge, you shall not be permitted
to separate from each other; nor shall you talk with anyone not
of your jury.  After argument of counsel, you will retire and
consider your answers to the issues submitted to you.  It is the
duty of your presiding juror to preside in the jury room, and to
vote with you on the answer to each issue answered by the jury
and to sign the verdict of the jury.

_____  4/10/03
JUDGE PRESIDING
185TH DISTRICT COURT
MIDLAND COUNTY, TEXAS

### VERDICT OF THE JURY

We, the jury, having answered the foregoing under the
direction of the Court, return the same into Court as our
verdict.

4/11/03                        James E Bolo
_____       _____
DATE                          PRESIDING JUROR

- 8 -

000709

Ex. 53 - Page 663

FILED

2006 JAN 17 AM 9:38

JEAN BOYD, DISTRICT CLERK
MIDLAND COUNTY, TEXAS

BY _____ DEPUTY

IN THE COURT OF CRIMINAL APPEALS
STATE OF TEXAS

AND

IN THE DISTRICT COURT OF MIDLAND COUNTY, TEXAS
385TH JUDICIAL DISTRICT

|  |  |
|---|---|
| Ex parte CLINTON LEE YOUNG, * | NO. 27181 A |
| Applicant * |  |

FAX COVER: 432-688-4934          PAGE 1 OF 37          District Clerk

CC:   RALPH PETTY, ASSISTANT D.A. 688-4380

ENCLOSED PLEASE FIND:

## CLINTON LEE YOUNG'S ADDITIONAL GROUND AND MEMORANDUM SHOWING ENTITLEMENT TO RELIEF DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL

RESPECTFULLY SUBMITTED:

ORI T. WHITE
SBN: 21321600
107 EAST 4TH STREET
P.O. BOX 160
FORT STOCKTON, TX 79735
432 336 2880

PAGE 1

000710

Ex. 53 - Page 664