Exhibit 69

NO. *02-0077X*

The State of Texas Vs. Mark Ray

Charge: Capital Murder

Penal Code Section: 19.03

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The Grand Jury for the County of Harrison, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the **JANUARY – FEBRUARY** Term, A.D. 2002, of the 71st Judicial District Court of said County, upon their oaths present in and to said Court, that **Mark Ray**, on or about the **25th** day of **November**, A.D.2001, and before the presentment of this indictment, in said County and State, did then and there

**PARAGRAPH A**

intentionally cause the death of an individual, namely, Doyle Douglas, by shooting him with a firearm, namely a gun, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Doyle Douglas

**PARAGRAPH B**

**AND THE GRAND JURORS AFORESAID** do further present that Mark Ray, on or about the 25th day of November, A.D. 2001, and before the presentment of this indictment, in said County and State, did then and there intentionally cause the death of an individual, namely, Doyle Douglas, by shooting him with a firearm, namely a gun and the defendant was then and there in the course of committing or attempting to commit the offense of kidnapping of Doyle Douglas

A TRUE COPY
of the Original hereof, I certify
*Sherry Griffis*
District Court Clerk
Harrison County, Texas
By

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Foreman of the Grand Jury.

**Ex. 69 - Page 798**

THE STATE OF TEXAS

NO. _____

02-0077X

IN THE DISTRICT COURT

VS.

Mark Wayne Ray

H. RISON COUNTY, TEXAS

71ST JUDICIAL DISTRICT

### STATEMENT OF FINANCIAL RESOURCES AND REQUEST FOR COUNSEL

NOW COMES the named DEFENDANT and states under oath:

1. I am charged with the **FELONY** offense of _Murder_

2. I am indigent and I have been advised of my right to representation by counsel in the trial of the charge pending against me. I am without means to employ counsel of my own choosing & I hereby request the Court to appoint counsel for me.

3. My financial resources are as follows:

   INCOME

   | | | | |
   |---|---|---|---|
   | MY TAKE HOME PAY | $ 1200 monthly | MY SPOUSE'S | $ N/A |
   | MONEY IN CHECKING | $ 0 | MONEY IN SAVINGS | $ N/A |

   REAL ESTATE OWNED   $ Ø          Ø                    Ø
   (VALUE)                 (DESCRIPTION)           (LOCATION/ACRES)

   OTHER PROPERTY OWNED: $ Ø
                          $

   EXPENSES:

   NO. CHILDREN           Ø          CAR PAYMENT  $ Ø       $ Ø
   RENT/HOUSE PMT.    $ Ø            UTILITIES    $ Ø       $ Ø
   OTHER MONTHLY PMTS.  $ Ø
                        (SPECIFY)

BOND AMOUNT: $ 100,000.00

BONDSMAN: _____

X _Mark w Ray_
**DEFENDANT**

**BIRTHDATE OF DEFENDANT**

**ADDRESS**

**CITY/STATE/ZIP**          **TELEPHONE #**

SUBSCRIBED, AND SWORN TO ME BY _Mark W. Ray_ THIS _28_ DAY OF _Nov._ _2001_.

_Becky Andrews_
NOTARY PUBLIC, STATE OF TEXAS

BECKY ANDREWS
Notary Public
STATE OF TEXAS
My Comm Exp. 01/30/2002

ORDER _Rick Hurlburt_

The request for appointment of legal counsel is approved and _____ , is hereby appointed to represent the Defendant.

Entered this _28_ day of _Nov_ _2001_

A TRUE COPY
of the Original hereof, I certify
Sherry Griffis
District Court Clerk
Harrison County, Texas
By C. Norris
Deputy Clerk

_Bonnie Leggat_
JUDGE PRESIDING

TRIAL DATE IS SET FOR _____

**Ex. 69 - Page 799**

Exhibit 70



FILED FOR RECORD

Nov 29  1 15 PM '01

JAMIE McCAY
DISTRICT CLERK
MARION COUNTY, TEXAS

BY _____ DEP.

# RICK BERRY

**CRIMINAL DISTRICT ATTORNEY**
**HARRISON COUNTY**
903/935-4840   FAX 903/938-9312
P.O. BOX 776
MARSHALL, TEXAS 75671

November 29, 2001

Jamie McCay
District Clerk's Office
Marion County, Texas

Dear Ms. McCay,

My office request a copy of the TYC records on Clint Young, DOB 7-19-83. Thank you for your cooperation in this matter.

Sincerely,

RICK BERRY
CRIMINAL DISTRICT ATTORNEY\

So ordered.

Judge Ron Chapman
11/29/01

Exhibit 71

# INCIDENT/OFFENSE REPORT

| | Case Number |
|---|---|
| | 01-28384 |

| Incident ID | Received Date | Received Time | Received Method | Received By |
|---|---|---|---|---|
| 15070 | 11/25/2001 | 03:05PM | 911 CALL | NAWAL |

| Nature of Call Reported | Initial Call Reported By | Dispatched To |
|---|---|---|
| HOMICIDE | TRENDO, ALVIN | |

| Officer(s)/Unit(s) Assigned | Date Notified | Dispatch | Arrive | Clear | Total | Disposition |
|---|---|---|---|---|---|---|
| 1366-WEST, WILLIAM | 11/25/2001 | 15:10 | 15:13 | 21:42 | 06:32 | REPORT MADE |
| 1039-DUNCAN, FLOYD | 11/25/2001 | 15:34 | | 17:48 | 02:14 | REPORT MADE |
| 1301-SMITH, TODD | 11/25/2001 | 16:21 | 17:13 | 22:11 | 05:50 | REPORT MADE |
| 1023-PRUITT, DARRELL | 11/25/2001 | 16:21 | 16:48 | 17:48 | 01:27 | REPORT MADE |
| 0805-ALEXANDER, MICHAEL | 11/25/2001 | 16:21 | | 17:48 | 01:27 | REPORT MADE |

| Investigator Assigned | Att/Compl | Area | Subdiv/Grid |
|---|---|---|---|
| 1023-PRUITT, DARRELL | COMPLETED | 3 | |

| Incident/Offense Date | Incident/Offense Time | UCR Code | Status | Status Date |
|---|---|---|---|---|
| 11/25/2001 | 03:06PM | 1A | NOA | 11/26/2001 |

| Incident/Offense Address | City, State & Zip Code |
|---|---|
| 1394 VANDERSLICE/IN THE AREA | LONGVIEW, TX. |

| Entry Point | Exit Point | Weapon/Force Used | Evidence Collected |
|---|---|---|---|
| | | | |

| Inc/Off Code | Incident/Offense Description |
|---|---|
| N034 | HOMICIDE |

| Category | Class | Description of Item(s) | Estimated Value | NCIC | Disp |
|---|---|---|---|---|---|
| | | | | | |

| Year | Make | Model | Color | License | Description |
|---|---|---|---|---|---|
| | | | | | |

| Connection | Name & Address | Telephone | Description/Identification |
|---|---|---|---|
| COMPLAINANT | MCCOY, DARNELL, JR<br>FAIRWAY APTS #273<br>LONGVIEW, TX 75601 | H:903-663-6584<br>W:N/A | B M 511 245 07/24/79<br>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 |
| COMPLAINANT | DOUGLAS, DOYLE<br>UNKNOWN | | W M ALIAS: DOYLE, DOUGLAS |
| WITNESS | TRANDO, ALVIN M.<br>3623 MCCANN RD.<br>LONGVIEW, TX. | H:(903)663-6584 | W M 03/17/73 |
| SUSPECT | RAY, MARK WAYNE<br>1410 LEFFEVER RD<br>ORE CITY, TX 75683 | H:968-6574<br>W:318-208-9809 | W M 600 165 01/23/82<br>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 ALIAS: RAY, MARK WAYNE |

© 1999, The Software Group, Inc.

*Note: This report is furnished in compliance with the Texas Open Records Act, article 6252-17a Vernons Annotated Civil Statutes, case law, and published rulings relating to cases under investigation.*

# INCIDENT/OFFENSE SUPPLEMENT

**Case Number**
01-28384

| Investigator Assigned | | Att/Compl | Area | | Subdiv/Grid |
|---|---|---|---|---|---|
| 1023-PRUITT, DARRELL | | COMPLETED | 3 | | |

| Incident/Offense Date | Incident/Offense Time | UCR Code | Status | Status Date |
|---|---|---|---|---|
| 11/25/2001 | 03:06PM | 1A | NOA | 11/26/2001 |

| Incident/Offense Address | City, State & Zip Code |
|---|---|
| 1394 VANDERSLICE/IN THE AREA | LONGVIEW, TX. |

| Inc/Off Code | Incident/Offense Description |
|---|---|
| | |

| Category | Class | Description of Item(s) | Estimated Value | NCIC | Disp |
|---|---|---|---|---|---|
| | | | | | |

| Year | Make | Model | Color | License | Description |
|---|---|---|---|---|---|
| | | | | | |

| Connection | Name & Address | Telephone | Description/Identification |
|---|---|---|---|
| SUSPECT | YOUNG, CLINT<br>UNKNOWN | | W M 509 140 03/06/80 |
| SUSPECT | PAIGE, DAVID, JR.<br>UNKNOWN | | W M 507 145 |

© 1998, The Software Group, Inc.

