FILED

FEB 25 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **CLINTON LEE YOUNG,** | § | |
| **TDCJ No. 999447,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| **V.** | § | **CIVIL NO. MO-07-CA-002-RAJ** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal** | § | |
| **Justice,** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| | § | |
| Respondent. | § | |

**ORDER GRANTING STAY**

The matters before the Court are (1) petitioner's motion to stay proceedings and hold this case in abeyance, filed October 20, 2008, docket entry no. 52, and (2) the status of this cause.

Background

On March 27, 2003, a Midland County jury convicted petitioner Clinton Lee Young of capital murder in connection with (1) the fatal shootings of Doyle Douglas and Sam Petrey during different criminal transactions but pursuant to the same scheme and course of conduct and (2) the fatal shooting of Petrey during the course of committing the offenses of kidnapping and robbery. On April 11, 2003, the same jury returned its verdict at the punishment phase of petitioner's trial and the state trial court imposed a sentence of death. The Texas Court of Criminal Appeals affirmed petitioner's conviction and sentence in an unpublished opinion. *Young v. State*, 2005 WL 2374669 (Tex. Crim. App. September 28, 2005). The same state appellate court subsequently denied

petitioner's applications for state habeas corpus relief in an unpublished order. *Ex parte Young*, 2006 WL 3735395, WR-65,137-01 & WR-65,137-02 (Tex. Crim. App. December 20, 2006).[1]

On October 20, 2008, petitioner filed his voluminous amended petition for federal habeas corpus relief, docket entry no. 51, in which he presents twenty-five claims for relief, many of which present multiple factual and legal theories.

Motion for Stay

Three of the claims contained in petitioner's amended federal habeas corpus petition have never been fairly presented to any state court. Petitioner requests a stay of proceedings in this cause to permit him to return to state court and exhaust available state remedies on these claims. Among petitioner's currently unexhausted claims are allegations that (1) prosecution witnesses David Page and Mark Ray reached agreements with prosecutors prior to petitioner's trial in which these two witnesses agreed to testify against petitioner in exchange for reductions in the charges then-pending against them, (2) both the responsible prosecutors, as well as Page's and Ray's attorneys conspired to conceal the existence of these agreements from petitioner and his trial counsel, and (3) Page and Ray thereafter testified falsely during petitioner's trial that they had not made any plea bargains or other agreements with prosecutors in exchange for their trial testimony against petitioner. Petitioner also alleges that another prosecution witness testified falsely regarding conditions in Texas prisons and that prosecutors suppressed evidence concerning the actual operating procedures within the Texas prison system which could have been employed to impeach this witness.

---

[1] The Texas Court of Criminal Appeals rejected petitioner's first fourteen claims for relief contained in petitioner's initial state habeas corpus application on the merits following a hearing held in the state habeas trial court and dismissed all of petitioner's remaining claims, both those raised in a pro se pleading as well as those untimely filed by petitioner's state habeas counsel, pursuant to the Texas writ abuse statute, i.e., Tex. Code Crim. Proc., art. 11.071 §5.

Analysis

Petitioner has presented respondent and this Court with new evidence suggesting petitioner's claims that a violation of petitioner's federal constitutional rights under the Supreme Court's holdings in *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963), *Giglio v. United States*, 405 U.S. 150, 153-54, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972), and *Napue v. Illinois*, 360 U.S. 264, 269-70, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959), occurred in connection with petitioner's capital murder trial. Petitioner has presented this Court with a sworn declaration of Mark Ray, in which Ray states that he and his own defense counsel entered into an oral plea bargain with prosecutors prior to petitioner's trial which was not reduced to writing until after petitioner's trial. Amended Petition, Exhibit 117, Declaration of Mark Wayne Ray, ¶¶11-14. Ray states the reason the plea bargain was not reduced to writing until after petitioner's trial was to conceal the existence of the plea bargain from the public until after Ray had testified at petitioner's trial. *Id.*

Few constitutional principles are more firmly established by Supreme Court precedent than the rule "'the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Banks v. Dretke*, 540 U.S. 668, 691, 124 S.Ct. 1256, 1272, 157 L.Ed.2d 1166 (2004) (*quoting Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963)); *Strickler v. Greene*, 527 U.S. 263, 280, 119 S.Ct. 1936, 1948, 144 L.Ed.2d 286 (1999) (*quoting Brady*); *Kyles v. Whitley*, 514 U.S. 419, 432, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490 (1995) (*quoting Brady*). The Supreme Court has also held that the prosecution's duty to disclose evidence material to either guilt or punishment, i.e., the rule announced more than forty

years ago in *Brady v. Maryland*, applies even when there has been no request by the accused. *Strickler v. Greene*, 527 U.S. at 280, 119 S.Ct. at 1948; *Kyles v. Whitley*, 514 U.S. at 433, 115 S.Ct. at 1565; *United States v. Agurs*, 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976). The duty also applies to impeachment evidence. *Banks v. Dretke*, 540 U.S. at 691, 124 S.Ct. 1272; *Strickler v. Greene*, 527 U.S. at 280, 119 S.Ct. at 1948; *Kyles v. Whitley*, 514 U.S. at 433-34, 115 S.Ct. at 1565-66; *United States v. Bagley*, 473 U.S. 667, 676 & 685, 105 S.Ct. 3375, 3380 & 3385, 87 L.Ed.2d 481 (1985). Moreover, the rule encompasses evidence known only to police investigators and not to the prosecutor. *Strickler v. Greene*, 527 U.S. at 280-81, 119 S.Ct. at 1948; *Kyles v. Whitley*, 514 U.S. at 437-38, 115 S.Ct. at 1567-68. "In order to comply with *Brady*, therefore, 'the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police.'" *Strickler v. Greene*, 527 U.S. at 281, 119 S.Ct. at 1948 (*quoting Kyles v. Whitley*, 514 U.S. at 437, 115 S.Ct. at 1567).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[2] radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. Section 2254. Under the AEDPA, this Court is statutorily prohibited from granting federal habeas relief on an unexhausted claim unless the respondent expressly waives the exhaustion requirement. 28 U.S.C. §2254(b). The Supreme Court has expressly authorized federal District Courts to stay and hold federal habeas corpus actions in abeyance pending a petitioner's return to state court to exhaust available state remedies on otherwise unexhausted claims for relief. *See Rhines v. Weber* 544 U.S. 269, 276-77, 125 S.Ct. 1528, 1534-35, 161 L.Ed.2d 440 (2005)(holding district courts have the authority to issue stays in federal habeas corpus proceedings