* HOMICIDE *
OFFENSE REPORT (15070.1)

Case Number: 01-28384 by Officer 1366 (WEST, WILLIAM) 11/25/01 02:00am

ON THIS DATE I RESPONDED TO F.M. RD. 968 APPROXIMATELY TWO MILES EAST OF F.M.
RD. 450 IN REFERENCE TO INFORMATION ABOUT A HOMICIDE.  I ARRIVED ON THE SCENE TO
SPEAK WITH DARNELL MCCOY AND ALVIN TRANDO.  MR. MCCOY ADVISED HE WITNESSED A
MURDER LAST NIGHT AND HE WANTED TO SHOW ME WHERE IT OCCURRED.  MR. MCCOY ADVISED
ME SINCE IT WAS DARK LAST NIGHT WHEN THIS OCCURRED, HE HAD HAD PROBLEMS LOCATING
THE LOCATION TODAY.  MR. MCCOY ADVISED HE REMEMBERED THEM LEAVING THE NATIONAL
TRUCK STOP AND HEADING EAST ON F.M. RD. 968.  HE ADVISED HE CROSSED TWO BRIDGES
AND TURNED RIGHT ON SOME ROAD THAT HE DID NOT KNOW THE NAME OF IT.  ALL HE COULD
REMEMBER WAS HE WENT APPROXIMATELY TWO MIELS DOWN THE ROAD AND WENT DOWN A
SMALL TRAIL WHEN THE ROAD TOOK A HARD RIGHT.  WHILE CHECKING THE ROADS THAT RAN
SOUTH OF F.M. RD. 968, WE WENT DOWN VANDERSLICE ROAD.  WHEN WE CAME TO THE SHARP
CURVE THAT WENT RIGHT, THERE WAS A SMALL TRAIL THAT WENT STRAIGHT.  MR. MCCOY
ADVISED THIS WAS THE LOCATION, AND HE COULD SHOW ME WHERE THE BODY WAS LOCATED.
LT. DUNCAN, MYSELF, MCCOY AND MR. TRANDO WALKED DOWN THE PATH APPROXIMATELY 200
YARDS WHEN HE SHOWED US WHERE THE BODY WAS LOCATED.  THE BODY WAS LYING FACE
DOWN IN A SMALL CREEK JUST OFF THE PATH.  HE ADVISED HE AND THE LISTED SUSPECTS
ASKED THE VICTIM FOR A RIDE TO LONGVIEW LAST NIGHT AT APPROXIMATELY MIDNIGHT.
SUSPECT YOUNG ADVISED THE VICTIM HE NEEDED TO GO TO A FRINED'S HOUSE IN
SPRINGHILL AND HE COULD JUST DORP THEM OFF THERE.  MR. MCCOY ADVISED THEY PULLED
UP IN FRONT OF A HOUSE HE HAD NEVER SEEN BEFORE WHEN SUSPECT YOUNG FIRED TWO
SHOTS FROM A .22 CALIBAR PISTOL HITTING THE VICTIM IN THE HEAD.  HE ADVISED THE
ACTORS THEN PUSHED HIM OUT OF THE VEHICLE ONTO THE ROADWAY.  HE THEN STATED THE
THREE LISTED SUSPECTS PUT THE VICTIM IN THE TRUNK OF HIS OWN CAR BECASUE THEY
THOUGHT HE WAS DEAD.  MR. MCCOY ADVISED SUSPECT YOUNG THEN JUMPED IN THE
DRIVER'S SEAT AND DROVE OFF.  MR. MCCOY ADVISED THEY WERE RIDING AROUND IN THE
CAR WHEN THE VICTIM BEGAN SCREAMING, KICKING AND YELLING FROM THE TRUNK.  MR.
MCCOY ADVISED CLINT YOUNG TOLD ALL THREE PERSONS IN THE VEHICLE IF THEY SAID
ANYTHING, HE WOULD KILL THEM.  THEY THEN WENT TO THE LOCATION ON VANDERSLICE
ROAD AND PULLED THE VICTIM OUT OF THE CAR.  MR. MCCOY ADVISED THAT SUSPECT YOUNG
PLACED A PILLOW OVER THE VICTIM'S HEAD AND FIRED ONE SHOT THROUGH THE PILLOW
INTO THE VICTIM'S HEAD BEFGORE THROWING HIM INTO THE CREEK.  WHEN I OBSERVED THE
BODY, THERE WAS A PILLOW OVER HIS HEAD.  LT. DUNCAN THEN ADVISED DISPATCH TO
NOTIFY THE ON-CALL INVESTIGATOR DARRELL PRUITT.  MYSELF AND LT. DUNCAN THEN
SECURED THE CRIME SCNEE WITH EVIDENCE TAPE AND CLEARED EVERY PERSON OUT OF THE
AREA.  WHILE WAITING FOR CID, MR. MCCOY ADVISED THAT CLINT YOUNG WAS THE
SHOOTER, DAVID PAIGE, JR. GOT THE VICTIM'S WALLET AND MONEY, AND MARK RAY
ASSISTED IN DUMPING THE BODY.; MR. MCCOY ADVISED HE DID NOT HELP THE OTHER
SUSPECTS IN ANY WAY.  HE ALSO ADVISED DAVID PAIGE TOOK $20.00 OUT OF THE
BILLFORD BEFORE BURNING IT IN THE CAR.  INVESTIGATORS PRUITT AND SMITH WERE THE
FIRST TO ARRIVE ON THE SCENE.  THE SCENE WAS THEN TURNED OVER TO CID.
OFFICERS THAT ENTERED THE CRIME SCENE:
LT. FLOYD DUNCAN,
BRODY WEST,
INVESTIGATOR DARRELL PRUITT,
CHIEF MARK MARANTO,
HALL REAVIS,
TODD SMITH,
MIKE ALEXANDER,
SHERIFF TOM MCCOOL,
DAVID LEWIS.
VK

**Ex. 71 - Page 803**

SUPPLEMENT (15070.2)

Case Number: 01-28384 by Officer 1023 (PRUITT, DARRELL) 11/27/01 04:00pm

NOVEMBER 25, 2001 AT APPROXIMATELY 1600 HOURS.

THIS OFFICER WAS CONTACTED BY DISPATCH TO CONTACT LT. DUNCAN. I CALLED HIM ON
HIS CELL PHONE AND HE ADVISED I NEEDED TO BE ENROUTE TO VANDERSLICE ROAD DUE TO
HIM LOCATING A BODY THAT HAD BEEN SHOT. HE ADVISED HE HAD A WITNESS HE WAS
TALKING WITH WHO WAS WITH THE PEOPLE WHO HAD SHOT THE VICTIM.

I RESPONDED TO VANDERSLICE ROAD AND MET LT. DUNCAN AT THE LOCATION. HE DIRECTED
THIS OFFICER DOWN A ROAD INTO THE WOODS APPROXIMATELY 100 YARDS TO WHERE THEY
HAD LOCATED THE BODY. THE SCENE IMMEDIATELY AROUND THE BODY WAS SECURED BY
YELLOW SHERIFF'S TAPE TO KEEP THE SCENE SECURE. I TOOK SOME PICTURES DUE TO THE
FACT IT WAS GETTING DARK. INVESTIGATOR SMITH WAS ALREADY ENROUTE TO PROCESS THE
SCENE. AFTER HE ARRIVED, I HAD THE WITNESS FOLLOW LT. DUNCAN AND MYSELF TO THE
SHERIFF'S OFFICE TO TAKE A STATEMENT FROM HIM AND HIS BROTHER-IN-LAW. LT.
DUNCAN TOOK A STATEMENT FROM ALVIN TRANDO, ███████████████████ WHILE
I WAS TAKING A STATEMENT FROM DARNELL MCCOY. MR. MCCOY GAVE A DETAILED
STATEMENT TO THE BEST OF HIS KNOWLEDGE TO THIS OFFICER.

THIS INFORMATION WAS TAKEN TO THE DISTRICT ATTORNEY'S OFFICE AND WARRANTS WERE
OBTAINED ON ALL THREE SUBJECTS NAMED BY DARNELL MCCOY. THEY WERE CLINTON YOUNG,
DAVID PAGE, JR., AND MARK RAY. WE ALL MET IN HARLETON, TEXAS TO GO TO A
LOCATION WHERE SUBJECTS MAY BE LOCATED. I STAYED IN HARLETON WHILE OTHERS WENT
WITH WITNESS TO CHECK OUT TWO LOCATIONS. AFTER A SHORT WHILE, WE WERE CALLED TO
THE INTERSECTION OF LEFEEVER ROAD AND F.M. ROAD 450 NORTH WHERE WE STAYED WHILE
OTHERS WENT TO A LOCATION ON LEFEEVER ROAD. A SHORT TIME AFTER THEY LEFT I WAS
CALLED TO THE SCENE WHERE I WAS ADVISED THAT MARK RAY WAS IN CUSTODY AND HAD
BEEN TALKING WITH AUTHORITIES. INVESTIGATOR SMITH WAS ALREADY AT THE SCENE
PROCESSING THE TRAILER WHERE SOME ITEMS WERE FOUND AND TAKEN AS EVIDENCE. I WAS
INFORMED THAT MR. RAY WAS WILLING TO TALK AND THIS OFFICER WAS ASKED TO TAKE A
VIDEO STATEMENT FROM HIM. LT. DUNCAN TRANSPORTED HIM TO THE SHERIFF'S OFFICE.
CAPTAIN ALEXANDER AND MYSELF FOLLOWED HIM AND CONDUCTED THE INTERVIEW. HE WAS
READ HIS RIGHTS AND HE ADVISED HE UNDERSTOOD THEM. HE THEN GAVE THE DETAILS OF
WHAT HAD HAPPENED THE NIGHT OF 11/24/01 AND 11/25/01 WHERE SUBJECT HE ONLY KNEW
AS DOYLE LNU WAS SHOT AMD DUMPED AT THE LOCATION WHERE HE WAS FOUND.