---

[2] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

to permit petitioners to return to state courts to exhaust state remedies when (1) there is good cause for the petitioner's failure to exhaust state remedies and (2) the unexhausted claims are not plainly meritless). Based on the lack of information now before this Court regarding the circumstances under which petitioner's current counsel obtained Ray's sworn declaration, petitioner's unexhausted *Brady* claim does not appear to be "plainly meritless" or to have been readily available to petitioner at the time petitioner previously pursued state habeas corpus relief. This Court believes the interests of justice warrant a brief suspension of all activity in this cause so as to permit petitioner an opportunity to return to state court and exhaust available remedies on his *Brady* claims.

Resolving petitioner's unexhausted *Brady* claims will likely require resolution of conflicting factual assertions regarding the credibility of Ray's sworn declaration. It is not within the province of this Court to make initial factual determinations on disputed evidentiary matters. *See Hernandez v. Johnson*, 108 F.3d 554, 558 & n.4 (5th Cir. 1997)(holding, under the AEDPA, the proper forum for the making of all factual determinations in habeas cases will shift to the state courts "where it belongs" and recognizing that the AEDPA clearly places the burden on the federal habeas petitioner "to raise and litigate as fully as possible his potential federal claims in state court"), *cert. denied*, 522 U.S. 984 (1997); 28 U.S.C. § 2254(e)(1). Likewise, if the information contained in Ray's sworn declaration was readily available to petitioner at the time petitioner previously sought state habeas corpus relief (another factual determination best resolved in the state courts), petitioner may face potential problems under the Texas writ-abuse statute. Petitioner admits he has yet to exhaust potentially available state habeas remedies on this newly discovered *Brady* claim. Resolving petitioner's *Brady* claims on either state procedural or federal constitutional grounds will likely require the resolution of factual questions. For the reasons set forth above, petitioner's motion

requesting a stay of proceedings to permit petitioner to return to state court to exhaust his new *Brady* claim appears to be a reasonable request.

This Court lacks the authority to direct petitioner's federal habeas counsel to represent petitioner in any successive state habeas proceeding filed by petitioner. *Sterling v. Scott*, 57 F.3d 451, 454-58 (5th Cir. 1995), *cert. denied*, 516 U.S. 1050 (1996). Furthermore, in this Circuit, a state court's refusal to appoint counsel for a state prisoner seeking state habeas relief does not excuse that same prisoner's failure to exhaust available state habeas remedies. *Tucker v. Scott*, 66 F.3d 1418, 1419 (5th Cir. 1995). Nothing prohibits petitioner's current federal habeas counsel from assisting on a *pro bono* basis with either (1) petitioner's efforts to exhaust available state remedies on petitioner's *Brady* claims or (2) petitioner's attempts to secure the assistance of state habeas counsel from the responsible state court or other sources.

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's motion to stay proceedings and hold case in abeyance, filed October 20, 2008, docket entry no. 52, is **GRANTED** as set forth hereinafter.

2. On or before thirty days from the date of this Order, petitioner shall file his successive state habeas corpus application, motion for appointment of counsel, and any other pleadings or motions necessary to initiate his efforts to seek state habeas review of petitioner's currently unexhausted *Brady* and *Giglio/Napue* claims. Petitioner shall present the state habeas court with all the factual allegations, evidentiary support therefor, and legal arguments supporting his *Brady* and *Giglio/Napue* claims that petitioner has presented to this Court.

3. Petitioner's current federal habeas corpus counsel is directed to monitor petitioner's state habeas corpus proceeding and to advise this Court in writing immediately upon the Texas Court

of Criminal Appeals' rendition of a final decision on petitioner's soon-to-be-filed successive state habeas corpus application containing petitioner's *Brady* and ineffective assistance claims.

4. Petitioner's federal habeas counsel is directed to advise this Court immediately should the state habeas trial court fail to rule in a timely manner on petitioner's motion requesting appointment of counsel to assist petitioner with the presentation of petitioner's currently unexhausted *Brady* and *Giglio/Napue* claims.

5. Pending further Order of this Court, all other proceedings in this cause shall be **STAYED** and held in **ABEYANCE**.

6. All currently pending motions and deadlines are dismissed without prejudice to their being re-urged after the period of abeyance established by this Order is terminated.

7. Upon receipt from petitioner's federal habeas counsel of the advisory described in numbered paragraph 3 above, this Court will issue a new Scheduling Order setting forth the deadlines for the completion of the remaining proceedings in this cause.

**IT is so ORDERED.**

**SIGNED and ENTERED this 25 day of February, 2009 at Midland, Texas.**

**ROBERT A. JUNELL**
**United States District Judge**