WHILE WE WERE CONDUCTING THE VIDEO STATEMENT, OTHER OFFICERS WERE LOOKING FOR
THE OTHER TWO SUBJECTS, BUT THEY WERE NOT LOCATED. AFTER THE STATMENT ENDED,
MARK RAY WAS BOOKED INTO THE HARRISON COUNTY JAIL.

AROUND 08:30 HOURS NOVEMBER 26, 2001 SHERIFF MCCOOL CONTACTED THIS OFFICER AND
ADVISED THAT DAVID PAGE, SR. HAD CONTACTED HIM AND ADVISED HE HAD RECEIVED A
PHONE CALL FROM MIDLAND, TEXAS. THE SUBJECT WE WERE LOOKING FOR WERE THERE.
INVESTIGATOR SMITH TOOK INFORMATION AND CONTACTED MIDLAND POLICE DEPARTMENT AND
GAVE THEM ALL THE INFORMATION WE HAD ON THE SUBJECTS AND THE CAR THEY TOOK.

I WAS WORKING UNTIL 1200 HOURS WHEN I WENT HOME AND WENT TO SLEEP. WHEN I WOKE,
I FOUND OUT THE SUBJECTS WERE IN CUSTODY.

NOVEMBER 27, 2001, 0900 HOURS.

I WAS INFORMED BY CAPTAIN ALEXANDER THE GUN USED WAS POSSIBLY STOLEN AND HE
WANTED ME TO CHECK AND SEE IF I COULD FIND OUT ANY INFORMATION ON THIS. I HAD
DISPATCH TO CHECK THIS. WHILE THEY WERE CHECKING THIS, I WAS CONTACTED BY
INVESTIGATOR PHILLIP HILL FROM UPSHUR COUNTY. HE ADVISED THEY HAD A BURGLARY
WHERE SOME GUNS WERE TAKEN. I ASKED HIM TO FAX ME A COPY OF THE BURGLARY
REPORT. HE ADVISED HE WAS STILL WORKING ON THAT, BUT HE DID FAX A LIST OF GUNS
TAKEN IN THE BURGLARY.

NOVEMBER 27, 2001, 1300 HOURS.

CAPTAIN ALEXANDER AND MYSELF TOOK MARK RAY TO LONGVIEW POLICE DEPARTMENT.
CAPTAIN ALEXANDER TOOK MARK RAY WITH HIM. I STAYED AT THE LOCATION. SGT. DON
JETER AND MYSELF CONDUCTED A VIDEO INTERVIEW TIH DARNELL MCCOY. A COPY OF TAPE
IS WITH REPORT. AFTER CONCLUSION OF THE INTERVIEW, SGT. JETER TOOK DARNELL

MCCOY HOME AND OTHER OFFICER ARRIVED BACK AT THE STATION WITH MARK RAY.  THEY
WERE TRYING TO SEE IF MARK RAY COULD SHOW THEM WHERE THE FIRST SHOOTING TOOK
PLACE.  I WAS INFORMED BY CAPTAIN ALEXANDER THEY COULD NOT LOCATE THE PLACE.
CAPTAIN ALEXANDER AND MYSELF THEN LEFT LONGVIEW POLICE DEPARTMWENT AND BROUGHT
MARK RAY BACK TO OUR COUNTY AND TOOK HIM TO THE SCENE OFF VANDERSLICE ROAD.  A
VIDEO WAS CONDUCTED AT THE SCENE BY US WITH MARK RAY SHOWING AND DESCRIBING THE
LOCATIONS OF THE SUBJECTS INVOLVED TO THE BEST OF HIS ABILITY.  WE LEFT THE
SCENE.  WE WERE STILL TALKING WITH MARK RAY ON THE WAY BACK TO THE OFFICE.  IN
THE CONVERSATION WITH MARK RAY, HE ADMITTED TO CAPTAIN ALEXANDER AND MYSELF HE
ALSO HAD SHOT THE VICTIM, DOYLE, IN THE HEAD.  MARK RAY WAS ASKED IF HE WOULD
TELL US THIS ON VIDEO?  HE ADVISED HE WOULD.  WHEN WE GOT BACK TO THE OFFICE, A
VIDEO STATMENT WAS TAKEN FROM HIM AND IS WITH THE REPORT.
WHEN WE ARRIVED BACK AT THE OFFICE, INVESTIGATOR LATHAM ADVISED US HE HAD GONE
TO MARION COUNTY SHERIFF'S DEPARTMENT AND TOOK POSSESSION OF A .22 CALIBER
MAUSER PISTOL, SERIAL NUMBER 267446, ALSO A MAGAZINE, WITH 5 UNSPENT ROUNDS AND
A BLACK CLIP ON THE HOLSTER.  THE GUN WAS TAKEN TO MARION COUNTY SHERIFF'S
DEPARTMENT BY A DOROTHY YVONNE CHAPPELL, WHITE FEMALE, D.O.B. 4/14/92.
NOVEMBER 28, 2001, 1030 HOURS.
THIS OFFICER WAS INFORMED BY CAPTAIN GARRETT WHEN HE CHECKED THE GUN AND WHEN HE
LOGGED IT INTO EVIDENCE, HE FOUND THE GUN TO BE A .25 CALIBER INSTEAD OF A .22
CALIBER.
VK

SUPPLEMENT (15070.3)

Case Number: 01-28384 by Officer 1301 (SMITH, TODD) 11/28/01 04:21pm

INVESTIGATION: ON 11/25/01 AT APPROXIMATELY 16:21 HOURS I RECEIVED A TELEPHONE
CALL AT MY RESIDENCE FROM THE COMMUNICATIONS DIVISION OF THE HARRISON COUNTY
SHERIFF'S OFFICE.  OPERATOR NAWAL NABULSI ADVISED ME I WAS NEEDED TO RESPOND TO
VANDERSLICE ROAD.  SHE STATED THIS WAS REGARDING A POSSIBLE HOMICIDE.  I ADVISED
HER I WOULD GO TO THE SCENE.  I ARRIVED AT THE SCENE AT APPROXIMATELY 17:13
HOURS.  THE SCENE WAS NEAR THE 1300 BLOCK OF VANDERSLICE ROAD.  IT WAS GETTING
DARK.  I CONTACTED SERGEANT DAVID LEWIS WITH THE MARSHALL POLICE DEPARTMENT TO
ASSIST WITH A GENERATOR AND LIGHTS SO THE SCENE COULD BE EXAMINED AFTER DARK.
CRIME SCENE:  THE SCENE WAS DOWN A TRAIL WHICH WAS LOCATED APPROXIMATELY 1.2
MILES FROM F.M. RD. 968 ON VANDERSLICE ROAD.  THERE WAS A BODY LOCATED IN CLOSE
PROXIMITY TO THE TRAIL.  THE BODY WAS APPROXIMATELY 400 FEET FROM VANDERSLICE
ROAD ON THE TRAIL.  THE APPROXIMATE GPS COORDINATES FOR THE BODY WERE: 32
DEGREES 16' 30.51 N AND 94 DEGREES 38' 27.02 W.  AT THAT POINT THE TRAIL WAS
APPROXIMATYELY 18 FEET 6 INCHES WIDE.  STANDING ON THE TRAIL FACING SOUTH A
SMALL STREAM WAS VISIBLE.  THE STREAM RAN PARALLEL TO THE TRAIL.  I SAW THE
CLOTHED BODY OF A WHITE MALE IN THE STREAM.  THE BODY WAS PRONE.  THE BODY WAS
ALSO PARALLEL TO THE TRAIL WITH THE HEAD TO THE SOUTH AND THE FEET TO THE NORTH.
THE BODY WAS PARTIALLY SUBMERGED IN THE WATER.  THERE WAS A PINK PILLOWCASE THAT
HAD WHAT APPEARED TO BE A BLACK CIRCLE ON IT.  THE CIRCLE APPEARED TO HAVE BEEN
CAUSED BY A CONTACT GUNSHOT FROM A SMALL CALIBER WEAPON.  UNDERNEATH THE PILLOW
WAS A SMALL STICK, ITEM 03.  THE STICK WAS BETWEEN THE HEAD OF THE BODY AND THE
PILLOWCASE.  ON THE TRAIL NEAR WHERE THE BODY WAS FOUND WERE A LEVI JEANS LABEL,
ITEM 012, AND A BLUE DISC, ITEM 02 WITH A SQUARE OPENING IN THE MIDDLE OF IT.  I
ALSO OBSERVED A SMALL TREE NEAR THE BODY AND THE STREAM.  THE SMALL TREE HAD
BLOOD ON IT IN TWO SEPARATE PLACES.  THE BLOOD, ITEM 05 AND ITEM 06, APPEARED TO
HAVE BEEN TRANSFERRED ONTO THE TREE AFTER SOMETHING WITH THE BLOOD ON IT TOUCHED
THE TREE.  A "STAR" BRAND CIGARETTE BUTT, ITEM 7, WAS DISCOVERED UPON REMOVEL OF
THE BODY FROM THE STREAM.  THE ITEMS DISCOVERED AT THE SCENE, ITEMS 01, 02, 03,
04, 05, 06 AND 07, WERE COLLECTED AND SECURED FOR FURTHER EXAMINATION.
MEASUREMENTS WERE TAKEN AT THE SCENE WITH THE FOLLOWING USED AS REFERENCE
POINTS; A TREE ON THE WEST SIDE OF THE TRAIL, A TREE ON THE EAST SIDE OF THE
TRAIL DIRECTLY ACROSS FROM THE WEST TREE, THE SMALL TREE ON WHICH THE BLOOD WAS
OBSERVED, A STUMP ON THE WEST SIDE OF THE STREAM, THE HEAD OF THE BODY, AND THE
RIGHT HEEL OF THE BODY.
THE MEASUREMENTS WERE RECORED AS FOLLOWS:
DISTANCE FROM ITEM 01 TO ITEM 02: APPROXIMATELY 15 INCHES.
DISTANCE FROM ITEM 01 TO RIGHT HEEL: APPROXIMATELY 11 FEET NINE INCHES.
DISTANCE FROM ITEM 01 TO HEAD: APPROXIMATELY EIGHT FEET NINE INCHES.
DISTANCE FROM ITEM 01 TO THE TREE WITH BLOOD ON IT: APPROXIMATELY SEVEN FEET ONE
INCH.
DISTANCE FROM ITEM 02 TO ITEM 01: APPROXIMATELY 15 INCHES.
DISTANCE FROM ITEM 02 TO RIGHT HEEL: APPROXIMATELY 10 FEE SIX INCHES.
DISTANCE FROM ITEM 02 TO HEAD: APPROXIMATELY NINE FEET 11 INCHES.
DISTANCE FROM ITEM 02 TO THE TREE WITH BLOOD ON IT: APPROXIMATLEY SIX FEET 10
INCHES.
DISTANCE FROM RIGHT HEEL TO STUMP: APPROXIMATELY EIGHT FEET THREE INCHES.
DISTANCE FROM RIGHT HEEL TO ITEM 01: APPROXIMATELY 11 FEET NINE INCHES.
DISTANCE FROM RIGHT HEEL TO ITEM 02: APPROXIMATELY TEN FEET SIX INCHES.
DISTANCE FROM RIGHT HEEL TO THE TREE WITH BLOOD ON IT: APPROXIMATELY FIVE FEET
SIX INCHES.
DISTANCE FROM HEAD TO STUMP: APPROXIMATELY FIVE FEET SEVEN INCHES.
DISTANCE FROM HEAD TO THE TREE WITH BLOOD ON IT: APPROXIMATELY THREE FEET.
DISTANCE FROM HEAD TO ITEM 01:APPROXIMATELY EIGHT FEET NINE INCHES.

DISTANCE FROM HEAD TO ITEM 02: APPROXIMATELY NINE FEET 11 INCHES.

DISTANCE FROM THE TREE WITH BLOOD ON IT TO ITEM 01: APPROXIMATELY SEVEN FEET ONE
INCH.

DISTANCE FROM THE TREE WITH BLOOD ON IT TO ITEM 02: APPROXIMATELY SIX FEET 10
INCHES.

DISTANCE FROM THE TREE WITH BLOOD ON IT TO HEAD: APPROXIMATELY THREE FEET.

DISTANCE FROM THE TREE WITH BLOOD ON IT TO RIGHT HEEL: APPROXIMATELY FIVE FEET
SIX INCHES.

DISTANCE FROM THE TREE WITH BLOOD ON IT TO STUMP: APPROXIMATELY NINE FEET 10
INCHES.

DISTANCE FROM STUMP TO RIGHT HEEL: APPROXIMATELY EIGHT FEET THREE INCHES.

DISTANCE FROM STUMP TO HEAD: APPROXIMATELY FIVE FEET SEVEN INCHES.

DISTANCE FROM STUMP TO WEST TREE: APPROXIMATELY 13 FEET 11 INCHES.

DISTANCE FROM STUMP TO THE TREE WITH BLOOD ON IT: APPROXIMATELY NINE FEET 10
INCHES.

DISTANCE FROM WEST TREE TO STUMP: APPROXIMATELY 13 FEET 11 INCHES.

DISTANCE FROM WEST TREE TO EAST TREE: APPROXIMATELY 18 FEET SIX INCHES.


ALL EVIDENCE COLLECTED ON VANDERSLICE ROAD WAS SECURED AT THE HARRISON COUNTY
SHERIFF'S OFFICE PENDING FURTHER EXAMINATION.

SEVERAL HOURS LATER ON 11/26/01 AT APPROXIMATELY 01:50 HOURS I WAS REQUESTED TO
COLLECT EVIDENCE FROM THE RESIDENCE OF MARK WAYNE RAY WHICH IS A MOBILE HOME
LOCATED AT 1014 LEFEVER ROAD.  RAY LIVES AT THE RESIDENCE WITH HIS PARENTS,
JIMMY AND CAROLYN RAY.  FBI VIOLENT CRIMES TASK FORCE OFFICE, INVESTIGATOR
RUSSELL POTTS, OBTAINED A CONSENT TO SEARCH FROM CAROLYN RAY.  SPECIAL AGENT
CLIFF CARRUTH OF THE FBI, INVESTIGATOR HALL REAVIS OF THE HARRISON COUNTY
CRIMINAL DISTRICT ATTORNEY'S OFFICE, SHERIFF TOM MCCOOL, CHIEF DEPUTY MARK
MARANTO, LIEUTENANT FLOYD DUNCAN, SERGEANT-INVESTIGATOR RON DUFF OF THE TEXAS
DEPARTMENT OF PUBLIC SAFETY SPECAIL CRIMES SERVICE, SERGEANT RONNY GRIFFITH OF
THE TEXAS RANGERS, HARRISON COUNTY CRIMINAL DISTRICT ATTORNEY RICK BERRY, POTTS
AND INVESTIGATOR MIKE AUGUSTINE OF THE GREGG COUNTY CRIMINAL DISTRICT ATTORNEY'S
OFFICE WERE AMONG THE OFFICERS ASSISTING AT 1014 LEFEVER ROAD.  WHILE AT THE
SCENE, I WAS REQUESTED TO COLLECT THE FOLLWING ITEMS: ONE PAIR OF BROWN BOOTS,
ITEM 03, ONE PAIR OF AIRWALK SHOES, ITEM 09, ONE ORANGE T-SHIRT, ITEM 10, ONE
PAIR OF GREEN PANTS, ITEM 11 AND MARK RAY'S WALLET, ITEM 12.  ITEM 08 WAS
RECOVERED FROM THE LIVINGROOM OF THE RESIDENCE BETWEEN THE COUCH AND LARGE
WINDOW.  THE COUCH IS WHERE MARK RAY IS REPORTED TO USUALLY SLEEP WHEN AT THE
RESIDENCE.  ITEM 09 WAS RECOVERED FROM THE BATHROOM AT THE RESIDENCE ON THE
FLOOR NEXT TO THE WASHING MACHINE.  ITEM 10 AND ITEM 11 WERE BOTH RECOVERED FROM
THE WASHING MACHINE AND HAD APPARENTLY ALREADY BEEN WASHED.  ITEM 12 WAS GIVEN
TO ME BY CARRUTH WHO RECEIVED IT FROM POTTS.  THESE ITEMS WERE LATER SECURED AT
THE HARRISON COUNTY SHERIFF'S OFFICE FOR FURTHER EXAMINATION.

A SHORT TIME LATER WE WENT TO #12 FAIRLANE, ORE CITY WHICH IS IN THE SHADY
SHORES AREA OF MARION COUNTY.  I WAS INFORMED THIS WAS THE RESIDENCE OF JOHN
NUNN.  NUNN IS ALSO KNOWN AS "HIPPIE".  I WAS ALSO INFORMED THAT CLINTON LEE
YOUNG, III AND DAVID LEE PAGE, JR. MAY BE AT THIS RESIDENCE.  WHILE AT THE
RESIDENCE, I WAS DIRECTED TO RECOVER THE FOLLOWING ITEMS: A LOADED RG HANDGUN
AND A SMALL COOLER CONTAINING WHAT APPEARED TO BE EXPLOSIVE RELATED MATERIAL.
THE HANDGUN WAS AN RG MODEL RG23 .22 CALIBER REVOLVER, ITEM 13 AND IT WAS LOADED
WITH FIVE LIVE ROUNDS OF .22 CALIBER AMMUNITION, ITEM 14.  THESE ITEMS WERE
LATER SECURED AT THE HARRISON COUNTY SHERIFF'S OFFICE FOR FURTHER EXAMMINATION.
ON THIS DATE INVESTIGATOR FRANK CASON OF THE MARION COUNTY SHERIFF'S OFFICE
CALLED THIS AGENCY AND REPORTED THAT DOROTHY CHAPPEL BROUGHT A MAUSER .25 AUTO
SEMI-AUTOMATIC HANDGUN, ITEM 19, TO HIS OFFICE.  THE SERIAL NUMBER ON THE WEAPON
IS 267446.  THE GUN WAS LOADED WITH FIVE LIVE ROUNDS OF .25 AUTO AMMUNITION AND
WAS IN A SMALL HOLSTER, LISTED AS ITEM 21.  INVESTIGATOR MARTIN LATHAM RETRIEVED
THESE ITEMS FROM CASON AND RETURNED IT TO THE HARRISON COUNTY SHERIFF'S OFFICE
WHERE THEY WERE SECURED FOR FURTHER EXAMINATION.

Exhibit 72

NO. _____154___

THE STATE OF TEXAS VS. _Mark Ray_____

OFFENSE: _Kidnapping_____

PENAL CODE SECTION: _Kidnapping_____

DATE FILED: _June 17, 2003_____

03 JUN 17 AM 8:41

_____

THE STATE OF TEXAS

COUNTY OF HARRISON

I, _HALL REAVIS_ do solemnly swear that

~~1. I have personal knowledge~~

2. I have good reason to believe and do believe ~~based upon the following information:~~

and I charge that heretofore, and before the making and filing of this complaint in the District Court of

Harrison County, Texas, on or about the _25th_ day of _November_ A.D. 2001, _Mark Ray_

Defendant did then and there in said County and State,

Intentionally or knowingly abduct Doyle Douglas by restricting the movements of said Doyle Douglas without his consent, so as to interfere substantially with his liberty, by moving him from one place to another, with the intent to prevent his liberation by secreting or holding him in a place where he was not likely to be found

against the peace and dignity of the State.            _Hall Reavis_

Sworn and subscribed before me by _HALL REAVIS_ , a credible person, on this the 17th day of June, 2003

PAM STEELE
Notary Public
STATE OF TEXAS
My Comm. Exp. 9-6-2005

_Pam Steele_
Notary Public, State of Texas

**Ex. 72 - Page 808**

*IN THE NAME AND BY AUTHORITY OF*

*THE STATE OF TEXAS*

*NOW COMES  JOE BLACK  Criminal District Attorney of Harrison*

*County, Texas, upon affidavit of  HALL REAVIS  hereto attached and made a part hereof, and*

*in behalf of said State presents in  the District Court of Harrison County, Texas, that  Mark Ray*

*on or about  the  25th  day of  November , 2001,  in the County of Harrison and State of Texas and before*

*making and filing of this information, did then and there*

Intentionally or knowingly abduct Doyle Douglas by restricting the movements of said Doyle Douglas without his consent, so as to interfere substantially with his liberty, by moving him from one place to another, with the intent to prevent his liberation by secreting or holding him in a place where he was not likely to be found

*against the peace and dignity of the State.*

_____
*Criminal District Attorney*
*Harrison County, Texas*

**Ex. 72 - Page 809**

NO. 03-0154X

**FILED**
AT 11:00 O'CLOCK ___ M
IN THE DISTRICT COURT ___ 2003
SHERRY GRIFFIS
CLERK DISTRICT COURT
HARRISON COUNTY, TEXAS
BY _____
DEPUTY CLERK

THE STATE OF TEXAS

VS.

MARK RAY

71ST JUDICIAL DISTRICT

## WAIVER OF INDICTMENT, ARRAIGNMENT, SERVICE AND READING OF INDICTMENT AND INFORMATION

I, the undersigned, being the Defendant in the above, entitled and numbered cause and being acquainted with and understanding the nature of the charges against me set out in the information after consulting with my attorney and knowing that I have the legal right to an indictment by the Grand Jury of this County do hereby expressly and fully waive the following:

1.  The right to an indictment returned by the Grand Jury of said County and State.

2.  The right to be served with a copy of the indictment or information in this cause two days prior to arraignment.

3.  The right to be arraigned.

4.  The right to have the indictment or information read upon the trial of this cause.

With full understanding of the above, I hereby in open court state that I expressly waive each and every right above described, and hereby request that said cause be prosecuted and presented in behalf of the State by the District Attorney, upon an information charging me, the Defendant, with an offense which may by law be so prosecuted.

_____
**DEFENDANT**

As attorney for Defendant, I have advised him that he has the right to have an indictment returned against him by the Grand Jury and that he does not have to waive this right. I further am of the opinion that the Defendant is waiving this and all his rights knowingly and voluntarily.

_____
**ATTORNEY FOR DEFENDANT**

**WAIVER OF INDICTMENT APPROVED:**

_____
**JUDGE PRESIDING**

_____
**ATTORNEY FOR STATE**

**Ex. 72 - Page 810**

# PUNISHMENT RECOMMENDATIONS
## 71st JUDICIAL DISTRICT COURT
### HARRISON COUNTY, TEXAS

**FILED**
AT _____ O'CLOCK ___ __ M.
6/18/03 June 18 2003
SHERRY GRIFFIS
CLERK DISTRICT COURT
HARRISON COUNTY TEXAS
BY _____
DEPUTY CLERK

Cause No. __03-0154X__          Date: __6/18/03 June 18 2003__

Defendant: __MARK RAY__

Offense: __KIDNAPPING__

### Plea Bargaining Agreement

It is mutually agreed and recommended by the parties:

- [ ] Prosecutor to abandon indictment or information allegations: _____

- [ ] Prosecution for lesser included offense of: _____

- [ ] Class A Misdemeanor punishment with Third Degree Felony Conviction under Sec. 12.44 P. C.

- [ ] Deferred Adjudication

- [ ] A fine of $_____ to be paid under deferred adjudication

- [X] Punishment assessed at:

   __15 years__ (life or years) in the Institutional Division

   _____ years/months/days in the Harrison County Jail

   $_____ . fine

- [ ] After conviction, Probation be granted of the term assessed as punishment.

- [ ] Jail term to be served by:

   - [ ] electronic monitoring          - [ ] work release from jail

- [X] Other Punishment recommendations: __DISMISS CAUSE Number 02-077X, pending in Harrison County__

**NOTE:** The parties are not allowed to make binding agreements regarding the length of probation supervision or the terms and conditions of probation. However, non-binding recommendations will be considered as follows:

- [ ] Restitution Center          - [ ] Boot Camp Alternate Incarceration Program

- [ ] Community Service          - [ ] Detention for a term of _____ days

- [ ] Electronic Monitoring          - [ ] Substance abuse evaluation and treatment

_____

_____

_____
Defendant

_____
Counsel for Defendant

_____
Prosecutor

**Ex. 72 - Page 811**

May 09 08 04:20p      S Griffis Dist  Clerk        903 9271918            p.6

## UNAGREED PUNISHMENT RECOMMENDATIONS
### (If there is no plea bargaining agreement)

The State recommends: _____

_____

_____

_____

                            _____
                                            Prosecutor


The Defendant recommends: _____

_____

_____

_____

                            _____
                                            Defendant


                            _____
                                Counsel for Defendant


### DEFENDANT'S WAIVERS

Comes now the Defendant, joined by his or her counsel, and in
writing and in open court, waives the right and gives up the time
provided in the Texas Rules of Appellate Procedure to file a Motion
for New Trial, Motion for Arrest of Judgment or Notice of Appeal.

                            _____
                                            Defendant

                            _____
                                Counsel for Defendant


**Ex. 72 - Page 812**

May 09 08 04:20p      S Griffis Dist  Clerk       903 9271918              P.7

# WRITTEN PLEA ADMONISHMENTS
## 71ST JUDICIAL DISTRICT COURT
### HARRISON COUNTY, TEXAS

**FILED**
AT //:00 O'CLOCK 4  M.
JUNE 18, 2003
SHERRY GRIFFIS
CLERK DISTRICT COURT
HARRISON COUNTY, TEXAS
BY _____
DEPUTY CLERK

To: **MARK RAY** _____ DEFENDANT

Pursuant to Art. 26.13 C.C.P., You are hereby admonished in writing:

1.  You are charged with the felony offense of:

    **KIDNAPPING** _____

2.  If convicted, you face the following range of punishment:

    [ ] **FIRST DEGREE FELONY:** A term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Department of Criminal Justice and in addition, a fine not to exceed $_____.

    [X] **SECOND DEGREE FELONY:** A term of not more than 20 years or less than 2 years in the Institutional Division of the Department of Criminal Justice and in addition, a fine not to exceed $10,000.

    [ ] **THIRD DEGREE FELONY:** A term of not more than 10 years or less than 2 years in the Institutional Division of the Department of Criminal Justice or up to 1 year in a community corrections facility; and in addition, a fine not to exceed $10,000.

    [ ] **HABITUAL OFFENDER:** A term of life or any term of not more than 99 years or less than 25 years in the Institutional Division of the Department of Criminal Justice.

    [ ] **FIRST DEGREE ENHANCED:** A term of life or any term of not more than 99 years or less than 15 years in the Institutional Division of the Department of Criminal Justice; and in addition, a fine not to exceed $10,000.

    [ ] Other:_____

    _____

3.  **Plea Bargains:** If no plea bargain exists, the recommendation of the prosecuting attorney is not binding on the Court. If a plea bargain does exist, the Court will inform you whether it will follow the agreement in open court and before any finding on your plea. Should the Court reject the agreement, you will be permitted to withdraw your plea if you desire.

4.  **Permission to Appeal:** If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney the Court must give its permission to you before you can prosecute an appeal on any matter in the case except for matters raised by written motion filed prior to trial.

5.  **Citizenship:** If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in deportation, the exclusion from admission to the country, or the denial of naturalization under federal law.

6.  **Deferred Adjudication:** If the Court defers adjudicating your guilt and places you on probation, on violation of any imposed condition, you may be arrested and detained as provided by the law. You will then be entitled to a hearing limited to the determination by the Court of whether to proceed with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation and your right to appeal continue as if adjudication of guilt had not been deferred.

Presiding Judge

**Ex. 72 - Page 813**

Comes now the defendant, joined by my counsel, and state that I understand the foregoing admonishments from the Court and am aware of the consequences of my plea.  I further state that I am mentally competent and that my plea is freely and voluntarily entered.  If counsel is appointed, I give up and waive any right I may have to wait to prepare for trial.  I am totally satisfied with representation given to me by my counsel.  Counsel provided fully effective and competent representation.  I also waive and give up under Art. 1.14 C.C.P. all rights given to me by law, whether of form, substance or procedure. Joined by my attorney, I waive and give up my right to a jury in this case under Art. 1.13 C.C.P.  Also joined by my attorney under Art. 1.15 C.C.P., I waive and give up the right to appearance, confrontation and cross-examination of the witnesses and I consent to oral and written stipulations of evidence.

<u>JUDICIAL CONFESSION:</u>

I further state that I have read the indictment or information filed in this case and that I committed each and every allegation it contains. I am guilty of the offense alleged as well as all lesser offenses.  I swear to all of the foregoing and I further swear that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

⊗ _Mak W, Ray_
Defendant

Sworn to and subscribed to before me on this date: _6/10/03_ .
I further certify that the fingerprint shown below and on the judgment or probation order filed in this case is the defendant's thumb of the right hand.

Dep. Dist. Clerk Harrison County, Texas

We join and approve the waiver of jury trial pursuant to Art. 1.13 C.C.P. and the stipulations of evidence pursuant to Art. 1.15 C.C.P.  In addition, the Court finds as a fact that the Defendant is fully competent and that defendant's plea is freely and voluntarily entered.

_Richard Hurley_
Counsel for Defendant

_Joel Black_
Prosecutor

_signature_
Presiding Judge



RIGHT THUMB

**Ex. 72 - Page 814**

03-0154X

THE STATE OF TEXAS

VS.

MARK RAY

FILED
IN THE DISTRICT COURT
HARRISON COUNTY, TEXAS
71ST JUDICIAL DISTRICT

O'CLOCK __ __ M.
2003
SHERRY GRIFFIS
CLERK DISTRICT COURT
HARRISON COUNTY, TEXAS
BY _____

DEPUTY CLERK

### WAIVER OF JURY

Comes now the Defendant in person and in open Court, and joined by his Attorney and counsel for State, waives the right of trial by jury in accordance with Art. 1.13 C.C.P.  This waiver is made with the consent and approval of the Court.

_____
**DEFENDANT**

_____
**COUNSEL FOR DEFENDANT**

_____
**JUDGE PRESIDING**

_____
**COUNSEL FOR STATE**

### STIPULATION OF EVIDENCE

In accordance wit Art. 1.15 C.C.P., the Defendant now consents in writing, in open Court, to waive the appearance confrontation, and cross-examination of witnesses, and further consents either in an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence in support of the judgment of the Court.  The waiver and consent is approval in writing by the Court.

_____
**DEFENDANT**

_____
**COUNSEL FOR DEFENDANT**

_____
**JUDGE PRESIDING**

### APPLICATION FOR PROBATION

In the event that the punishment assessed does not exceed 10 years in the Texas Department of Corrections, the Defendant moves that probation be granted of the term assessed.

_____
**DEFENDANT**

### WAIVER OF 10 DAYS PREPARATION APPROVAL OF COUNSEL

*The Defendant in writing and open Court, and joined by his counsel, waives the 10 days preparation period provided in Art. 26.04 C.C.P. The Defendant in addition confirms that he is totally satisfied with the representation given him by his appointed attorney and that his counsel was competent in every aspect of his representation.*

_____                                  _____
**DEFENDANT**                                                    **COUNSEL FOR DEFENDANT**

### JUDICIAL CONFESSION

*Under oath, in writing and in open Court, I swear that I have read the indictment and understand everything it contains: that I make the following judicial admission, to-wit:  that on the  35th  day of November, 2001   A.D., in Harrison County, Texas did then and there*

```
Intentionally or knowingly abduct Doyle Douglas by restricting the movements of said
Doyle Douglas without his consent, so as to interfere substantially with his liberty,
by moving him from one place to another, with the intent to prevent his liberation
by secreting or holding him in a place where he was not likely to be found
```

_____
**DEFENDANT**

*SWORN TO AND SUBSCRIBED to before me by the DEFENDANT this the  18  day of   June  , 2003.*

_____
**DISTRICT CLERK**
**HARRISON COUNTY, TEXAS**

**Ex. 72 - Page 816**

CAUSE: 03-0154X

**FILED**
AT 1:30 O'CLOCK P M
THE 71ST JUDICIAL DISTRICT 2003
SHERRY GRIFFIS
COURT CLERK DISTRICT COURT
HARRISON COUNTY TEXAS
HARRISON COUNTY TEXAS
DEPUTY CLERK

THE STATE OF TEXAS

VS.

MARK WAYNE RAY

### JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
### WAIVER OF JURY TRIAL

JUDGE PRESIDING: BONNIE LEGGAT                    DATE OF JUDGMENT: JUNE 18, 2003

ATTORNEY FOR STATE: ROBERT COLE          ATTORNEY FOR DEFENSE: RICK HURLBURT

OFFENSE CONVICTED OF: KIDNAPPING                    PENAL CODE: 19.03

DEGREE: F2—2nd DEGREE FELONY              DATE OFFENSE COMMITTED: NOVEMBER 25, 2001

CHARGING INSTRUMENT: INFORMATION                    PLEA: GUILTY

TERMS OF PLEA BARGAIN (IN DETAIL): GUILTY—SENTENCED TO FIFTEEN (15) YEARS CONFINEMENT IN THE
TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION WITH CREDIT FOR TIME SERVED;
STATE TO DISMISS HARRISON COUNTY CAUSE #02-0077X.; RESPONSIBLE FOR COURT COST, AND COURT
APPOINTED ATTORNEYS FEES SHOULD DEFENDANT MAKE AN EARLY RELEASE.

FINDINGS ON USE OF DEADLY WEAPON: NO          DATE SENTENCE IMPOSED: JUNE 18, 2003

ATTORNEY'S FEES: SEE COST BILL                    COURT COSTS: SEE COST BILL

PUNISHMENT AND PLACE OF CONFINEMENT: GUILTY—SENTENCED TO FIFTEEN (15) YEARS CONFINEMENT IN
THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION WITH CREDIT FOR TIME SERVED;
STATE TO DISMISS HARRISON COUNTY CAUSE #02-0077X.; RESPONSIBLE FOR COURT COST, AND COURT
APPOINTED ATTORNEYS FEES SHOULD DEFENDANT MAKE AN EARLY RELEASE.

DATE TO COMMENCE: JUNE 18, 2003                    TIME CREDITED: 11/26/01 TO PRESENT

CONCURRENT UNLESS OTHERWISE SPECIFIED.

OTHER:

On the 18th day of JUNE, 2003,  the above referenced cause was called for trial, the parties appeared as follows: the
State appeared by its Attorney, **ROBERT COLE**, and the defendant, **MARK WAYNE RAY,** appeared in person with his
**COURT APPOINTED** Attorney **RICK HURLBURT**.  Both parties announced ready for trial, and the defendant waived his
right to a jury trial, entered his plea of **GUILTY** to the offense of **KIDNAPPING**.  After the reading of the Indictment was
waived and evidence for the State and the defendant was submitted and concluded, the Court made the following findings:
Defendant is guilty as charged in the Indictment.

**Ex. 72 - Page 817**

Thereupon, the said Defendant having previously requested that the Court assess the proper punishment, and upon hearing all of the evidence submitted by and on behalf of the State and the Defendant, the Court is of the opinion and finds the proper punishment of the Defendant should be: GUILTY---SENTENCED TO FIFTEEN (15) YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION WITH CREDIT FOR TIME SERVED; STATE TO DISMISS HARRISON COUNTY CAUSE #02-0077X.; RESPONSIBLE FOR COURT COST, AND COURT APPOINTED ATTORNEYS FEES SHOULD DEFENDANT MAKE AN EARLY RELEASE.

It is therefore, considered, adjudged and ordered by the Court that the Defendant, MARK WAYNE RAY, is guilty of the offense of KIDNAPPING and that he be punished by, GUILTY---SENTENCED TO FIFTEEN (15) YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION WITH CREDIT FOR TIME SERVED; STATE TO DISMISS HARRISON COUNTY CAUSE #02-0077X.; RESPONSIBLE FOR COURT COST, AND COURT APPOINTED ATTORNEYS FEES SHOULD DEFENDANT MAKE AN EARLY RELEASE, and that such punishment be carried into execution in the manner prescribed by law.

NOTICE OF APPEAL



AUTHENTIPRINT

**RIGHT THUMBPRINT**

_____
PRESIDING JUDGE

_____6/18/03_____
DATE SIGNED

**Ex. 72 - Page 818**

Exhibit 73



**FELONY DIVISION**
200 West Wall, Suite 201
Phone (915) 688-1041
Fax (915) 688-1049

**MISDEMEANOR DIVISION**
200 West Wall, Suite 007
Phone (915) 688-1084
Fax (915) 682-8004

**AL SCHORRE**
**DISTRICT ATTORNEY**

**CRIMINAL INVESTIGATION DIVISION**
214 West Texas, Suite 815
Phone (915) 688-8960
Fax (915) 688-8950

**HOT CHECK DIVISION**
200 West Wall, Suite 010
Phone (915) 688-1093
Fax (915) 688-1815

Midland County Courthouse • Midland, Texas 79701

September 20, 2002

FILED
2002 SEP 23 AM 11: 20
VIVIAN WOOD DISTRICT CLERK
MIDLAND COUNTY, TEXAS
BY _____ DEPUTY

Mr. Paul Williams
Attorney at Law
200 North Loraine, Suite 1125
Midland, Texas 79701

RE:  STATE OF TEXAS VS. YOUNG
     *CR 2781*
Dear Mr. Williams:

I have received a copy of your correspondence to the various law enforcement agencies dated September 18, 2002.

Please be advised that this office will be responsible for providing any Brady material that might develop.  We will also make arrangements for you to look at evidence once testing has been completed at some future date.

Sincerely,

AL W. SCHORRE
District Attorney

Cy:  Marion County Sheriff's Department
P. O. Box 547
Jefferson, Texas 75657

Eastland Police Department
P. O. Box 749
Eastland, Texas 76448

**Ex. 73 - Page 819**



**FELONY DIVISION**
200 West Wall, Suite 201
Phone (915) 688-1041
Fax (915) 688-1049

**MISDEMEANOR DIVISION**
200 West Wall, Suite 007
Phone (915) 688-1084
Fax (915) 688-8004

**AL SCHORRE**
DISTRICT ATTORNEY

**CRIMINAL INVESTIGATION DIVISION**
214 West Texas, Suite 815
Phone (915) 688-8980
Fax (915) 688-8950

**HOT CHECK DIVISION**
200 West Wall, Suite 010
Phone (915) 688-1093
Fax (915) 688-1815

Midland County Courthouse • Midland, Texas 79701

September 20, 2002

*FILED 2002 SEP 23 AM 11:20 VIVIAN WEDE, DISTRICT CLERK MIDLAND COUNTY, TEXAS BY _____ DEPUTY*

Mr. Paul Williams
Attorney at Law
200 North Loraine, Suite 1125
Midland, Texas 79701

RE:  STATE OF TEXAS VS. YOUNG
CR 2781

Dear Mr. Williams:

I have received a copy of your correspondence to the various law enforcement agencies dated September 18, 2002.

Please be advised that this office will be responsible for providing any Brady material that might develop. We will also make arrangements for you to look at evidence once testing has been completed at some future date.

Sincerely,

AL W. SCHORRE
District Attorney

Cy:  Marion County Sheriff's Department
P. O. Box 547
Jefferson, Texas 75657

Eastland Police Department
P. O. Box 749
Eastland, Texas 76448

**Ex. 73 - Page 820**

# KIRK & WILLIAMS

*Attorneys at Law*
*200 North Loraine, Suite 1125*
*Midland, Texas 79701*
*915-687-5035*
*Carol Kirk*                   *915-687-6664 (Fax)*                   *Paul Williams*

September 18, 2002

Al Schorre, District Attorney
Midland County Courthouse
200 West Wall, Second Floor
Midland, Texas 79701

  Re: Young 132

Dear Al:

 I have been appointed by the Judge of the 238th Judicial District Court for Midland County, Texas to represent Clinton Young in Cause No. CR-27,181 concerning incidents alleged to have occurred in November of 2001. I have been informed that your agency assisted in the investigation of the allegations against my client. Accordingly, I would appreciate it if, within fifteen days from the date of this letter, you would forward to me a copy of the following:

1. Any and all evidence which may be favorable to the accused. *Brady v. Maryland*, 373 U.S. 83 (1963);

2. Any evidence that may be used as impeachment evidence against any witness that may give evidence against the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *Thomas v. State*, 841 S.W.2d 339 (Tex.Cr.App. 1992); *Giglio v. United States*, 405 U.S. 150 (1972).

3. Any evidence that may be of material important to the defense. *Crutcher v. State*, 481 S.W.2d 113 (Tex.Cr.App. 1972).

 This request is made pursuant to *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Should you have a question as to whether the evidence that your agency possesses is within the above descriptions, please call me immediately so that arrangements can be made for an in camera review and determination by the trial court judge. In the case of such a review, a complete copy of the evidence provided will remain in the record for possible appellate review.

# KIRK & WILLIAMS

*Attorneys at Law*
*200 North Loraine, Suite 1125*
*Midland, Texas 79701*
*915-687-5035*

*Carol Kirk*                                    *915-687-6664 (Fax)*                                    *Paul Williams*

September 18, 2002

Midland County Sheriff's Department
Attention: Sheriff Gary Painter
P.O. Box 11287
Midland, Texas 79702

FILED
02 SEP 20 AM 11: 01

    Re:   Young 132B

Dear Sheriff Painter:

    I have been appointed by the Judge of the 238th Judicial District Court for Midland County, Texas to represent Clinton Young in Cause No. CR-27,181 concerning incidents alleged to have occurred in November of 2001. I have been informed that your agency assisted in the investigation of the allegations against my client. Accordingly, I would appreciate it if, within fifteen days from the date of this letter, you would forward to me a copy of the following:

    1.    Any and all evidence which may be favorable to the accused. *Brady v. Maryland*, 373 U.S. 83 (1963);

    2.    Any evidence that may be used as impeachment evidence against any witness that may give evidence against the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *Thomas v. State*, 841 S.W.2d 339 (Tex.Cr.App. 1992); *Giglio v. United States*, 405 U.S. 150 (1972).

    3.    Any evidence that may be of material important to the defense. *Crutcher v. State*, 481 S.W.2d 113 (Tex.Cr.App. 1972).

    This request is made pursuant to *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Should you have a question as to whether the evidence that your agency possesses is within the above descriptions, please call me immediately so that arrangements can be made for an in camera review and determination by the trial court judge. In the case of such a review, a complete copy of the evidence provided will remain in the record for possible appellate review.

Sheriff Gary Painter
September 18, 2002
Page 2


I should like to arrange a time to view any physical evidence collected by your department during its investigation of the charges against my client. I will call your office to make arrangements to view the evidence.

Thanking you in advance for your anticipated cooperation, I remain

Very truly yours,

Paul K. Williams

PKW:npb

cc:   Mrs. Vivian Wood, District Clerk
      Midland County Courthouse
      200 West Wall, Fourth Floor
      Midland, Texas 79701

cc:   Mr. Al Schorre, District Attorney
      Midland County Courthouse
      200 West Wall, Second Floor
      Midland, Texas 79701

**Ex. 73 - Page 823**

# KIRK & WILLIAMS

*Attorneys at Law*
*200 North Loraine, Suite 1125*
*Midland, Texas 79701*
*915-687-5035*
*915-687-6664 (Fax)*

*Carol Kirk*                                                              *Paul Williams*

September 18, 2002

Texas Rangers
Texas Department of Public Safety
2405 South Loop 250 West
Midland, Texas 79703

       Re:   Young 132C

Gentlemen:

       I have been appointed by the Judge of the 238th Judicial District Court for Midland County, Texas to represent Clinton Young in Cause No. CR-27,181 concerning incidents alleged to have occurred in November of 2001. I have been informed that your agency assisted in the investigation of the allegations against my client. Accordingly, I would appreciate it if, within fifteen days from the date of this letter, you would forward to me a copy of the following:

       1.     Any and all evidence which may be favorable to the accused. *Brady v. Maryland*, 373 U.S. 83 (1963);

       2.     Any evidence that may be used as impeachment evidence against any witness that may give evidence against the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *Thomas v. State*, 841 S.W.2d 339 (Tex.Cr.App. 1992); *Giglio v. United States*, 405 U.S. 150 (1972).

       3.     Any evidence that may be of material important to the defense. *Crutcher v. State*, 481 S.W.2d 113 (Tex.Cr.App. 1972).

       This request is made pursuant to *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Should you have a question as to whether the evidence that your agency possesses is within the above descriptions, please call me immediately so that arrangements can be made for an in camera review and determination by the trial court judge. In the case of such a review, a complete copy of the evidence provided will remain in the record for possible appellate review.

Texas Rangers
September 18, 2002
Page 2


I should like to arrange a time to view any physical evidence collected by your department during its investigation of the charges against my client.  I will call your office to make arrangements to view the evidence.

Thanking you in advance for your anticipated cooperation, I remain

Very truly yours,

Paul K. Williams

PKW:npb

cc:    Mrs. Vivian Wood, District Clerk
       Midland County Courthouse
       200 West Wall, Fourth Floor
       Midland, Texas 79701

cc:    Mr. Al Schorre, District Attorney
       Midland County Courthouse
       200 West Wall, Second Floor
       Midland, Texas 79701

# KIRK & WILLIAMS

*Attorneys at Law*
*200 North Loraine, Suite 1125*
*Midland, Texas 79701*
*915-687-5035*
*Carol Kirk*                    *915-687-6664 (Fax)*                    *Paul Williams*

September 18, 2002

Longview Police Department
Attention: Sgt. Don Jeter and Detective Jim Nelson
302 West Cotton Street
P.O. Box 1952
Longview, Texas 75606

     Re:   Young 132G

Dear Sgt. Jeter and Detective Nelson:

     I have been appointed by the Judge of the 238th Judicial District Court for Midland County, Texas to represent Clinton Young in Cause No. CR-27,181 concerning incidents alleged to have occurred in November of 2001. I have been informed that your agency assisted in the investigation of the allegations against my client. Accordingly, I would appreciate it if, within fifteen days from the date of this letter, you would forward to me a copy of the following:

    1.     Any and all evidence which may be favorable to the accused. *Brady v. Maryland*, 373 U.S. 83 (1963);

    2.     Any evidence that may be used as impeachment evidence against any witness that may give evidence against the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *Thomas v. State*, 841 S.W.2d 339 (Tex.Cr.App. 1992); *Giglio v. United States*, 405 U.S. 150 (1972).

    3.     Any evidence that may be of material important to the defense. *Crutcher v. State*, 481 S.W.2d 113 (Tex.Cr.App. 1972).

     This request is made pursuant to *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Should you have a question as to whether the evidence that your agency possesses is within the above descriptions, please call me immediately so that arrangements can be made for an in camera review and determination by the trial court judge. In the case of such a review, a complete copy of the evidence provided will remain in the record for possible appellate review.

FILED  02 SEP 20  AM 10: 59

Longview Police Department
September 18, 2002
Page 2


I should like to arrange a time to view any physical evidence collected by your department during its investigation of the charges against my client. I will call your office to make arrangements to view the evidence.

Thanking you in advance for your anticipated cooperation, I remain

Very truly yours,

Paul K. Williams

PKW:npb

cc:    Mrs. Vivian Wood, District Clerk
       Midland County Courthouse
       200 West Wall, Fourth Floor
       Midland, Texas 79701

cc:    Mr. Al Schorre, District Attorney
       Midland County Courthouse
       200 West Wall, Second Floor
       Midland, Texas 79701

# KIRK & WILLIAMS
### Attorneys at Law
**200 North Loraine, Suite 1125**
**Midland, Texas 79701**
**915-687-5035**
**915-687-6664 (Fax)**

*Carol Kirk*

*Paul Williams*

September 18, 2002

Richard Berry, Jr., District Attorney
Harrison County Courthouse
P.O. Box 776
Marshall, Texas 75671

     Re:   Young 132I

Dear Mr. Berry:

     I have been appointed by the Judge of the 238th Judicial District Court for Midland County, Texas to represent Clinton Young in Cause No. CR-27,181 concerning incidents alleged to have occurred in November of 2001. I have been informed that your agency assisted in the investigation of the allegations against my client. Accordingly, I would appreciate it if, within fifteen days from the date of this letter, you would forward to me a copy of the following:

1.    Any and all evidence which may be favorable to the accused. *Brady v. Maryland*, 373 U.S. 83 (1963);

2.    Any evidence that may be used as impeachment evidence against any witness that may give evidence against the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *Thomas v. State*, 841 S.W.2d 339 (Tex.Cr.App. 1992); *Giglio v. United States*, 405 U.S. 150 (1972).

3.    Any evidence that may be of material important to the defense. *Crutcher v. State*, 481 S.W.2d 113 (Tex.Cr.App. 1972).

     This request is made pursuant to *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Should you have a question as to whether the evidence that your agency possesses is within the above descriptions, please call me immediately so that arrangements can be made for an in camera review and determination by the trial court judge. In the case of such a review, a complete copy of the evidence provided will remain in the record for possible appellate review.

Mr. Richard Berry, Jr.
September 18, 2002
Page 2


I should like to arrange a time to view any physical evidence collected by your department during its investigation of the charges against my client. I will call your office to make arrangements to view the evidence.

Thanking you in advance for your anticipated cooperation, I remain

Very truly yours,

Paul K. Williams

PKW:npb

cc:   Mrs. Vivian Wood, District Clerk
      Midland County Courthouse
      200 West Wall, Fourth Floor
      Midland, Texas 79701

cc:   Mr. Al Schorre, District Attorney
      Midland County Courthouse
      200 West Wall, Second Floor
      Midland, Texas 79701

1

## KIRK & WILLIAMS
*Attorneys at Law*
*200 North Loraine, Suite 1125*
*Midland, Texas 79701*
*915-687-5035*
915-687-6664 (Fax)

*Carol Kirk*                                                             *Paul Williams*

September 18, 2002

Texas Department of Public Safety
Attention:  Laboratory
P.O. Box 420
Lubbock, Texas 79408-0420

  Re: Young 132J

Dear Gentlemen:

  I have been appointed by the Judge of the 238th Judicial District Court for Midland County, Texas to represent Clinton Young in Cause No. CR-27,181 concerning incidents alleged to have occurred in November of 2001.  I have been informed that your agency assisted in the investigation of the allegations against my client.  Accordingly, I would appreciate it if, within fifteen days from the date of this letter, you would forward to me a copy of the following:

  1. Any and all evidence which may be favorable to the accused.  *Brady v. Maryland*, 373 U.S. 83 (1963);

  2. Any evidence that may be used as impeachment evidence against any witness that may give evidence against the accused.  *United States v. Bagley*, 473 U.S. 667 (1985); *Thomas v. State*, 841 S.W.2d 339 (Tex.Cr.App. 1992); *Giglio v. United States*, 405 U.S. 150 (1972).

  3. Any evidence that may be of material important to the defense.  *Crutcher v. State*, 481 S.W.2d 113 (Tex.Cr.App. 1972).

  This request is made pursuant to *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).  Should you have a question as to whether the evidence that your agency possesses is within the above descriptions, please call me immediately so that arrangements can be made for an in camera review and determination by the trial court judge.  In the case of such a review, a complete copy of the evidence provided will remain in the record for possible appellate review.

Texas Department of Public Safety
September 18, 2002
Page 2


I should like to arrange a time to view any physical evidence collected by your department during its investigation of the charges against my client.  I will call your office to make arrangements to view the evidence.

Thanking you in advance for your anticipated cooperation, I remain

Very truly yours,

Paul K. Williams

PKW:npb

cc:   Mrs. Vivian Wood, District Clerk
      Midland County Courthouse
      200 West Wall, Fourth Floor
      Midland, Texas 79701

cc:   Mr. Al Schorre, District Attorney
      Midland County Courthouse
      200 West Wall, Second Floor
      Midland, Texas 79701

**Ex. 73 - Page 831**

# KIRK & WILLIAMS

*Attorneys at Law*
*200 North Loraine, Suite 1125*
*Midland, Texas 79701*
*915-687-5035*
*915-687-6664 (Fax)*

*Carol Kirk*

*Paul Williams*

September 18, 2002

Marshall Police Department
303 West Burleson
Marshall, Texas 75670

    Re:   Young 132L

Dear Gentlemen:

    I have been appointed by the Judge of the 238th Judicial District Court for Midland County, Texas to represent Clinton Young in Cause No. CR-27,181 concerning incidents alleged to have occurred in November of 2001. I have been informed that your agency assisted in the investigation of the allegations against my client. Accordingly, I would appreciate it if, within fifteen days from the date of this letter, you would forward to me a copy of the following:

    1.    Any and all evidence which may be favorable to the accused. *Brady v. Maryland*, 373 U.S. 83 (1963);

    2.    Any evidence that may be used as impeachment evidence against any witness that may give evidence against the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *Thomas v. State*, 841 S.W.2d 339 (Tex.Cr.App. 1992); *Giglio v. United States*, 405 U.S. 150 (1972).

    3.    Any evidence that may be of material important to the defense. *Crutcher v. State*, 481 S.W.2d 113 (Tex.Cr.App. 1972).

    This request is made pursuant to *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Should you have a question as to whether the evidence that your agency possesses is within the above descriptions, please call me immediately so that arrangements can be made for an in camera review and determination by the trial court judge. In the case of such a review, a complete copy of the evidence provided will remain in the record for possible appellate review.

Marshall Police Department
September 18, 2002
Page 2


I should like to arrange a time to view any physical evidence collected by your department during its investigation of the charges against my client. I will call your office to make arrangements to view the evidence.

Thanking you in advance for your anticipated cooperation, I remain

Very truly yours,

Paul K. Williams

PKW:npb

cc:   Mrs. Vivian Wood, District Clerk
      Midland County Courthouse
      200 West Wall, Fourth Floor
      Midland, Texas 79701

cc:   Mr. Al Schorre, District Attorney
      Midland County Courthouse
      200 West Wall, Second Floor
      Midland, Texas 79701

# KIRK & WILLIAMS

*Attorneys at Law*
*200 North Loraine, Suite 1125*
*Midland, Texas 79701*
*915-687-5035*
*915-687-6664 (Fax)*

*Carol Kirk*                                                                                    *Paul Williams*

September 18, 2002

Eastland County Sheriff's Department
201 West White Street
Eastland, Texas 76449

    Re:   Young 132M

Dear Gentlemen:

    I have been appointed by the Judge of the 238th Judicial District Court for Midland County, Texas to represent Clinton Young in Cause No. CR-27,181 concerning incidents alleged to have occurred in November of 2001. I have been informed that your agency assisted in the investigation of the allegations against my client. Accordingly, I would appreciate it if, within fifteen days from the date of this letter, you would forward to me a copy of the following:

    1.    Any and all evidence which may be favorable to the accused. *Brady v. Maryland*, 373 U.S. 83 (1963);

    2.    Any evidence that may be used as impeachment evidence against any witness that may give evidence against the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *Thomas v. State*, 841 S.W.2d 339 (Tex.Cr.App. 1992); *Giglio v. United States*, 405 U.S. 150 (1972).

    3.    Any evidence that may be of material important to the defense. *Crutcher v. State*, 481 S.W.2d 113 (Tex.Cr.App. 1972).

    This request is made pursuant to *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Should you have a question as to whether the evidence that your agency possesses is within the above descriptions, please call me immediately so that arrangements can be made for an in camera review and determination by the trial court judge. In the case of such a review, a complete copy of the evidence provided will remain in the record for possible appellate review.

Eastland County Sheriff's Department
September 18, 2002
Page 2


I should like to arrange a time to view any physical evidence collected by your department during its investigation of the charges against my client. I will call your office to make arrangements to view the evidence.

Thanking you in advance for your anticipated cooperation, I remain

Very truly yours,

Paul K. Williams

PKW:npb

cc:   Mrs. Vivian Wood, District Clerk
      Midland County Courthouse
      200 West Wall, Fourth Floor
      Midland, Texas 79701

cc:   Mr. Al Schorre, District Attorney
      Midland County Courthouse
      200 West Wall, Second Floor
      Midland, Texas 79701

Ex. 73 - Page 835